Raymond Justo Kitilya
FULL NAME

Related
DDS

COMMITTED NAME (if different)

P.O. BOX 5005
FULL ADDRESS INCLUDING NAME OF INSTITUTION

Delano, CA 93216

BV1639
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

JAN 22 2025

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Raymond Justo Kitilya

CASE NUMBER

PLAINTIFF.

CV25-624-CAS(DFM)

v.

Claremont Police Department-et-al

DEFENDANT(S).

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2. If your answer to "1." is yes. how many? *Not Available*

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

I have Filed multiple amount of law suits Regardin the issues present within this complaint and more. I have been Intercepted with maile services on account of more then one (1) x (time) For unknown purposes by staff at other instituion. I have also Requested Info Regarding a large amount of law violations commeted (commited) by california Department of corrections and Rehibilitations (C.D.C.R) staff such as C.O's. Besides the charges of civil rights violations Filed against the arresting agency's and california superior court's For the act and violation of the Bill of Rights, 11th and 14th amendments of the united states constitution I have also Filed multiple administrative complaints against Tascadera state hospital located in san luis obispo california and california state prisons who both Refused to serve me a copy of my inmate File's the numbers AL7956 and BV1639 werent given.

a.  Parties to this previous lawsuit:

Plaintiff _Raymond Justo Kitilya_

Defendants _California Deptartment of corrections and Rehibili-tations_

b.  Court _Solano county_

c.  Docket or case number _see attatched legal work labeld (Lable'd) Solano county_

d.  Name of judge to whom case was assigned _Not known (paper work seized by cdcr)_

e.  Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f.  Issues raised: _Not Raises (no raises)_

g.  Approximate date of filing lawsuit: _see attatchments to this complaint_

h.  Approximate date of disposition _see attatchments to this complaint_

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☑Yes   ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☑Yes   ☐ No

If your answer is no, explain why not _____

3.  Is the grievance procedure completed?  ☑Yes   ☐ No

If your answer is no, explain why not _Denied, I Requested copy's and have not Received them C.D.C.R is violating Bill of Rights see penal code 841.5 of california penal codes._

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _Raymond Justo Kitilya_
(print plaintiff's name)

who presently resides at _California Department of corrections and Rehibilitations._
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution city where violation occurred)

on (date or dates) 9-14-2022 (Claim I)   4-18-2023 (Claim II)   not available see attachments (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant Claremont police department (full name of first defendant) resides or works at Claremont california (full address of first defendant) City police department for california, united states (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
arrest violation for the Booking Number (#) of 6527647, that I was prosecuted with on 4-18-2023

2. Defendant West covina police department (full name of first defendant) resides or works at West covina california (full address of first defendant) City police department (government agency) (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
Unlawfull arrest (arrest) and False police Report on the date of 9-14-2022,

3. Defendant United States district court central, ca (full name of first defendant) resides or works at Los angeles california (full address of first defendant) United states district court central District of california (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
on multiple times this court violated the 4th, 5th, 6th, 9th and 14th amendment due to bieng prejudice to the u.s constitution, civil Rights act, action For neglect to prevent was violated by this court on every complaint I have Filed and has also violated penal code 841.5 of the california penal codes, see attatchments

4.  Defendant ~~Raymond Justo Kitilya~~ *united states district court of appeals* resides or works at
    (full name of first defendant)

~~california department of corrections and rehabilitations~~
(full address of first defendant)

*united states district court of appeals*
(defendant's position and title, if any)

The defendant is sued in his her (Check one or both):  ☐ individual    ☑ official capacity.

Explain how this defendant was acting under color of law:

on multiple counts this court violated the Bill of Rights and 14th amendment due to denying my cases and contradicting the mandates decisions," contradicting the depositions

5.  Defendant _____ united states supreme court _____ resides or works at
    (full name of first defendant)

united states of america washington D.C
(full address of first defendant)

united states supreme court
(defendant's position and title, if any)

The defendant is sued in his her (Check one or both):  ☐ individual    ☑ official capacity.

Explain how this defendant was acting under color of law:

Failing to properly File my petitions within the time constraints to do so and Failing to File a serviced petition regarding all the matters present in this (this) complaint and previous Filed petitions, "see Raymond Justo Kitilya -v- montclaire police department et al, and also see Raymond Justo kitilya -v- California supericort west covina et al, both cases included all defendents from previous Fillings that were unlawfully denied by united states district court central district of california and california appeals court (united states district court of appeals). see I have attatched the depositions and unlawfully denied mandates to this complaint. I do not have all the violation dates due to staff not Fully Recovering and service'ng me with all my evidence regarded legal matters related to my False imprisonments and False charges of vandalism by city police officers who unlawfully arrested me in the city of montclaire California For an unlawfull charge of vandalism (unlawfull charge of vandalism).

## D. CLAIMS*

### CLAIM 1

The following civil right has been violated:

The defendents of this (this) case completly violated my rights due to bieng prejudce to the 2nd, 4th, 5th, 6th, 8th, 9th, and 14th amendments of the united states constitution as a civilian and as an Inmate who is illegally confined by the california department of corrections and Rehibilitations (C.D.C.R), california state prison. the Following defendents, Tascadero state hospital, california superior court west covina, ca superior court Rancho-eucamonga, claremont police department, west covina police department, upland police department, montclaire police department, california superior court altembra of los angles county, and Los angeles county Jaile are Responsible For all the violations of the united states constitution displayed and mentioned above within this complaint Filed against the defendents in this complaint.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

All Facts are present within this complaint along with the Fact that I was prosecuted with the Booking Number of 6527861 by a male Judge of cocasion ethnic For False charges alledged by claremont police department but the stationary evidence display's I was prosecuted by a cocasion Female in department 11 at west covina court with the Booking number of 6451738 (6451738) placed in mens central Jaile at 5500 this is False Imprisont because I was prosecuted while placed in S.M.R which is a mental health placement within los angles county Jaile Twin Towers. Note I was never unlawfully prosecuted in dept 11 (departmont 11) by a Female Blond Haire cocasion with the Booking number of 6451738 ever only prosecuted unlawfully by a male cacasion with the Booking number of 6527861 while on suicid module Retain status For mental Health purposes.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

I the plaintiff, "Raymond Justo Kitilya" is seeking, "Requesting" one Hundred Billion dollars of monetary damages and injunction Relief so this act wont occurr againe against (against) me or anyone eles (else). I am also Requesting my possesion and use of Fire arms Rights and previlges validated againe (Reissued) due to the prosecution invalidating," Revoking my Right to use ore posses any Fire arm.

1-13-2025
_____
(Date)

_____
(Signature of Plaintiff)

*Defendents to this case*

**Raymond Justo Kitilya**

**D4-P4-110**

**P.O. Box 5005**

**Delano, CA 93216**

all the additional defendents to this case would include the
defendents to the previouse Filed petitions that were unlawfully denied,
see below.

Case#(2:13-cv-04738-CAS-DFM)(04738-CAS-DFM)C.R.C Norco

Case#(2:18-cv-02521-CAS-DFM) me-v-California mens Colony

Case#(2:18-cv-03620-CAS-DFM) me-v-US District court et al

Case#(2:18-cv-03661-CAS-DFM)me-v-pomona police Department et al

Case#(2:18-cv-03995-CAS-DFM)me-v-CMC

Case#(5:06-cv-01328-VBF-OP) et al; Filed 11-27-06

Case#(5:06-cv-00475-RGK-JTL)me-v-San Bern... et al

Case#(5:18-cv-00679-CAS-DFM)me-v-upland police... et al

Case#(5:19-cv-01761-CAS-DFM)me-v-WVDC et al

additional defendents in case Raymond-v-California superior court-
west covina.et.and Raymond Just Kitilya-v-montclair police department
et.al. see case KA131349 For info on the defendent west covina
court of california, and claremont police department Failed to submit
an arrest Report.

# PUBLIC DOCKET FOR

# United States Court of Appeals for the Ninth Circuit

Court of Appeals Docket #: 23-3385                          Docketed: 11/08/2023

Case Name: Kitilya v. California Superior Court West Covina, et al.          Status: Closed

Nature of Suit: 3550 Prisoner-Civil Rights

Appeal From: Los Angeles, Central California

Fee Status: Due

---

Case Type Information

1. Prisoner

2. Private

3. Civil Rights

---

Originating Court Information

District: : 2:23-cv-06171-CAS-DFM

Trial Judge: Christina A. Snyder, District Judge

| Date Order/Judgment | Date Order/Judgment EOD | Date NOA Filed | Date Rec'd COA |
|---|---|---|---|

---

Associated Cases

| Role (To) | Case Number (Connected To) | Connected To | Starting | Ending |
|---|---|---|---|---|
| Related | 23-3296 | Kitilya v. Montclair Police Department, et al. | 11/08/2023 | |

---

Party and Attorney Listing

| | |
|---|---|
| RAYMOND JUSTO KITILYA<br>BV-1639,<br>Plaintiff - Appellant | Raymond Justo Kitilya<br>[Pro Se]<br>North Kern State Prison - Facility D<br>P.O. Box 5005<br>Delano, CA 93216-0567 |

CALIFORNIA SUPERIOR COURT WEST COVINA
Defendant - Appellee


WEST COVINA POLICE DEPARTMENT
Defendant - Appellee


WALMART INC.
Defendant - Appellee

---

RAYMOND JUSTO KITILYA,

      Plaintiff - Appellant,

 v.

CALIFORNIA SUPERIOR COURT WEST COVINA; WEST COVINA POLICE DEPARTMENT; WALMART INC.,

      Defendants - Appellees.

---

| Docket | | | LEGEND:<br>(R) - Restricted Document<br>(L) - Locked Document |
|--------|--------|------|------|
| Date Filed | Entry # | | Public Docket Text |
| 11/08/2023 | 1 | | CASE OPENED. A copy of your notice of appeal / petition filed in 2:23-cv-06171-CAS-DFM has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit.<br>The U.S. Court of Appeals docket number 23-3385 has been assigned to this case. All communications with the court must indicate this Court of Appeals docket number. Please carefully review the docket to ensure the name(s) and contact information are correct. It is your responsibility to alert the court if your contact information changes.<br>Resources Available<br><br>For more information about case processing and to assist you in preparing your brief, please review the Case Opening Information (for attorneys and pro se litigants) and review the Appellate Practice Guide. Counsel should consider contacting the court's Appellate Mentoring Program for help with the brief and argument. [Entered: 11/08/2023 03:22 PM] |
| 11/08/2023 | 2 | | SCHEDULE NOTICE. Appeal Opening Brief (No Transcript Due) (Appellant) due 12/18/2023. All briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. Failure of the petitioner(s)/appellant(s) to comply with this briefing schedule will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1. [Entered: 11/08/2023 03:24 PM] |
| 11/29/2023 | 3 | | MOTION to Proceed In Forma Pauperis filed by Appellant Raymond Justo Kitilya. [Entered: 11/29/2023 02:23 PM] |
| 11/29/2023 | 4 | (L) | CJA FORM 23 FINANCIAL AFFIDAVIT filed by Appellant Raymond Justo Kitilya. |

| | | |
|---|---|---|
| 11/29/2023 | 5 | OPENING BRIEF submitted for filing by Appellant Raymond Justo Kitilya. [Entered: 11/29/2023 03:20 PM] |
| 11/29/2023 | 6 | CLERK ACTION: Opening Brief submitted at DE 5 by Appellant Raymond Justo Kitilya is filed. Original and 0 copies. (motion for IFP pending, briefing remains stayed) [Entered: 11/29/2023 03:22 PM] |
| 01/18/2024 | 7 | ORDER FILED. Kim McLane WARDLAW, Jacqueline H. NGUYEN The motion to proceed in forma pauperis (Docket Entry No. 3) is denied because appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and appellant has not alleged imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); Kitilya v. Salinas Valley State Prison, No. 4:18-cv-01900 (N.D. Cal. June 19, 2018) (dismissed for failure to state claim); Kitilya v. Prison Law Office, No. 4:18-cv-02034 (N.D. Cal. June 19, 2018) (dismissed for failure to state claim); Kitilya v. Salinas Valley State Prison, No. 4:18-cv-02590 (N.D. Cal. June 19, 2018) (dismissed for failure to state claim). Within 21 days after the date of this order, appellant must pay $505.00 to the district court as the docketing and filing fees for this appeal and file proof of payment with this court. Failure to pay the fees will result in the automatic dismissal of the appeal by the Clerk for failure to prosecute, regardless of further filings. See 9th Cir. R. 42-1. No motions for reconsideration, clarification, or modification of the denial of appellant's in forma pauperis status will be entertained. If the appeal is dismissed for failure to comply with this order, the court will not entertain any motion to reinstate the appeal that is not accompanied by proof of payment of the docketing and filing fees. Briefing is suspended. [Entered: 01/18/2024 11:33 AM] |
| 02/14/2024 | 8 | ORDER FILED. On January 18, 2024, this court ordered appellant, within 21 days, to pay the filing fees and file proof of payment with this court. The order warned appellant that failure to comply would result in the dismissal of the appeal. To date, appellant has not complied with the court's order. Accordingly, this appeal is dismissed for failure to prosecute. See 9th Cir. R. 42-1. This order served on the district court will, 21 days after the date of this order, act as the mandate of this court. [Entered: 02/14/2024 10:06 AM] |
| 03/11/2024 | 9 | CORRESPONDENCE filed by Appellant Raymond Justo Kitilya. [Entered: 03/11/2024 03:43 PM] |
| 03/13/2024 | 10 | DOCUMENT SENT. Sent Appellant a copy of the docket sheet and docket entry numbers 7 and 8 in response to the correspondence filed on 03/11/2024. [Entered: 03/13/2024 10:52 AM] |
| 04/16/2024 | 11 | REQUEST for Public Information filed by Appellant Raymond Justo Kitilya. [Entered: 04/16/2024 02:57 PM] |

## PUBLIC DOCKET FOR

# United States Court of Appeals for the Ninth Circuit

Court of Appeals Docket #: 23-3296

Docketed: 11/03/2023

Case Name: Kitilya v. Montclair Police Department, et al.

Status: Closed

Nature of Suit: 3550 Prisoner-Civil Rights

Appeal From: Riverside, Central California

Fee Status: Due in District Court

---

Case Type Information

1. Prisoner

2. Private

3. Civil Rights

---

Originating Court Information

District: : 5:23-cv-01638-CAS-DFM

Trial Judge: Christina A. Snyder, District Judge

Date Order/Judgment   Date Order/Judgment EOD   Date NOA Filed   Date Rec'd COA

---

Associated Cases

| Role (To) | Case Number (Connected To) | Connected To | Starting | Ending |
|-----------|---------------------------|--------------|----------|--------|
| Related | 23-3385 | Kitilya v. California Superior Court West Covina, et al. | 11/08/2023 | |

---

Party and Attorney Listing

RAYMOND JUSTO KITILYA
BV-1639,
Plaintiff - Appellant

Raymond Justo Kitilya
[Pro Se]
North Kern State Prison - Facility D
P.O. Box 5005
Delano, CA 93216-0567

MONTCLAIR POLICE DEPARTMENT
Defendant - Appellee


UPLAND POLICE DEPARTMENT
Defendant - Appellee


RANCHO CUCAMONGA SUPERIOR COURT
Defendant - Appellee


DEPARTMENT OF STATE HOSPITALS -
ATASCADERO, Taskadeira State Hospital
Defendant - Appellee


WEST VALLEY DETENTION CENTER
Defendant - Appellee

---

RAYMOND JUSTO KITILYA,

      Plaintiff - Appellant,

 v.

MONTCLAIR POLICE DEPARTMENT; UPLAND POLICE DEPARTMENT; RANCHO CUCAMONGA SUPERIOR COURT;
DEPARTMENT OF STATE HOSPITALS - ATASCADERO, Taskadeira State Hospital; WEST VALLEY DETENTION CENTER,

      Defendants - Appellees.

---

## Docket

LEGEND:
(R) - Restricted Document
(L) - Locked Document

| Date Filed | Entry # | Public Docket Text |
|---|---|---|
| 11/03/2023 | 1 | CASE OPENED. A copy of your notice of appeal / petition filed in 5:23-cv-01638-CAS-DFM has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit.<br>The U.S. Court of Appeals docket number 23-3296 has been assigned to this case. All communications with the court must indicate this Court of Appeals docket number. Please carefully review the docket to ensure the name(s) and contact information are correct. It is your responsibility to alert the court if your contact information changes.<br>Resources Available<br><br>For more information about case processing and to assist you in preparing your brief, please review the Case Opening Information (for attorneys and pro se litigants) and review the Appellate Practice Guide. Counsel should consider contacting the court's Appellate Mentoring Program for help with the brief and argument. [Entered: 11/03/2023 03:00 PM] |

| | | |
|---|---|---|
| 11/03/2023 | 2 | SCHEDULE NOTICE. Appeal Opening Brief (No Transcript Due) (Appellant) due 12/13/2023. All briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. Failure of the petitioner(s)/appellant(s) to comply with this briefing schedule will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1. [Entered: 11/03/2023 03:02 PM] |
| 11/28/2023 | 3 | ORDER FILED. A review of this court's docket reflects that the filing and docketing fees for this appeal remain due. Within 21 days after the date of this order, appellant shall pay to the district court the $505.00 filing and docketing fees for this appeal and file in this court proof of such payment or file in this court a motion to proceed in forma pauperis. Motions filed along with the notice of appeal in the district court are not automatically transferred to this court for filing. Any motions seeking relief from this court must be separately filed in this court's docket. Failure to pay the fees or file a motion to proceed in forma pauperis will result in the automatic dismissal of the appeal by the Clerk for failure to prosecute. See 9th Cir. R. 42-1. The Clerk will serve a Form 4 financial affidavit on appellant. [Entered: 11/28/2023 04:18 PM] |
| 11/29/2023 | 4 | MOTION to Proceed In Forma Pauperis filed by Appellant Raymond Justo Kitilya. [Entered: 11/29/2023 02:28 PM] |
| 11/29/2023 | 5 (L) | CJA FORM 23 FINANCIAL AFFIDAVIT filed by Appellant Raymond Justo Kitilya. [Entered: 11/29/2023 02:30 PM] |
| 11/29/2023 | 6 | OPENING BRIEF submitted for filing by Appellant Raymond Justo Kitilya. [Entered: 11/29/2023 03:24 PM] |
| 11/29/2023 | 7 | CLERK ACTION: Opening Brief submitted at DE 6 by Appellant Raymond Justo Kitilya is filed. Original and 0 copies. (motion for IFP pending, briefing remains stayed) [Entered: 11/29/2023 03:26 PM] |
| 01/18/2024 | 8 | ORDER FILED. Kim McLane WARDLAW, Jacqueline H. NGUYEN Appellant's motion to proceed in forma pauperis (Docket Entry No. 4) is denied because appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and appellant has not alleged imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); Kitilya v. Salinas Valley State Prison, No. 4:18-cv-01900 (N.D. Cal. June 19, 2018) (dismissed for failure to state claim); Kitilya v. Prison Law Office, No. 4:18-cv-02034 (N.D. Cal. June 19, 2018) (dismissed for failure to state claim); Kitilya v. Salinas Valley State Prison, No. 4:18-cv-02590 (N.D. Cal. June 19, 2018) (dismissed for failure to state claim). Within 21 days after the date of this order, appellant must pay $505.00 to the district court as the docketing and filing fees for this appeal and file proof of payment with this court. Failure to pay the fees will result in the automatic dismissal of the appeal by the Clerk for failure to prosecute, regardless of further filings. See 9th Cir. R. 42-1. No motions for reconsideration, clarification, or modification of the denial of appellant's in forma pauperis status will be entertained. If the appeal is dismissed for failure to comply with this order, the court will not entertain any motion to reinstate the appeal that is not accompanied by proof of payment of the docketing and filing fees. Briefing is suspended. [Entered: 01/18/2024 09:47 AM] |
| 02/13/2024 | 9 | ORDER FILED. On January 18, 2024, this court ordered appellant, within 21 |

days, to pay the filing fees and file proof of payment with this court. The order warned appellant that failure to comply would result in the dismissal of the appeal. To date, appellant has not complied with the court's order. Accordingly, this appeal is dismissed for failure to prosecute. See 9th Cir. R. 42-1. This order served on the district court will, 21 days after the date of this order, act as the mandate of this court. [Entered: 02/13/2024 03:25 PM]

| | | |
|---|---|---|
| 04/16/2024 | 10 | REQUEST for Public Information filed by Appellant Raymond Justo Kitilya. [Entered: 04/16/2024 02:59 PM] |

*Docket as of 4/16/2024 3:16 PM*

**CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER
BV1639 | INMATE'S NAME
KITILYA, RAYMOND J. | EPRD
06/03/2032 | FACILITY
SVSP-RHU-
CCCMS | HOUSING LOCATION
SVSP-Z - Z 009 1 -
110001L |
|---|---|---|---|---|
| VIOLATION DATE
01/01/2025 | VIOLATION TIME
08:17:00 | VIOLATION LOCATION
SVSP-RHU-CCCMS - CELL | | WITH STG NEXUS
No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Wednesday January 1st, 2025, at approximately 0817 hours I was performing my job duties as Z9 Z FLR 1. Inmate Kitilya (BV1639 Z9-110L) later identified by his state issued identification card. Inmate Kitilya refused to hand over his tray and delaying program and delaying tray count approximately twenty to thirty minutes. I notified Inmate Kitilya he would be receiving a rules violation report (RVR) for delaying a Peace Officer in the performance of his duties.

BWC:281071
PERNER:143442

| REPORTING EMPLOYEE
A. Rosales | TITLE
CO | ASSIGNMENT
Z FLR 1 | RDO
M/T | DATE:
01/01/2025 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000007542595  VIOLATED RULE NUMBER:  3005(a)

SPECIFIC ACT:  Delaying a Peace Officer in the Performance of Duties

CLASSIFICATION

LEVEL:  Serious                                    OFFENSE DIVISION:  Division D

REFERRED TO:  Senior Hearing Officer          FELONY PROSECUTION LIKELY:  No

Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: No

| REVIEWING SUPERVISOR
D. Zaun | TITLE
SGT | DATE
01/03/2025 |
|---|---|---|

| CLASSIFIED BY<br>G. Constantino | TITLE<br>Capt. | DATE<br>01/03/2025 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT

Docusign Envelope ID: 48DB9E22-4C8A-4C55-B865-F049A97A7D88

NAME AND NUMBER: **KITILYA, Raymond**                **BV1639**                CDC 128B (Rev. 4/74)

On January 1, 2024, Inmate Raymond KITILYA BV1639, Z9-110L, refused to relinquish his Breakfast tray to Salinas Valley State Prison (SVSP) Restricted Housing Unit (RHU) Z-9 staff. KITILYA's actions jeopardize the safety and security of the institution and delayed Z-9 staff from accounting for all food trays. KITILYA will receive a Rules Violation Report (RVR) for Delaying a Peace Officer in Performance of Duties.

Based upon KITILYA's actions, he is being placed on **PAPER TRAY PRECAUTION** per SVSP O.P. 59 Restricted Housing Unit Z-9, section 59.24 Restrictions, for a period of fourteen (14) days. This precaution will begin on **1/1/2025** and is scheduled to be terminated on **1/15/2025**. This precaution is being ordered by RHU Lieutenant M. Valdez. On 1/1/2025, this precaution will be re-evaluated by Lieutenant Valdez to determine if an extension is warranted.

**Per Department Operational Manual 51020.12.5 Trays, this General Chrono will serve as WYNN's advisement that he will not receive another meal until the first scheduled mealtime after the tray is returned.**

DocuSigned by:

*Marcelino Valdez*

DA21F05A44ED459

M. VALDEZ                                                G. CONSTANTINO
RHU Lieutenant                                         Custody Captain
Salinas Valley State Prison                       Salinas Valley State Prison

DATE: **1/1/2025**                 **PAPER TRAY PRECAUTION**                 GENERAL CHRONO

# PAPER TRAY
# PRECAUTION
# 1/1/2025 TO 1/15/2025



CALIFORNIA DEPARTMENT *of*
## Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 12/12/2031 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 232001U |
|---|---|---|---|---|

| VIOLATION DATE 05/05/2024 | VIOLATION TIME 17:00:00 | VIOLATION LOCATION SATF-Facility C - CELL | WITH STG NEXUS No |
|---|---|---|---|

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On May 5, 2024, at approximately 1700 hours, while I was assigned to Facility C, Building 5, Floor Officer #1. I was conducting the 1700-hour mandatory standing count after the control booth officer announced "count time, standing count, lights on" via the P.A. system inside Facility C building 5. Once I approached cell C5-232, I observed inmate KITILYA BV1639 (C5-232U) laying down on the bottom bunk. I gave direct orders to inmate KITILYA stand up for count and take his window covers down. He refused and stated, "go head and write it up". Let it be known that KITILYA has been previously written up for this for this same offense on 3/31/24 LOG # 000000007425274. Furthermore, all inmates housed in Facility C, Building 5 have been informed of the expectations of count procedures and building rules. Per California Code of Regulations, Title 15, Section 3017, Responsibility for counts, which states in partly: "Inmates must present themselves for count in the manner set forth in institution procedures". KITILYA is aware that violation of California Code of Regulations, 3017 Responsibility for counts will not be tolerated and will result in a Rules Violation Report (RVR) 115.

Perner #91983

| REPORTING EMPLOYEE J. Conway | TITLE CO | ASSIGNMENT C5 Floor 1 | RDO FRI/SAT | DATE: 05/05/2024 |
|---|---|---|---|---|

RVR LOG NUMBER: 000000007439479          VIOLATED RULE NUMBER: 3017

    SPECIFIC ACT: Failure to present for count as described in institutional procedures

CLASSIFICATION

        LEVEL: Serious                                    OFFENSE DIVISION: Division F

    REFERRED TO: Senior Hearing Officer                FELONY PROSECUTION LIKELY: No

Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: N/A

| REVIEWING SUPERVISOR<br>J. Martin | | TITLE<br>SGT | DATE<br>05/05/2024 |
|---|---|---|---|

| CLASSIFIED BY<br>C. Frazier | TITLE<br>Captain | DATE<br>05/06/2024 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 12/12/2031 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 232001U |
|---|---|---|---|---|
| VIOLATION DATE 05/05/2024 | VIOLATION TIME 17:00:00 | VIOLATION LOCATION SATF-Facility C - CELL | | |

| INMATE NOTIFICATION |
|---|

| POSTPONEMENT OF DISCIPLINARY HEARING | | |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

| STAFF ASSISTANT | | |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

| INVESTIGATIVE EMPLOYEE | | |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

| SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS |
|---|

See California Code of Regulations, Title 15 (CCR) for details

A.  TIME CONSTRAINTS -
    1.  A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.
    2.  The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.
    3.  REFERRAL FOR PROSECUTION - (Serious Rules Violations Only) - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)
    4.  Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

B.  INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -
    1.  General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.
    2.  Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)
    3.  Investigative Employee - (Serious Rules Violations Only) - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)
    4.  Witnesses - (Serious Rules Violations Only) - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)
    5.  Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

C.  DISPOSITION - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

D.  APPEAL - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)



*ʃʍ 05-232*

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# DISCIPLINARY HEARING RESULTS

| Institution Name: California Substance Abuse Treatment Facility | Facility: SATF-Facility C | Log Number: 000000007439479 |
|---|---|---|
| Inmate Name: KITILYA, RAYMOND J. | CDC #: BV1639 | Bed Number: SATF-C - C 005 2 - 232001U |
| Reading Level: 02.0 | MH LOC: CCCMS | DDP Status: NCF |

## DUE PROCESS

Rule Violation #: 3017

Specific Act: Failure to present for count as described in institutional procedures

Level: Serious

Offense Division: Division F

Offense Occurrence: 2nd Occurrence

Violation Date: 05/05/2024

Violation Time: 17:00:00

Hearing Date: 05/20/2024

Hearing Time: 16:30:00

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 05/05/2024 | 17:42:15 | RVR Ready for Review by Supv. | J. Conway | 0 |
| 05/05/2024 | 18:51:54 | RVR Approved by Supervisor | J. Martin | 0 |
| 05/06/2024 | 07:50:36 | RVR Classified | C. Frazier | 1 |
| 05/08/2024 | 08:13:52 | Inmate Copy Served Initial Rules Violation Report; Other | L. Cerrillo | 3 |
| 05/08/2024 | 08:14:25 | SA Refused by Inmate | L. Cerrillo | 3 |

All Time Constraints Met?: Yes          SHO/HO DDP Certified?: N/A

**Due Process Additional Information:**

Inmate KITILYA (BV1639) had a reading level score of 2.0 at the time of the RVR Hearing. Inmate KITILYA received his initial copy 5/8/24 within 15 days of discovery. The hearing was conducted within 30 days from the date the inmate received his initial copy. Inmate KITILYA elected not to present himself to this Senior Hearing Officer on 5/20/24 at approximately 1630 hours in the Facility C, Lieutenants Office for adjudication.

There are no due process issues noted.

## HEARING

○ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.
◉ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

Subject elected to not participate in the RVR hearing. SHO authored a CDCR 128B Informational Chrono.

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive ☐ Other ☑ None

Requires Accommodation? No

### DDP Specific Information

128-C2 Reviewed? No

Current DDP Status Date: 07/03/2012

Did the Reporting Employee document the use of Adaptation Support(s)? N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | | | |
| | | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | | | |
| | | | |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Mental Health Symptoms contributed to behavior:

Clinical Staff determined Developmental Disability contributed to behavior:

Clinical Staff provided information when assessing the penalties:

## STAFF ASSISTANT

Staff Assistant Assigned: No

Reason for assignment of Staff Assistant:

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---------|---------------|------------|--------------------------------|----------|---|
| | | | | | |

**Staff Assistant Additional Information:**

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|---|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ Other confidential sources have independently provided the same information.<br>☐ The information provided by the confidential source is self-incriminating.<br>☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources.<br>☐ The confidential source is the victim.<br>☐ This source successfully completed a polygraph examination. | |

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee       ☐ Staff Assistant       ☐ Investigative Employee

☐ Other       ☐ Inmate       ☑ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| Name | Rank | Type | Granted? | |

**Questions Asked**

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| CDC# | Name | Bed | Granted? | |

**Questions Asked**

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Inmate Refused to attend hearing. No plea entered.

◉ Subject declined to make a statement
○ Subject made a statement

**Comments:**

## FINDINGS

Subject was found: [ Guilty as Charged ] based on a preponderance of evidence.

Lesser Included Charge:

Level:                                              Offense Division:

Offense Occurrence:

### Comments:

Inmate KITILYA (BV1639) is being found 'GUILTY' of 'Failure to present for count as described in institutional policy', in violation of CCR Section 3017-[04]. The preponderance of evidence at the hearing did substantiate the charge.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

### Comments:

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: [ Yes ]

AVSS Impact: The audio/video evidence was relied upon to determine the finding in this case. The decision may have been based at least in part to other evidence that was presented.

### Comments:

The specific evidence supporting this finding is:

1. Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.

2. In the body of the Rules Violation Report (RVR) dated 5/5/24, wherein the Reporting Employee (RE) states in part, "I was conducting the 1700-hour mandatory standing count after the control booth officer announced "count time, standing count, lights on" via the P.A. system inside Facility C building 5. Once I approached cell C5-232, I observed inmate KITILYA BV1639 (C5-232U) laying down on the bottom bunk. I gave direct orders to inmate KITILYA stand up for count and take his window covers down. He refused and stated, "go head and write it up".

3. Subject received an RVR on 3/31/24 for this same infraction, progressive discipline has been attempted in correcting behavior.

4. SHO reviewed Body Worn Camera (BWC) footage from the Reporting Employee (RE) which was reported in his Rules Violation Report (RVR). The RE advised him he will be receiving an RVR-115.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30  Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 05/20/2024 | 08/18/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 05/20/2024 | 08/18/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 05/20/2024 | 08/18/2024 |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

**Comments:**

Program Failure:

Any inmate who generates a significant disciplinary history within the last 180 days from the current date. A guilty finding for two serious Rules Violation Reports (RVRs) or one serious and two administrative Rules Violation Reports within that 180-day time period is reasonable evidence of a significant disciplinary history and may be considered a program failure.

Referred to Classification Committee   N/A

For ☐ RHU Term Assessment ☐ Program Review ☐ Un-Assignment ☐ Substance Abuse Treatment

**Disposition Additional Information:**

The Subject will be advised once he receives his final copy of the completed RVR containing the findings, disposition, and evidence relied upon reaching the conclusion, within five (5) working days following the review of the RVR by the Chief Disciplinary Officer (CDO) in accordance with CCR, Title 15 3320(1).

The Subject will be advised of his rights and procedures to appeal this action once he receives his final copies. Subject will be advised if he is dissatisfied with the process of the findings on a disposition, he could submit an appeal (CDCR-602) within thirty (30) days following receipt of the final copy of the RVR.

## ENEMY CONCERNS

⦿ Not Applicable

○ Subject states he/she does not have Enemy or Safety Concerns.

○

One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:

○

Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?:  No

**Security Threat Group Nexus Additional Information:**

**FINAL SECTION**

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |
| | | | |

**Additional Information:**

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

**Hearing Official**

| R. Contreras | | |
|---|---|---|
| | TITLE:<br>Lieutenant | DATE:<br>05/20/2024 |

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:                       CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 05/20/2024 | 08/18/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 05/20/2024 | 08/18/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 05/20/2024 | 08/18/2024 |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Comments:**

**Chief Disciplinary Officer**

Comments:

| S. Marsh | | TITLE:<br>AW | DATE:<br>05/21/2024 |

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# **RULES VIOLATION REPORT**

| CDC NUMBER<br>BV1639 | INMATE'S NAME<br>KITILYA, RAYMOND J. | EPRD<br>10/13/2031 | FACILITY<br>SATF-Facility C | HOUSING LOCATION<br>SATF-C - C 005 2 -<br>221001U |
|---|---|---|---|---|
| VIOLATION DATE<br>03/31/2024 | VIOLATION TIME<br>17:00:00 | VIOLATION LOCATION<br>SATF-Facility C - CELL | | WITH STG NEXUS<br>No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On 3/31/2024 at approximately 1700 hours while I was assigned to Facility C, Building 5, Floor Officer #1. I was conducting the 1700-hour mandatory standing count, after the control booth officer announced "count time, standing count, lights on" via the P.A. system inside Facility C building 5. When I approached C5-221, I observed inmate KITILYA BV1639 (C5-221U) sitting on the lower bunk. I gave a direct order to KITILYA to stand up for count and he refused stating "I'll take the write up", while continuing to sit on the lower bunk. Let it be noted that all inmates housed in Charlie building 5 have been informed of the expectations of count procedures and building rules. Per California Code of Regulations, Title 15, Section 3017, Responsibility for counts, which states in partly: "Inmates must present themselves for count in the manner set forth in institution procedures". KITILYA is aware that violation of California Code of Regulations, 3017 Responsibility for counts will not be tolerated and will result in a Rules Violation Report (RVR) 115.

| REPORTING EMPLOYEE<br>J. Conway | TITLE<br>CO | ASSIGNMENT<br>C5 Floor 1 | RDO<br>FRI/SAT | DATE:<br>03/31/2024 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000007425274          VIOLATED RULE NUMBER:  3017

SPECIFIC ACT:  Failure to present for count as described in institutional procedures

CLASSIFICATION

LEVEL:  Serious                                    OFFENSE DIVISION:  Division F

REFERRED TO:  Senior Hearing Officer                FELONY PROSECUTION LIKELY:  No

Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: No

| REVIEWING SUPERVISOR<br>J. Martin | TITLE<br>SGT | DATE<br>03/31/2024 |
|---|---|---|

| CLASSIFIED BY<br>A. Hernandez | TITLE<br>Captain (A) | DATE<br>04/01/2024 |

CDCR SOMS ISST120 - RULES VIOLATION REPORT

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | EPRD | FACILITY | HOUSING LOCATION |
|---|---|---|---|---|
| BV1639 | KITILYA, RAYMOND J. | 10/13/2031 | SATF-Facility C | SATF-C - C 005 2 - 221001U |

| VIOLATION DATE | VIOLATION TIME | VIOLATION LOCATION | | |
|---|---|---|---|---|
| 03/31/2024 | 17:00:00 | SATF-Facility C - CELL | | |

| INMATE NOTIFICATION |
|---|

| POSTPONEMENT OF DISCIPLINARY HEARING |
|---|

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☐ Refuse to Sign    ☐ Unable to Sign | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☐ Refuse to Sign    ☐ Unable to Sign | |
| ☐ I REVOKE my request for postponement. | ☐ Refuse to Sign    ☐ Unable to Sign | |

| STAFF ASSISTANT |
|---|

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ☐ Refuse to Sign    ☐ Unable to Sign | |

| INVESTIGATIVE EMPLOYEE |
|---|

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ☐ Refuse to Sign    ☐ Unable to Sign | |

| SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS |
|---|

See California Code of Regulations, Title 15 (CCR) for details

A.  TIME CONSTRAINTS -
1.  A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.
2.  The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.
3.  REFERRAL FOR PROSECUTION - (Serious Rules Violations Only) - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)
4.  Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

B.  INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -
1.  General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.
2.  Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)
3.  Investigative Employee - (Serious Rules Violations Only) - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)
4.  Witnesses - (Serious Rules Violations Only) - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)
5.  Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

C.  DISPOSITION - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

D.  APPEAL - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)

*In C5.22*

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: California Substance Abuse Treatment Facility | Facility: SATF-Facility C | Log Number: 000000007425274 |
| Inmate Name: KITILYA, RAYMOND J. | CDC #: BV1639 | Bed Number: SATF-C - C 005 2 - 221001U |
| Reading Level: 02.0 | MH LOC: CCCMS | DDP Status: NCF |

## DUE PROCESS

Rule Violation #: 3017 — Specific Act: Failure to present for count as described in institutional procedures

Level: Serious — Offense Division: Division F

Offense Occurrence: 2nd Occurrence

Violation Date: 03/31/2024 — Violation Time: 17:00:00

Hearing Date: 04/09/2024 — Hearing Time: 17:53:47

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 03/31/2024 | 17:50:55 | RVR Ready for Review by Supv. | J. Conway | 0 |
| 03/31/2024 | 18:13:26 | RVR Approved by Supervisor | J. Martin | 0 |
| 04/01/2024 | 10:13:02 | RVR Classified | A. Hernandez | 1 |
| 04/03/2024 | 10:03:15 | Inmate Copy Served Initial Rules Violation Report; Other | L. Cerrillo | 3 |
| 04/03/2024 | 10:04:24 | SA Refused by Inmate | L. Cerrillo | 3 |

All Time Constraints Met?:  Yes          SHO/HO DDP Certified?:  N/A

### Due Process Additional Information:

Inmate KITILYA (BV1639) had a TABE score of 2.0 at the time of the RVR Hearing. Inmate KITILYA received his initial copy 4/3/24 within 15 days of discovery. The hearing was conducted within 30 days from the date the inmate received his initial copy. Inmate KITILYA elected not to present himself to this Senior Hearing Officer on 4/9/24 at approximately 1530 hours in the Facility C, Building7, Office for the adjudication proceedings.

There are no due process issues noted.

## HEARING

○ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.
○ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

1Subject elected not to participate in the adjudication process by refusing to attend the hearing. A CDCR-128B Informational Chrono was generated documenting the refusal to attend the hearing.

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive ☐ Other ☑ None

Requires Accommodation? No

### DDP Specific Information

128-C2 Reviewed? No

Current DDP Status Date: 07/03/2012

Did the Reporting Employee document the use of Adaptation Support(s)? N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | | | |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Mental Health Symptoms contributed to behavior:

Clinical Staff determined Developmental Disability contributed to behavior:

Clinical Staff provided information when assessing the penalties:

## STAFF ASSISTANT

Staff Assistant Assigned: No

Reason for assignment of Staff Assistant:

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---------|---------------|------------|--------------------------------|----------|--|
|         |               |            |                                |          |  |

**Staff Assistant Additional Information:**

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|--|
|  |  |  |  |  | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. |  |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|--|
|  |  |  |  | ☐ The confidential source has previously provided information which has proved to be true. |  |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ Other confidential sources have independently provided the same information.<br>☐ The information provided by the confidential source is self-incriminating.<br>☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources.<br>☐ The confidential source is the victim.<br>☐ This source successfully completed a polygraph examination. | |

**Confidential Additional Information:**

---

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee      ☐ Staff Assistant      ☐ Investigative Employee

☐ Other      ☐ Inmate      ☑ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| Name | Rank | Type | Granted? | |
| | | | | |

**Questions Asked**

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| CDC# | Name | Bed | Granted? | |
| | | | | |

**Questions Asked**

**Witness Additional Information:**

---

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Inmate Refused to attend hearing. No plea entered.

○ Subject declined to make a statement
○ Subject made a statement

**Comments:**

## FINDINGS

Subject was found: | Guilty as Charged | based on a preponderance of evidence.

Lesser Included Charge:

Level:                                      Offense Division:

Offense Occurrence:

### Comments:

Inmate KITILYA (BV1639) is being found 'GUILTY' of 'Failure to present for count as described in institutional policy', in violation of CCR Section 3017-[04]. The preponderance of evidence at the hearing did substantiate the charge.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

### Comments:

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: | Yes |

AVSS Impact: The audio/video evidence was relied upon to determine the finding in this case. The decision may have been based at least in part to other evidence that was presented.

### Comments:

The specific evidence supporting this finding is:

1. In the body of the Rules Violation Report (RVR) dated 3/31/24, wherein the Reporting Employee (RE) states in part, "I was conducting the 1700-hour mandatory standing count, after the control booth officer announced "count time, standing count, lights on" via the P.A. system inside Facility C building 5. When I approached C5-221, I observed inmate KITILYA BV1639 (C5-221U) sitting on the lower bunk. I gave a direct order to KITILYA to stand up for count and he refused stating "I'll take the write up", while continuing to sit on the lower bunk."

1. In the body of the Rules Violation Report (RVR) dated 3/31/24, wherein the Reporting Employee (RE) further states in part, "Let it be noted that all inmates housed in Charlie building 5 have been informed of the expectations of count procedures and building rules. Per California Code of Regulations, Title 15, Section 3017, Responsibility for counts."

3. SHO reviewed Body Worn Camera (BWC) footage from the Reporting Employee (RE) which was reported in his Rules Violation Report (RVR). The RE advised him he will be receiving a RVR-115.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30  Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Weekends | | | | | | | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct: with reprimand

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

**Comments:**

Program Failure:

Any inmate who generates a significant disciplinary history within the last 180 days from the current date. A guilty finding for two serious Rules Violation Reports (RVRs) or one serious and two administrative Rules Violation Reports within that 180-day time period is reasonable evidence of a significant disciplinary history and may be considered a program failure.

Referred to Classification Committee  UCC

For ☐ RHU Term Assessment ☑ Program Review ☐ Un-Assignment ☐ Substance Abuse Treatment

**Disposition Additional Information:**

The Subject will be advised once he receives his final copy of the completed RVR containing the findings, disposition, and evidence relied upon reaching the conclusion, within five (5) working days following the review of the RVR by the Chief Disciplinary Officer (CDO) in accordance with CCR, Title 15 3320(1).

The Subject will be advised of his rights and procedures to appeal this action once he receives his final copies. Subject will be advised if he is dissatisfied with the process of the findings on a disposition, he could submit an appeal (CDCR-602) within thirty (30) days following receipt of the final copy of the RVR.

## ENEMY CONCERNS

◉ Not Applicable

○ Subject states he/she does not have Enemy or Safety Concerns.

○

One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:

○

Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?: No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |

**Additional Information:**

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

| Hearing Official | | |
|---|---|---|
| R. Contreras | TITLE:<br>Lieutenant | DATE:<br>04/11/2024 |

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                      Offense Division:

Offense Occurrence:                 CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Loss of Pay | | | | | | | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions            ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

| S. Marsh | | TITLE:<br>AW | DATE:<br>04/15/2024 |
| --- | --- | --- | --- |

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 10/13/2031 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 221001U |
|---|---|---|---|---|
| VIOLATION DATE 03/29/2024 | VIOLATION TIME 17:00:00 | VIOLATION LOCATION SATF-Facility C - CELL | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On March 29th, 2024 at approximately 1700 hours, while performing my duties as Facility C, Building #5, Floor #2, and conducting the institutional mandatory standing count of the top tier. I approached cell #221 occupied by Inmate Kitilya (BV1639, C5-221U) and observed him sitting on the bunk with his lights off and the back cell windows covered with cardboard. I gave Kitilya a direct order to stand for count and remove his widow covers to which he refused. I have verbally counseled Kitilya about count procedures and widow covers. This action is in violation of CCR 3005(b), wherein it states, "Inmates and Parolees must promptly and courteously obey written and verbal orders and instructions form department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees." I informed Kitilya he would be receiving a rules violation report.

Inmate Kitilya is part of the Mental Health Delivery system at the CCCMS level, tabe score 02.0
  PERNR: 90753

| REPORTING EMPLOYEE A. Zavala | TITLE C/O | ASSIGNMENT C5 Flr 2 | RDO S/M | DATE: 03/29/2024 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000007425275   VIOLATED RULE NUMBER:  3005(b)

SPECIFIC ACT:  Disobeying an Order

CLASSIFICATION

LEVEL:  Serious                          OFFENSE DIVISION:  Division F

REFERRED TO:  Senior Hearing Officer          FELONY PROSECUTION LIKELY:  No

Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: No

| REVIEWING SUPERVISOR J. Martin | TITLE SGT | DATE 03/31/2024 |
|---|---|---|

| CLASSIFIED BY<br>A. Hernandez | TITLE<br>Captain (A) | DATE<br>04/01/2024 |
| --- | --- | --- |

CDCR SOMS ISST120 - RULES VIOLATION REPORT

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 10/13/2031 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 221001U |
|---|---|---|---|---|
| VIOLATION DATE 03/29/2024 | VIOLATION TIME 17:00:00 | VIOLATION LOCATION SATF-Facility C - CELL | | |

INMATE NOTIFICATION

POSTPONEMENT OF DISCIPLINARY HEARING

| | | |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE  ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE  ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE  ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

STAFF ASSISTANT

| | | |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE  ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

INVESTIGATIVE EMPLOYEE

| | | |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE  ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS

See California Code of Regulations, Title 15 (CCR) for details

A. TIME CONSTRAINTS -
1. A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.
2. The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.
3. REFERRAL FOR PROSECUTION - (Serious Rules Violations Only) - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)
4. Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

B. INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -
1. General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.
2. Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)
3. Investigative Employee - (Serious Rules Violations Only) - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)
4. Witnesses - (Serious Rules Violations Only) - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)
5. Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

C. DISPOSITION - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

D. APPEAL - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)



**CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation**

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: California Substance Abuse Treatment Facility | Facility: SATF-Facility C | Log Number: 000000007425275 |
| Inmate Name: KITILYA, RAYMOND J. | CDC #: BV1639 | Bed Number: SATF-C - C 005 2 - 221001U |
| Reading Level: 02.0 | MH LOC: CCCMS | DDP Status: NCF |

## DUE PROCESS

| | |
|---|---|
| Rule Violation #: 3005(b) | Specific Act: Disobeying an Order |
| Level: Serious | Offense Division: Division F |
| Offense Occurrence: 1st Occurrence | |
| Violation Date: 03/29/2024 | Violation Time: 17:00:00 |
| Hearing Date: 04/09/2024 | Hearing Time: 15:30:00 |

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 03/29/2024 | 17:31:17 | RVR Ready for Review by Supv. | A. Zavala | 0 |
| 03/31/2024 | 18:15:21 | RVR Approved by Supervisor | J. Martin | 2 |
| 04/01/2024 | 10:11:35 | RVR Classified | A. Hernandez | 3 |
| 04/03/2024 | 10:01:41 | Inmate Copy Served Initial Rules Violation Report; Other | L. Cerrillo | 5 |
| 04/03/2024 | 10:02:25 | SA Refused by Inmate | L. Cerrillo | 5 |

All Time Constraints Met?: Yes                    SHO/HO DDP Certified?: N/A

### Due Process Additional Information:

Inmate KITILYA (BV1639) had a TABE score of 2.0 at the time of the RVR Hearing. Inmate KITILYA received his initial copy 4/3/24, within 15 days of discovery. The hearing was conducted within 30 days from the date the inmate received his initial copy. Inmate KITILYA presented himself to this Senior Hearing Officer on 4/9/24, at approximately 1530 hours, in the Facility C Lieutenant's Office for the adjudication proceedings.

There are no due process issues noted.

## HEARING

○ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.
○ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

1.Subject elected to not participate in the disciplinary hearing. The SHO authored a CDCR-128B Informational Chrono indicating his absence. Hearing was held in absentia.

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive ☐ Other ☑ None

Requires Accommodation? No

### DDP Specific Information

128-C2 Reviewed? No

Current DDP Status Date: 07/03/2012

Did the Reporting Employee document the use of Adaptation Support(s)? N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | | | |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Mental Health Symptoms contributed to behavior:

Clinical Staff determined Developmental Disability contributed to behavior:

Clinical Staff provided information when assessing the penalties:

## STAFF ASSISTANT

Staff Assistant Assigned: No

Reason for assignment of Staff Assistant:

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---|---|---|---|---|---|
| | | | | | |

**Staff Assistant Additional Information:**

Subject elected to waive his Staff Assistant (SA) as indicated by his signature on page 3 of the RVR.

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|---|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ Other confidential sources have independently provided the same information. ☐ The information provided by the confidential source is self-incriminating. ☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources. ☐ The confidential source is the victim. ☐ This source successfully completed a polygraph examination. | |

**Confidential Additional Information:**

---

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee     ☐ Staff Assistant     ☐ Investigative Employee

☐ Other     ☐ Inmate     ☑ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| Name | Rank | Type | Granted? | |

**Questions Asked**

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| CDC# | Name | Bed | Granted? | |

**Questions Asked**

**Witness Additional Information:**

---

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Inmate Refused to attend hearing. No plea entered.

○ Subject declined to make a statement
○ Subject made a statement

**Comments:**

## FINDINGS

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                                    Offense Division:

Offense Occurrence:

**Comments:**

Inmate KITILYA (BV1639) is being found 'GUILTY' of 'Disobeying an Order', in violation of CCR Section 3005(b)-[01]. The preponderance of evidence at the hearing did substantiate the charge.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: Yes

AVSS Impact: The audio/video evidence was relied upon to determine the finding in this case. The decision may have been based at least in part to other evidence that was presented.

**Comments:**

The specific evidence supporting this finding is:

1. The contents of the RVR dated 3/29/24, states in part, "while performing my duties as Facility C, Building #5, Floor #2, and conducting the institutional mandatory standing count of the top tier. I approached cell #221 occupied by Inmate Kitilya (BV1639, C5-221U) and observed him sitting on the bunk with his lights off and the back cell windows covered with cardboard. I gave Kitilya a direct order to stand for count and remove his widow covers to which he refused."

2. The contents of the RVR dated 3/29/24, further states in part, "I have verbally counseled Kitilya about count procedures and widow covers. This action is in violation of CCR 3005(b), wherein it states, "Inmates and Parolees must promptly and courteously obey written and verbal orders and instructions form department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees."

3. SHO reviewed Body Worn Camera (BWC) footage from the Reporting Employee (RE) which was reported in his Rules Violation Report (RVR). The RE advised him he will be receiving a RVR-115.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 90  Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 90  Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 90  Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 90  Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---------------|----------|-----------|---------------------|-----|--------|------|------------|----------|
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

**Comments:**

Program Failure:

Any inmate who generates a significant disciplinary history within the last 180 days from the current date. A guilty finding for two serious Rules Violation Reports (RVRs) or one serious and two administrative Rules Violation Reports within that 180-day time period is reasonable evidence of a significant disciplinary history and may be considered a program failure.

Referred to Classification Committee  UCC

For ☐ RHU Term Assessment  ☑ Program Review  ☐ Un-Assignment  ☐ Substance Abuse Treatment

**Disposition Additional Information:**

The Subject was informed he will receive a final copy of the completed RVR containing the findings, disposition, and evidence relied upon reaching the conclusion, within five (5) working days following the review of the RVR by the Chief Disciplinary Officer (CDO) in accordance with CCR, Title 15 3320(1).

The Subject was advised of his rights and procedures to appeal this action. Subject was advised if he is dissatisfied with the process of the findings on a disposition, he could submit an appeal (CDCR-602) within thirty (30) days following receipt of the final copy of the RVR.

## ENEMY CONCERNS

⦿ Not Applicable

○ Subject states he/she does not have Enemy or Safety Concerns.

○
One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:

○
Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?:  No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |

**Additional Information:**

---

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

---

| Hearing Official | | |
|---|---|---|
| R. Contreras ⊘ | TITLE:<br>Lieutenant | DATE:<br>04/18/2024 |

---

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:                       CDO Summary: Affirming The Hearing Results

**Comments:**

---

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30  Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Privilege Group C | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 04/09/2024 | 07/08/2024 |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Comments:**

**Chief Disciplinary Officer**

Comments:

S. Marsh

TITLE:
AW

DATE:
04/22/2024

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 10/13/2031 | FACILITY RJD-Facility A | HOUSING LOCATION RJD-A - A 001 2 - 217001U |
|---|---|---|---|---|
| VIOLATION DATE 01/10/2024 | VIOLATION TIME 13:52:00 | VIOLATION LOCATION RJD-Facility A - CELL | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On January 10, 2024, at approximately 1352 hours while performing my duties as facility A, Housing Unit 1 Floor officer, Inmate KITILYA, RAYMOND J. CDC # BV1639 A1-217U failed to report to a priority medical ducat for a scheduled medical appointment, to which he refused to comply and stated, " I don't have a ducat I did not put no medical form". Inmate KITILYA was informed the inmates may accept or decline any or all portions of a recommend medical treatment plan, but the inmate must voice or sign their refusal to the medical provider and not to custody staff. Inmates refusing treatment are required to refuse treatment with the medical provider so that the inmate can be informed of the risks and possible consequences involved in refusal of the examination and/or treatment. Inmate KITILYA is in violation of Title 15, Section 3014, Calls and Passes, which states "Inmates must respond promptly to notices given in writing, announced over the public address system, or by any other authorized means.

| REPORTING EMPLOYEE B. Herrera | TITLE C/O | ASSIGNMENT RO237 | RDO MT | DATE: 01/12/2024 |
|---|---|---|---|---|

| RVR LOG NUMBER:  000000007393303   VIOLATED RULE NUMBER:  3014 |
|---|
| SPECIFIC ACT:  Failure to respond to notices |

| CLASSIFICATION | |
|---|---|
| LEVEL:  Counseling Only | OFFENSE DIVISION: |
| REFERRED TO: | FELONY PROSECUTION LIKELY: |
| Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: | |

| REVIEWING SUPERVISOR T. Soto | TITLE SERGEANT | DATE 01/14/2024 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

1 = 2176

# DISCIPLINARY HEARING RESULTS

| Institution Name: North Kern State Prison | Facility: NKSP-Central Service | Log Number: 000000007317575 |
|---|---|---|
| Inmate Name: KITILYA, RAYMOND J. | CDC #: BV1639 | Bed Number: NKSP-S - S INF 1 - 007001L |
| TABE Score: 01.9 | MH LOC: EOP | DDP Status: NCF |

### DUE PROCESS

Rule Violation #: 3005(c)    Specific Act: Refusing to Accept Assigned Housing-Delaying a PO

Level: Serious    Offense Division: Division D

Offense Occurrence: 1st Occurrence

Violation Date: 06/21/2023    Violation Time: 16:00:00

Hearing Date: 08/05/2023    Hearing Time: 09:05:00

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 06/21/2023 | 19:15:39 | RVR Ready for Review by Supv. | E. Carrillo | 0 |
| 06/21/2023 | 19:30:27 | RVR Ready for Review by Supv. | E. Carrillo | 0 |
| 06/21/2023 | 19:38:08 | RVR Approved by Supervisor | E. Garcia-Fernandez | 0 |
| 07/06/2023 | 10:19:25 | RVR Classified | A. Hernandez | 15 |
| 07/06/2023 | 10:19:26 | MH Assessment Requested | A. Hernandez | 15 |
| 07/06/2023 | 12:03:38 | SA Assigned | J. Navarro | 15 |
| 07/06/2023 | 12:04:18 | Inmate Copy Served Initial Rules Violation Report | J. Navarro | 15 |
| 07/06/2023 | 12:06:37 | SA Inmate Interaction | J. Navarro | 15 |
| 07/06/2023 | 12:07:17 | IE Assigned | J. Navarro | 15 |
| 07/12/2023 | 13:57:07 | MH Assessment Received | U. UNKNOWN | 21 |
| 07/22/2023 | 14:30:00 | IE Interview | D. Gutierrez | 31 |

| 07/22/2023 | 15:30:00 | IE Report Prepared | D. Gutierrez | 31 |
| 07/22/2023 | 16:01:28 | IE Report Ready for Review | D. Gutierrez | 31 |
| 07/22/2023 | 17:06:56 | IE Report Approved By Supervisor | D. Lopez | 31 |
| 07/26/2023 | 10:05:28 | Inmate Copy Served Investigative Report; MH Assessment Report | J. Navarro | 35 |
| 08/05/2023 | 08:00:47 | SA Unassigned | J. Montalvo | 45 |
| 08/05/2023 | 08:01:52 | SA Assigned | J. Montalvo | 45 |

All Time Constraints Met?: Yes          SHO/HO DDP Certified?: N/A

**Due Process Additional Information:**

---

## HEARING

○
Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.
◉ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

---

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive ☐ Other ☑ None

Requires Accommodation? No

### DDP Specific Information

128-C2 Reviewed? No                               Current DDP Status Date: 07/03/2012

Did the Reporting Employee document the use of Adaptation Support(s)? N/A

| Adaptive Support | Contribute | How |
|---|---|---|
|  |  |  |

| Victimization | Contribute | How |
|---|---|---|
|  |  |  |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: Yes

Reason for Mental Health Assessment Request: MH LOC EOP or higher

Clinical Staff Recommended Staff Assistance Assignment:  N/A

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:  No

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:  No

Clinical Staff determined Mental Health Symptoms contributed to behavior:  No

Clinical Staff determined Developmental Disability contributed to behavior:  No

Clinical Staff provided information when assessing the penalties:  N/A

## STAFF ASSISTANT

Staff Assistant Assigned: Yes

Reason for assignment of Staff Assistant: MH LOC EOP or higher;MH LOC EOP or higher

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---------|--------------|-----------|--------------------------------|----------|--|
| J. Navarro | 07/06/2023 | Yes | Yes | No | |
| U. Fernandez | 08/05/2023 | Yes | No | Yes | |

### Staff Assistant Additional Information:

Subject did meet the criteria for a Staff Assistant (S.A.) pursuant to CCR# 3315(d) (2) (A), in order to ensure compliance with Subject's procedural due process rights. Officer J. Navarro was assigned as a Staff Assistant on 07/06/2023. Officer Navarro interviewed Subject at least 24 hours in advance of the hearing. However, Officer Navarro was not present during the hearing due to scheduling conflicts. Thus, this Senior Hearing Officer (SHO) assigned Officer U. Fernandez as a Staff Assistant on 08/05/2023. It should be noted: Officer Navarro meet with the subject more than 24 hours prior to the hearing, therefore it is not necessary for the substitute S.A. (Officer Fernandez) to meet with the inmate more than 24-hours prior to the hearing.

Senior Hearing Officer (SHO) fully explained the hearing procedures as well as the Subject's rights during the hearing. Subject confirmed in the hearing he understood the hearing procedures, the disciplinary charge, the evidence supporting this charge and his right to request confidentiality between himself and the staff assistant. Therefore, this SHO proceeded with the hearing.

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: Yes

Reason for assignment of Investigative Employee: Additional Information is necessary

### Investigative Employee Additional Information:

Subject did meet the criteria for assignment of an Investigative Employee (IE) per CCR 3315(d)(1)(A), however, Subject opted to waive his right for an Investigative Employee on 07/06/2023. However, the Subject refused to sign indicating he elected to waive his I.E.

As such, Subject did meet the criteria for assignment of an Investigative Employee (I.E.) per CCR3315 (d)(1)(A) due to his housing status changing which precluded his ability to collect and present his evidence necessary for an adequate presentation of defense at his hearing. Officer D. Gutierrez was assigned an I.E. on 07/22/2023. Subject

received a copy of the completed I.E. and was satisfied with the report. SHO reviewed the I.E. report and finds it to contain an adequate investigation in accordance with CCR Section 3318(a).

## CONFIDENTIAL INFORMATION

Confidential Information Used:  No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|---|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true. ☐ Other confidential sources have independently provided the same information. ☐ The information provided by the confidential source is self-incriminating. ☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources. ☐ The confidential source is the victim. ☐ This source successfully completed a polygraph examination. | |

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing

- ☐ Reporting Employee
- ☑ Other
- ☐ Staff Assistant
- ☐ Inmate
- ☐ Investigative Employee
- ☐ None

### Non-Inmate Witness(es)

| Name | Rank | Type | Granted? | |
|------|------|------|----------|---|
| J. MACKEY | SERGEANT | WITNESS | Yes | |

**Questions Asked**

Prior to the hearing, the Subject requested the presence of Sergeant (Sgt.) J. Mackey as a witness to be at the hearing, see SOM ISST-121 (115-A). This Senior Hearing Officer asked the following questions (Which were provided by the Subject) and the witness answered as set forth below:

Q1. "What was my location, time and date I was talking to you I didn't want to be placed on D Yard?"
A1. "The location was CTC. I do not recall the time or date."

Q2. "What was the Doctors name at the location I was talking to him?
A2. "I don't recall the Doctor's name."

Q3. "What cell number was I in CTC?
A3. "I do not recall what cell you were in."

Q4. "Do you recognize me the day of the write up?
A4. "I remember you in CTC. I did not write you up."

Neither the Subject nor the Senior Hearing Officer had any further questions for the witness and Sgt. Mackey was excused from the hearing.

### Inmate Witness(es)

| CDC# | Name | Bed | Granted? | |
|------|------|-----|----------|---|
| | | | | |

**Questions Asked**

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Not Guilty

- ☐ Subject declined to make a statement
- ☑ Subject made a statement

**Comments:**

The Subject made the following statement to this SHO during the adjudication of the hearing: "The time constraints on this write up have exceeded."

## FINDINGS

Subject was found: | Guilty as Charged | based on a preponderance of evidence.

Lesser Included Charge:

Level:                                                    Offense Division:

Offense Occurrence:

### Comments:

PREPONDERANCE OF EVIDENCE: The following evidence was relied upon by this SHO for the adjudication of this RVR:

1.) The Reporting Employee's written report, which states in part:"On June 21, 2023 at approximately 1600hours, while assigned to Facility D Building 4 Floor #2 I was receiving inmate movement from CTC when I received inmate Kitilya (BV1639 INF-07L). I advised inmate Kitilya that he would be going to cell 131L. He immediately asked "Is there someone in that cell because I don't take cellies, I'm single cell." I advised inmate Kitilya that he was going to have a cellmate and that he wasn't on single cell status so he is subject to the housing requirements as outlined in CCR 3269-Inmate Housing Assignment (IHA)."

2.) The Reporting Employee's written report, which further states in part: "Inmate Kitilya was unreceptive to my counseling and refused to obey my direct orders to house in cell 131. I advised inmate Kitilya that he would be receiving a RVR (Rules Violation Report) for his actions to which he stated, "Go ahead and write me up." Due to Kitilya's refusal to enter his assigned cell required me to delay my security checks for approximately 30mins in order to locate appropriate housing."

3.) This SHO considered the Subject's statement of "The time constraints on this write up have exceeded. "However, this SHO reviewed all time constraints pertaining to this RVR. Time constraints have been met. There are no due process issues.

4.) This SHO also considered all questions provided by the Subject and all answers provided by Sgt. J. Mackey. However, the evidence of guilt outweighs the evidence of not guilty.

5.) This SHO considered the I.E. Report authored by Officer D. Gutierrez, dated 07/22/2023. However, the I.E. Report indicated the Subject stated, he did not have any questions.

Subject has no explanation indicating why it is reasonable to believe he is NOT GUILTY for the charged offense. Subject plead NOT GUILTY to this SHO during the hearing failed to provide evidence supporting a not guilty verdict. Therefore, the above supports a finding of GUILTY for the charged offense.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

### Comments:

The CDCR-115 Mental Health Assessment was completed based on Subject being a participant in the Mental Health Services Delivery System (MHSDS) at the EOP level care.

1. This Senior Hearing Officer reviewed the mental health evidence provided in the CDCR-115A Mental Health Assessment completed by Clinical Licensed Social Worker (LCSW) I. Harold. LCSW I. Harold has determined the Subject would not benefit from assignment of a Staff Assistant.

2. LCSW I. Harold indicated Subject's behavior was not strongly influenced by symptoms of a mental illness or developmental disability / cognitive or adaptive functioning deficits that would merit an alternative manner to document this behavior.

3. LCSW I. Harold indicated there is not any evidence to suggest a mental illness or developmental disability / cognitive or adaptive functioning deficits that contributed to the behavior that led to this Rules Violation Report.

4. LCSW I. Harold also indicated there were no mental health factors or developmental disability / cognitive or adaptive functioning deficits the hearing officer should consider when assessing the penalty.

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: No

AVSS Impact:

**Comments:**

The CDCR-115 Rules Violation Report, Log # 007317575, dated, 06/21/2023.
The CDCR 115-MH, Mental Health Assessment Request, dated 07/12/2023.
The Investigative Employee's report, dated 07/22/2023.
The Subject's statement of "The time constraints on this write up have exceeded."
All of the questions provided by the Subject and all of the answers provided by Sgt. J. Mackey.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 08/05/2023 | 09/04/2023 |
| Phone Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 08/05/2023 | 09/04/2023 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 08/05/2023 | 09/04/2023 |
| Day Room Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 08/05/2023 | 09/04/2023 |
| Property Restrictions | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 08/05/2023 | 09/04/2023 |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

AGGRAVATION FACTORS:
Subject refused to accept responsibility and exhibited no remorse for his actions. Therefore, Subject was assessed 90 days Forfeiture of Credits (FOC) and the aforementioned Loss of Privileges (LOP).

**Comments:**

Referred to Classification Committee  UCC

For ☐ SHU Term Assessment  ☑ Program Review  ☐ Un-Assignment  ☐ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

⦿ Not Applicable
◯ Subject states he/she does not have Enemy or Safety Concerns.
◯
One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:

Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?:  No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |

**Additional Information:**

Subject has been apprised of the finding and that he will receive a completed copy of the Rules Violation Report (including any documented modifications) upon final audit by the Chief Disciplinary Officer.

Subject was warned, reprimanded and counseled regarding future behavioral expectations.

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

**Hearing Official**

A. Joven

TITLE:
LIEUTENANT

DATE:
08/08/2023

## FINDINGS (BY CDO)

Subject was found:  Guilty as Charged  based on a preponderance of evidence.

Lesser Included Charge:

Level:                              Offense Division:

Offense Occurrence:            CDO Summary:  Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 08/05/2023 | 09/04/2023 |
| Phone Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 08/05/2023 | 09/04/2023 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 08/05/2023 | 09/04/2023 |
| Day Room Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 08/05/2023 | 09/04/2023 |
| Property Restrictions | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 08/05/2023 | 09/04/2023 |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

| C. Waddle | |
|---|---|
| | TITLE:          DATE:<br>Associate Warden   08/18/2023 |

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 01/11/2032 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 232001U |
|---|---|---|---|---|
| VIOLATION DATE 05/30/2024 | VIOLATION TIME 08:28:00 | VIOLATION LOCATION SATF-Facility C - YARD | | |

| INMATE NOTIFICATION |
|---|

| POSTPONEMENT OF DISCIPLINARY HEARING |
|---|

| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
|---|---|---|
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

| STAFF ASSISTANT |
|---|

| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
|---|---|---|

| INVESTIGATIVE EMPLOYEE |
|---|

| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
|---|---|---|

| SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS |
|---|

See California Code of Regulations, Title 15 (CCR) for details

A.  TIME CONSTRAINTS -
    1.  A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.
    2.  The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.
    3.  REFERRAL FOR PROSECUTION - (Serious Rules Violations Only) - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)
    4.  Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

B.  INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -
    1.  General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.
    2.  Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)
    3.  Investigative Employee - (Serious Rules Violations Only) - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)
    4.  Witnesses - (Serious Rules Violations Only) - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)
    5.  Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

C.  DISPOSITION - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

D.  APPEAL - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)



CALIFORNIA DEPARTMENT *of*
## Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 01/11/2032 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 232001U |
|---|---|---|---|---|
| VIOLATION DATE 05/30/2024 | VIOLATION TIME 08:28:00 | VIOLATION LOCATION SATF-Facility C - YARD | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Thursday, May 30, 2024, at approximately 0828 hours, Inmate KITILYA, (BV-1639, C5-232U) did not report to his job assignment as C2 CLEAN-UP/PLANT OPS yard crew worker, position number YDW.003.003. When he did not report to work, I entered Building C5 and approached his cell door. I informed KTITLYA that he needed to report to his job assignment, or he would receive progressive discipline for failing to report to his job assignment. He stated, "Do what you got to do" and refused to report to work.

Current DDP: NCF
Current MH LOC: CCCMS
Reading Level: 02.0

PERNR 20567

| REPORTING EMPLOYEE A. Sanchez | TITLE C\O | ASSIGNMENT C Yard #4 | RDO S\S | DATE: 05/30/2024 |
|---|---|---|---|---|

| RVR LOG NUMBER: 000000007451113  VIOLATED RULE NUMBER: 3041(a) |
|---|
| SPECIFIC ACT: Refusal to perform assigned duties |

CLASSIFICATION

LEVEL: Administrative                                    OFFENSE DIVISION:

REFERRED TO: Hearing Officer                    FELONY PROSECUTION LIKELY: No

Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: No

| REVIEWING SUPERVISOR<br>J. Martin | TITLE<br>sgt | DATE<br>06/02/2024 |
|---|---|---|

| CLASSIFIED BY<br>C. Frazier | TITLE<br>Captain | DATE<br>06/03/2024 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

To: Raymond Kitilya                              Case No. FCS047526

Your documents are being returned to you for the following reason(s):

1. ☐ COMPLAINT  ☐ ANSWER  ☐ MOTION  ☐ CROSS-COMPLAINT cannot be filed:

  ☐ No fees received.    ☐ Incorrect fees.    ☐ Amount of fees payable: _____
  ☐ Default entered on _____      ☐ No case number.
  ☐ Document not signed and/or verification not attached.    ☐ Wrong court.
  ☐

2. ☐ SUMMONS  ☐ WRIT  ☐ ORDER OF EXAMINATION  ☐ ABSTRACT cannot be issued:

  ☐ Parties not identified properly.    ☐ Judgment Creditor/Judgment Debtor names are not correct.
  ☐ No fees received.    ☐ Incorrect fees.    ☐ Amount of fees payable: _____
  ☐ Previous writ issued on _____ has not been returned.
  ☐ Error in computation: _____
  ☐ Accrued interest/costs not supported by filed memorandum and/or proof of service.
  ☐ Fewer than 120 days have elapsed since previous order of exam.
  ☐

3. ☐ DEFAULT CANNOT BE ENTERED AS REQUESTED:

  ☐ Answer and/or other first paper filed.        ☐ Proof of service is defective.
  ☐ Original summons has not been filed.          ☐ Request premature.
  ☐ Original contract or promissory note not presented    ☐ Affidavit of non-military status not filed.
  ☐ No three day notice or lease attached.
  ☐ No service on _____
  ☐ Amount requested in judgment varies with Complaint.
  ☐ Must be court judgment with declaration - not clerk's judgment.
  ☐

4. ☐ DISMISSAL CANNOT BE FILED:

  ☐ Original signature required.        ☐ Cross-Complaint has not been dismissed.

5. ☐ DEFAULT ONLY ENTERED – NO JUDGMENT ENTERED

6. ☐ THE PAPERS SUBMITTED MAY NOT BE ACCEPTED FOR FILING. (See enclosed form 3001-CV.)

7. ☐ THE DOCUMENT IS NOT AN ORIGINAL. Copies are not accepted for filing.
         (COMPLAINT)
8. ☑ OTHER: The cost for copies in the case above is $7.00 (14pgs. @ $0.50 per side per page). Please provide a check or complete a Request to Waive Court Fees and provide a CERTIFIED TRUST ACCOUNT STATEMENT pursuant to Govt. Code § 68635.

Date: 9/5/23                    By: _____
                                    Deputy Clerk

**NOTICE OF RETURNED DOCUMENT**



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

To: Raymond Kitilya                     Case No. FCS047714

**Your documents are being returned to you for the following reason(s):**

1. ☐ COMPLAINT  ☐ ANSWER  ☐ MOTION  ☐ CROSS-COMPLAINT cannot be filed:

    ☐ No fees received.  ☐ Incorrect fees.  ☐ Amount of fees payable: _____
    ☐ Default entered on _____  ☐ No case number.
    ☐ Document not signed and/or verification not attached.  ☐ Wrong court.
    ☐ _____

2. ☐ SUMMONS  ☐ WRIT  ☐ ORDER OF EXAMINATION  ☐ ABSTRACT cannot be issued:

    ☐ Parties not identified properly.  ☐ Judgment Creditor/Judgment Debtor names are not correct.
    ☐ No fees received.  ☐ Incorrect fees.  ☐ Amount of fees payable: _____
    ☐ Previous writ issued on _____ has not been returned.
    ☐ Error in computation: _____
    ☐ Accrued interest/costs not supported by filed memorandum and/or proof of service.
    ☐ Fewer than 120 days have elapsed since previous order of exam.
    ☐ _____

3. ☐ DEFAULT CANNOT BE ENTERED AS REQUESTED:

    ☐ Answer and/or other first paper filed.  ☐ Proof of service is defective.
    ☐ Original summons has not been filed.  ☐ Request premature.
    ☐ Original contract or promissory note not presented  ☐ Affidavit of non-military status not filed.
    ☐ No three day notice or lease attached.
    ☐ No service on _____
    ☐ Amount requested in judgment varies with Complaint.
    ☐ Must be court judgment with declaration - not clerk's judgment.
    ☐ _____

4. ☐ DISMISSAL CANNOT BE FILED:

    ☐ Original signature required.  ☐ Cross-Complaint has not been dismissed.

5. ☐ DEFAULT ONLY ENTERED – NO JUDGMENT ENTERED

6. ☐ THE PAPERS SUBMITTED MAY NOT BE ACCEPTED FOR FILING. (See enclosed form 3001-CV.)

7. ☐ THE DOCUMENT IS NOT AN ORIGINAL. Copies are not accepted for filing.

8. ☑ OTHER: (COMPLAINT) The cost for copies in the case above is $2.50 (5pgs. @ $0.50 per side per page). Please provide a check or complete a Request to Waive Court Fees and provide a CERTIFIED TRUST ACCOUNT STATEMENT pursuant to Govt. Code § 68635.

Date: 9/5/23                     By: _____
                              Deputy Clerk

**NOTICE OF RETURNED DOCUMENT**



**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

To: Raymond Kitilya                                    Case No. FCS048368

Your documents are being returned to you for the following reason(s):

1. ☐ COMPLAINT  ☐ ANSWER  ☐ MOTION  ☐ CROSS-COMPLAINT cannot be filed:

   ☐ No fees received.    ☐ Incorrect fees.    ☐ Amount of fees payable: _____
   ☐ Default entered on _____    ☐ No case number.
   ☐ Document not signed and/or verification not attached.        ☐ Wrong court.
   ☐ _____

2. ☐ SUMMONS  ☐ WRIT  ☐ ORDER OF EXAMINATION  ☐ ABSTRACT cannot be issued:

   ☐ Parties not identified properly.    ☐ Judgment Creditor/Judgment Debtor names are not correct.
   ☐ No fees received.    ☐ Incorrect fees.    ☐ Amount of fees payable: _____
   ☐ Previous writ issued on _____ has not been returned.
   ☐ Error in computation: _____
   ☐ Accrued interest/costs not supported by filed memorandum and/or proof of service.
   ☐ Fewer than 120 days have elapsed since previous order of exam.
   ☐ _____

3. ☐ DEFAULT CANNOT BE ENTERED AS REQUESTED:

   ☐ Answer and/or other first paper filed.                ☐ Proof of service is defective.
   ☐ Original summons has not been filed.                  ☐ Request premature.
   ☐ Original contract or promissory note not presented    ☐ Affidavit of non-military status not filed.
   ☐ No three day notice or lease attached.
   ☐ No service on _____
   ☐ Amount requested in judgment varies with Complaint.
   ☐ Must be court judgment with declaration - not clerk's judgment.
   ☐ _____

4. ☐ DISMISSAL CANNOT BE FILED:

   ☐ Original signature required.        ☐ Cross-Complaint has not been dismissed.

5. ☐ DEFAULT ONLY ENTERED – NO JUDGMENT ENTERED

6. ☐ THE PAPERS SUBMITTED MAY NOT BE ACCEPTED FOR FILING. (See enclosed form 3001-CV.)

7. ☐ THE DOCUMENT IS NOT AN ORIGINAL. Copies are not accepted for filing.
     (COMPLAINT)
8. ☑ OTHER: The cost for copies in the case above is $9.50 (19pgs. @ $0.50 per side per page). Please provide a check or complete a Request to Waive Court Fees and provide a CERTIFIED TRUST ACCOUNT STATEMENT pursuant to Govt. Code § 68635.

---

Date: 9/5/23                        By: _____
                                          Deputy Clerk
                              **NOTICE OF RETURNED DOCUMENT**

3002-CV [REV. 09-22-2014]                                    PAGE 1 OF 1

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 03/05/2032 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 232001U |
|---|---|---|---|---|
| VIOLATION DATE 09/13/2024 | VIOLATION TIME 16:54:00 | VIOLATION LOCATION SATF-Facility C - CELL | | |

| INMATE NOTIFICATION |
|---|

| POSTPONEMENT OF DISCIPLINARY HEARING |
|---|

| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
|---|---|---|
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

| STAFF ASSISTANT |
|---|

| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
|---|---|---|

| INVESTIGATIVE EMPLOYEE |
|---|

| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
|---|---|---|

| SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS |
|---|

See California Code of Regulations, Title 15 (CCR) for details

A.  TIME CONSTRAINTS -
    1.  A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.
    2.  The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.
    3.  REFERRAL FOR PROSECUTION - (Serious Rules Violations Only) - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)
    4.  Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

B.  INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -
    1.  General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.
    2.  Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)
    3.  Investigative Employee - (Serious Rules Violations Only) - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)
    4.  Witnesses - (Serious Rules Violations Only) - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)
    5.  Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

C.  DISPOSITION - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

D.  APPEAL - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

1/w C5-232

# DISCIPLINARY HEARING RESULTS

| Institution Name: California Substance Abuse Treatment Facility | Facility: SATF-Facility C | Log Number: 000000007467203 |
|---|---|---|
| Inmate Name: KITILYA, RAYMOND J. | CDC #: BV1639 | Bed Number: SATF-C - C 005 2 - 232001U |
| Reading Level: 02.0 | MH LOC: CCCMS | DDP Status: NCF |

## DUE PROCESS

| | |
|---|---|
| Rule Violation #: 3005(c) | Specific Act: Refusing to Accept Assigned Housing-Delaying a PO |
| Level: Serious | Offense Division: Division D |
| Offense Occurrence: 1st Occurrence | |
| Violation Date: 07/12/2024 | Violation Time: 14:55:00 |
| Hearing Date: 08/11/2024 | Hearing Time: 11:36:37 |

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 07/12/2024 | 19:15:50 | RVR Ready for Review by Supv. | A. Solis | 0 |
| 07/12/2024 | 21:19:15 | RVR Approved by Supervisor | I. Campos | 0 |
| 07/15/2024 | 07:42:35 | RVR Classified | C. Frazier | 3 |
| 07/16/2024 | 10:44:48 | Inmate Copy Served Initial Rules Violation Report; Other | L. Cerrillo | 4 |
| 07/16/2024 | 10:45:52 | SA Refused by Inmate | L. Cerrillo | 4 |

All Time Constraints Met?: Yes          SHO/HO DDP Certified?: N/A

**Due Process Additional Information:**

## HEARING

⦿
Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.
○ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive ☐ Other ☑ None

Requires Accommodation? No

### DDP Specific Information

128-C2 Reviewed? No

Current DDP Status Date: 07/03/2012

Did the Reporting Employee document the use of Adaptation Support(s)? N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|
|  |  |  |  |

| Victimization | Contribute | How | |
|---|---|---|---|
|  |  |  |  |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Mental Health Symptoms contributed to behavior:

Clinical Staff determined Developmental Disability contributed to behavior:

Clinical Staff provided information when assessing the penalties:

## STAFF ASSISTANT

Staff Assistant Assigned: No

Reason for assignment of Staff Assistant:

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Staff Assistant Additional Information:**

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|---|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true. ☐ Other confidential sources have independently provided the same information. ☐ The information provided by the confidential source is self-incriminating. ☐ Part of the information provided by the confidential source is corroborated through investigation or by information | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | provided by non-confidential sources. □ The confidential source is the victim. □ This source successfully completed a polygraph examination. | |

**Confidential Additional Information:**

---

## WITNESSES

Witnesses requested at Hearing

□ Reporting Employee          □ Staff Assistant          □ Investigative Employee

□ Other          □ Inmate          ☑ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| Name | Rank | Type | Granted? | |

**Questions Asked**

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| CDC# | Name | Bed | Granted? | |

**Questions Asked**

**Witness Additional Information:**

---

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Guilty

◉ Subject declined to make a statement
○ Subject made a statement

**Comments:**

---

## FINDINGS

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                              Offense Division:

Offense Occurrence:

**Comments:**

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: Yes

AVSS Impact: The audio/video evidence was relied upon to determine the finding in this case. The decision may have been based at least in part to other evidence that was presented.

**Comments:**

The below evidence was utilized to find Kitilya guilty of the offense:

1. The RVR dated 7/12/24, authored by Officer A. Solis which states in part; " On Friday, July 12, 2024, at approximately 1455 hours, while performing my duties as C5 Floor Officer 1, I was told that Inmate KITILYA (BV1639) was being moved to C7 203U due to him being C/C. As I went to go tell him, he stated "I do not want a celly, I want to go to Ad Seg to wait for my transfer to COR 1. I will take a write up." Inmate KITILYA has an integrated housing classification code of Racially Eligible (RE). There are no known factors precluding Inmate KITILYA from being housed with other racially eligible inmates. At approximately 1610, I advised Inmate KITILYA that his refusal would result in him receiving a 115 Rules Violation Report for violating California Code of Regulations section 3005 (c) which states "Refusing to Accept Assigned Housing. Inmates shall not refuse to accept a housing assignment such as but not limited to, an integrated housing assignment or a double cell assignment, when case factors do not preclude such."

2. The SHO reviewed BWC associated this RVR. The video captured depicts what the RE reported in their report.

3. Inmate Kitilya plea of "Guilty" during the Disciplinary Hearing

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90  Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Loss of Pay | | | | | | | | |
| Canteen Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 30 Days | Yes | ☑ | ☐ | ☐ | ☐ | 08/11/2024 | 09/10/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 30 Days | Yes | ☑ | ☐ | ☐ | ☐ | 08/11/2024 | 09/10/2024 |
| Day Room Privileges | 0 | No | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 30 Days | Yes | ☑ | ☐ | ☐ | ☐ | 08/11/2024 | 09/10/2024 |
| Property Restrictions | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

**Comments:**

Referred to Classification Committee  UCC

For ☐ RHU Term Assessment ☑ Program Review ☐ Un-Assignment ☐ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

◉ Not Applicable

○ Subject states he/she does not have Enemy or Safety Concerns.

○

One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:

○

Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?:  No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|-----------------|-------------|----------------------|---|
|  |  |  |  |
|  |  |  |  |

**Additional Information:**

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

| Hearing Official | | | |
|---|---|---|---|
| A. Palafox | | TITLE:<br>LT | DATE:<br>09/15/2024 |

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:                       CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 30 Days | Yes | ☑ | ☐ | ☐ | ☐ | 08/11/2024 | 09/10/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 30 Days | Yes | ☑ | ☐ | ☐ | ☐ | 08/11/2024 | 09/10/2024 |
| Day Room Privileges | 0 | No | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 30 Days | Yes | ☑ | ☐ | ☐ | ☐ | 08/11/2024 | 09/10/2024 |
| Property Restrictions | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

| N. Scaife ⊘ | | |
|---|---|---|
| | TITLE: CDO | DATE: 09/16/2024 |

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS



CALIFORNIA DEPARTMENT *of*
## Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 03/05/2032 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 232001U |
|---|---|---|---|---|

| VIOLATION DATE 07/12/2024 | VIOLATION TIME 14:55:00 | VIOLATION LOCATION SATF-Facility C - CELL | | WITH STG NEXUS No |
|---|---|---|---|---|

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Friday, July 12, 2024, at approximately 1455 hours, while performing my duties as C5 Floor Officer 1, I was told that Inmate KITILYA (BV1639) was being moved to C7 203U due to him being C/C. As I went to go tell him, he stated "I do not want a celly, I want to go to Ad Seg to wait for my transfer to COR 1. I will take a write up." Inmate KITILYA has an integrated housing classification code of Racially Eligible (RE). There are no known factors precluding Inmate KITILYA from being housed with other racially eligible inmates. At approximately 1610, I advised Inmate KITILYA that his refusal would result in him receiving a 115 Rules Violation Report for violating California Code of Regulations section 3005 (c) which states "Refusing to Accept Assigned Housing. Inmates shall not refuse to accept a housing assignment such as but not limited to, an integrated housing assignment or a double cell assignment, when case factors do not preclude such."

PERNER 141400

| REPORTING EMPLOYEE A. Solis | TITLE C/O | ASSIGNMENT | RDO | DATE: 07/12/2024 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000007467203  VIOLATED RULE NUMBER:  3005(c)

SPECIFIC ACT:  Refusing to Accept Assigned Housing-Delaying a PO

CLASSIFICATION

LEVEL:  Serious                                    OFFENSE DIVISION:  Division D

REFERRED TO:  Senior Hearing Officer              FELONY PROSECUTION LIKELY:  No

Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: No

| REVIEWING SUPERVISOR<br>I. Campos | TITLE<br>SERGEANT | DATE<br>07/12/2024 |
|---|---|---|

| CLASSIFIED BY<br>C. Frazier | TITLE<br>Captain | DATE<br>07/15/2024 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT



CALIFORNIA DEPARTMENT *of*
## Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 03/05/2032 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 232001U |
|---|---|---|---|---|
| VIOLATION DATE 07/12/2024 | VIOLATION TIME 14:55:00 | VIOLATION LOCATION SATF-Facility C - CELL | | |

| INMATE NOTIFICATION |
|---|

| POSTPONEMENT OF DISCIPLINARY HEARING | | |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

| STAFF ASSISTANT | | |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

| INVESTIGATIVE EMPLOYEE | | |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

| SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS |
|---|

See California Code of Regulations, Title 15 (CCR) for details

A.   TIME CONSTRAINTS -
   1.   A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.
   2.   The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.
   3.   REFERRAL FOR PROSECUTION - (Serious Rules Violations Only) - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)
   4.   Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

B.   INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -
   1.   General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.
   2.   Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)
   3.   Investigative Employee - (Serious Rules Violations Only) - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)
   4.   Witnesses - (Serious Rules Violations Only) - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)
   5.   Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

C.   DISPOSITION - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

D.   APPEAL - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# DISCIPLINARY HEARING RESULTS

| Institution Name: California Substance Abuse Treatment Facility | Facility: SATF-Facility C | Log Number: 000000007451113 |
|---|---|---|
| Inmate Name: KITILYA, RAYMOND J. | CDC #: BV1639 | Bed Number: SATF-C - C 005 2 - 232001U |
| Reading Level: 02.0 | MH LOC: CCCMS | DDP Status: NCF |

## DUE PROCESS

Rule Violation #: 3041(a)                     Specific Act: Refusal to perform assigned duties

Level: Administrative                              Offense Division:

Offense Occurrence: 1st Occurrence

Violation Date: 05/30/2024                   Violation Time: 08:28:00

Hearing Date: 06/10/2024                     Hearing Time: 07:40:00

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 05/30/2024 | 11:24:49 | RVR Ready for Review by Supv. | A. Sanchez | 0 |
| 06/02/2024 | 21:57:57 | RVR Approved by Supervisor | J. Martin | 3 |
| 06/03/2024 | 06:45:51 | RVR Classified | C. Frazier | 4 |
| 06/09/2024 | 07:25:21 | Inmate Copy Served Initial Rules Violation Report | L. Cerrillo | 10 |
| 06/09/2024 | 07:25:50 | SA Refused by Inmate | L. Cerrillo | 10 |

All Time Constraints Met?:  Yes                  SHO/HO DDP Certified?:  N/A

**Due Process Additional Information:**

Subject received initial copy of the RVR within 15 days of discovery and the hearing is being conducted within 30 days. There are no due process issues.

## HEARING

Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.
○ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

Subject refused to attend hearing to Correctional Officer V. Benitez, which is documented on a 128 Chrono.

## DISABILITY

☐ Hearing  ☐ Vision  ☐ Mobility  ☐ Learning  ☐ Developmental/Cognitive  ☐ Other  ☑ None

Requires Accommodation?  No

### DDP Specific Information

128-C2 Reviewed?  No

Current DDP Status Date: 07/03/2012

Did the Reporting Employee document the use of Adaptation Support(s)?  N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | | | |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Mental Health Symptoms contributed to behavior:

Clinical Staff determined Developmental Disability contributed to behavior:

Clinical Staff provided information when assessing the penalties:

## STAFF ASSISTANT

Staff Assistant Assigned: No

Reason for assignment of Staff Assistant:

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---|---|---|---|---|---|
| | | | | | |

**Staff Assistant Additional Information:**

Subject waived his right to a Staff Assistant (SA), which is indicated by his signature and date on page three (3) of the RVR.

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

### Investigative Employee Additional Information:

Does Not Meet Criteria pursuant to Title 15 Section 3315 (d) (1).

## CONFIDENTIAL INFORMATION

Confidential Information Used:  No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|---|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true. ☐ Other confidential sources have independently provided the same information. ☐ The information provided by the confidential source is self-incriminating. ☐ Part of the information provided by | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | the confidential source is corroborated through investigation or by information provided by non-confidential sources.<br>☐ The confidential source is the victim.<br>☐ This source successfully completed a polygraph examination. | |

**Confidential Additional Information:**

---

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee      ☐ Staff Assistant      ☐ Investigative Employee

☐ Other      ☐ Inmate      ☑ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| Name | Rank | Type | Granted? | |
| | | | | |

**Questions Asked**

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| CDC# | Name | Bed | Granted? | |
| | | | | |

**Questions Asked**

**Witness Additional Information:**

---

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Inmate Refused to attend hearing. No plea entered.

☐ Subject declined to make a statement
☐ Subject made a statement

**Comments:**

---

## FINDINGS

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                   Offense Division:

Offense Occurrence:

**Comments:**

This finding was established based upon the preponderance of evidence presented at the hearing, which substantiated this charge.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available:  No

AVSS Impact:

**Comments:**

Inmate KITILYA, BV1639, is being found GUILTY of violating Title 15 CCR Section 3041(a)-[05], for the specific act of "Refusal to perform assigned duties." The specific evidence supporting this finding is:

1. The Rules Violation Report speaks in part, "Inmate KITILYA, (BV-1639, C5-232U) did not report to his job assignment as C2 CLEAN-UP/PLANT OPS yard crew worker, position number YDW.003.003. When he did not report to work, I entered Building C5 and approached his cell door. I informed KTITLYA that he needed to report to his job assignment, or he would receive progressive discipline for failing to report to his job assignment. He stated, "Do what you got to do" and refused to report to work."

2. This HO notes there was no video available due to being an administrative offense. Therefore, no video footage was preserved.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | 30  Days | No | ☐ | ☐ | ☐ | ☐ | 06/10/2024 | 07/10/2024 |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:

☐ Impose Suspended Sanctions            ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

Loss of Property: GTL Tablet for 30 days.

**Comments:**

Referred to Classification Committee  UCC

For ☐ RHU Term Assessment  ☐ Program Review  ☑ Un-Assignment  ☐ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

⦿ Not Applicable

○ Subject states he/she does not have Enemy or Safety Concerns.

○
One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:

○
Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?:  No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |
| | | | |

**Additional Information:**

## CREDIT RESTORATION

☐ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☐ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

| Hearing Official | |
|---|---|
| S. Rodriguez | ⦾ |
| | TITLE: Sgt |
| | DATE: 06/10/2024 |

**FINDINGS (BY CDO)**

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                            Offense Division:

Offense Occurrence:                              CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 06/10/2024 | 07/10/2024 |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

| S. Marsh | | TITLE: AW | DATE: 06/11/2024 |
|---|---|---|---|

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER<br>BV1639 | INMATE'S NAME<br>KITILYA, RAYMOND J. | EPRD<br>12/12/2031 | FACILITY<br>SATF-Facility C | HOUSING LOCATION<br>SATF-C - C 005 2 - 232001U |
|---|---|---|---|---|
| VIOLATION DATE<br>05/19/2024 | VIOLATION TIME<br>10:52:00 | VIOLATION LOCATION<br>SATF-Facility C - CELL | | WITH STG NEXUS<br>No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On 5/19/2024 at approximately 1052 hours, while I was assigned to Facility C Building 5 Floor #2. I was conducting a security check on the top tier of Facility C Building 5, when I approached cell C5-232 solely occupied by inmate KITILYA BV1639, I observed paper covering the front cell window and the back of the cell window. I gave a direct verbal order to KITILYA to take down the front window covering and the back window covering he refused. By having window coverings, it creates a safety and security issue as it obstructs my view into the cell ensuring that they're alive, breathing, and well. CCR Title 15 3005(b) Conduct states, "Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees."

Perner #91983

| REPORTING EMPLOYEE<br>J. Conway | TITLE<br>CO | ASSIGNMENT<br>C5 Floor 2 | RDO<br>FRI/SAT | DATE:<br>05/19/2024 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000007445193  VIOLATED RULE NUMBER:  3005(b)

SPECIFIC ACT:  Disobeying an Order

CLASSIFICATION

LEVEL:  Serious                           OFFENSE DIVISION:  Division F

REFERRED TO:  Senior Hearing Officer         FELONY PROSECUTION LIKELY:  No

Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: N/A

| REVIEWING SUPERVISOR | TITLE | DATE |
|---|---|---|

| N. Miller | SGT | 05/19/2024 |
|---|---|---|

| CLASSIFIED BY<br>C. Frazier | TITLE<br>Captain | DATE<br>05/20/2024 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 12/12/2031 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 232001U |
|---|---|---|---|---|
| VIOLATION DATE 05/19/2024 | VIOLATION TIME 10:52:00 | VIOLATION LOCATION SATF-Facility C - CELL | | |

INMATE NOTIFICATION

POSTPONEMENT OF DISCIPLINARY HEARING

| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign     ☐ Unable to Sign | DATE |
|---|---|---|
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign     ☐ Unable to Sign | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE ☐ Refuse to Sign     ☐ Unable to Sign | DATE |

STAFF ASSISTANT

| ☐ REQUESTED     ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign     ☐ Unable to Sign | DATE |
|---|---|---|

INVESTIGATIVE EMPLOYEE

| ☐ REQUESTED     ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign     ☐ Unable to Sign | DATE |
|---|---|---|

SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS

See California Code of Regulations, Title 15 (CCR) for details

A. TIME CONSTRAINTS -
1. A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.
2. The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.
3. REFERRAL FOR PROSECUTION - (Serious Rules Violations Only) - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)
4. Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

B. INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -
1. General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.
2. Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)
3. Investigative Employee - (Serious Rules Violations Only) - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)
4. Witnesses - (Serious Rules Violations Only) - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)
5. Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

C. DISPOSITION - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

D. APPEAL - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**



# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: California Substance Abuse Treatment Facility | Facility: SATF-Facility C | Log Number: 000000007445193 |
| Inmate Name: KITILYA, RAYMOND J. | CDC #: BV1639 | Bed Number: SATF-C - C 005 2 - 232001U |
| Reading Level: 02.0 | MH LOC: CCCMS | DDP Status: NCF |

## DUE PROCESS

| | |
|---|---|
| Rule Violation #: 3005(b) | Specific Act: Disobeying an Order |
| Level: Serious | Offense Division: Division F |
| Offense Occurrence: 2nd Occurrence | |
| Violation Date: 05/19/2024 | Violation Time: 10:52:00 |
| Hearing Date: 05/29/2024 | Hearing Time: 20:03:00 |

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| | Actions Taken | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 05/19/2024 | 11:19:54 | RVR Ready for Review by Supv. | J. Conway | 0 |
| 05/19/2024 | 11:23:04 | RVR Approved by Supervisor | N. Miller | 0 |
| 05/20/2024 | 08:13:12 | RVR Classified | C. Frazier | 1 |
| 05/21/2024 | 10:35:51 | Inmate Copy Served Initial Rules Violation Report; Other | L. Cerrillo | 2 |
| 05/21/2024 | 10:36:51 | SA Refused by Inmate | L. Cerrillo | 2 |

All Time Constraints Met?:  Yes                    SHO/HO DDP Certified?:  N/A

**Due Process Additional Information:**

## HEARING

◉
Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.
○ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

inmate KITILYA willfully and deliberately refused to cooperate and attend the RVR Hearing to present any available evidence or information to refute the charges presented against in the RVR.

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive ☐ Other ☑ None

Requires Accommodation? No

### DDP Specific Information

128-C2 Reviewed? No

Current DDP Status Date: 07/03/2012

Did the Reporting Employee document the use of Adaptation Support(s)? N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | | | |

Disability Additional Information:

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:  N/A

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:  N/A

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:  N/A

Clinical Staff determined Mental Health Symptoms contributed to behavior:  N/A

Clinical Staff determined Developmental Disability contributed to behavior:  N/A

Clinical Staff provided information when assessing the penalties:  N/A

## STAFF ASSISTANT

Staff Assistant Assigned: No

Reason for assignment of Staff Assistant:

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---|---|---|---|---|---|
| | | | | | |

**Staff Assistant Additional Information:**

Subject waived the assignment of staff assistant as indicated on the 115A

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|---|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true. ☐ Other confidential sources have independently provided the same information. ☐ The information provided by the confidential source is self-incriminating. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources.<br>☐ The confidential source is the victim.<br>☐ This source successfully completed a polygraph examination. | |

**Confidential Additional Information:**

---

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee      ☐ Staff Assistant      ☐ Investigative Employee

☐ Other      ☐ Inmate      ☑ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| Name | Rank | Type | Granted? | |
| | | | | |

**Questions Asked**

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| CDC# | Name | Bed | Granted? | |
| | | | | |

**Questions Asked**

**Witness Additional Information:**

---

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: | Not Guilty |

◉ Subject declined to make a statement
◯ Subject made a statement

**Comments:**

---

## FINDINGS

Subject was found: | Guilty as Charged | based on a preponderance of evidence.

Lesser Included Charge:

Level:   '                          Offense Division:

Offense Occurrence:

**Comments:**

inmate KITILYA willfully and deliberately refused to cooperate and attend the RVR Hearing to present any available evidence or information to refute the charges presented against in the RVR.

GUILTY based on the BWC and RVR.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: | Yes |

AVSS Impact: The audio/video evidence was not relied upon to determine the finding in this case.

**Comments:**

1.In the content of the RVR dated 5/19/2024 the reporting employee states I was conducting a security check on the top tier of Facility C Building 5, when I approached cell C5-232 solely occupied by inmate KITILYA BV1639, I observed paper covering the front cell window and the back of the cell window. I gave a direct verbal order to KITILYA to take down the front window covering and the back window covering he refused.

2.A review of the BWC clearly captured the reporting employee giving Kitilya a direct order to remove the window covering. Kitilya did not comply and remove the covers.

3.Kitilya clearly disobey orders as covered in CCR Title 15 3005 which states "Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees."

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 05/29/2024 | 06/28/2024 |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

**Comments:**

Referred to Classification Committee  N/A

For ☐ RHU Term Assessment ☐ Program Review ☐ Un-Assignment ☐ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

◉ Not Applicable

○ Subject states he/she does not have Enemy or Safety Concerns.

○
One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:

○
Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?:  No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |

**Additional Information:**

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

| **Hearing Official** |
|---|
| E. Williams |

TITLE:
LT

DATE:
06/03/2024

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                          Offense Division:

Offense Occurrence:                    CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 05/29/2024 | 06/28/2024 |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

| S. Marsh | | TITLE:<br>AW | DATE:<br>06/05/2024 |
|---|---|---|---|

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER BV1639 | INMATE'S NAME KITILYA, RAYMOND J. | EPRD 03/05/2032 | FACILITY SATF-Facility C | HOUSING LOCATION SATF-C - C 005 2 - 232001U |
|---|---|---|---|---|
| VIOLATION DATE 09/13/2024 | VIOLATION TIME 16:54:00 | VIOLATION LOCATION SATF-Facility C - CELL | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Friday, September 13, 2024, at approximately 1654 hours I was assigned to Facility C Building 5 floor #2 officer, when I approached inmate Kitilya BV1639 (C5-232U) to inform him that he would be getting a cell mate Taylor BC3518 from R&R. Kitilya stated he refused to house with inmate Taylor BC3518. I notified Kitilya that he would be receiving an RVR. Based on Kitilya refusal to accept a compatible cellmate, he is Willfully Delaying a Peace Officer in the Performance of their Duty, as staff is attempting to enforce the California Department of Corrections and Rehabilitation Double Cell Housing and is in violation of the California Code of Regulations (CCR) Title 15, Section 3005 (c) Refusing to Accept Assigned Housing. Inmates shall not refuse to accept a housing assignment such as but not limited to, an integrated housing assignment or a double cell assignment, when case factors do not preclude such. Kitilya delayed my duties approximately 5 minutes.

Perner 91983 BWC 332325

| REPORTING EMPLOYEE J. Conway | TITLE CO | ASSIGNMENT C5 FLOOR 2 | RDO SUN/MON | DATE: 09/13/2024 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000007496179  VIOLATED RULE NUMBER:  3005(c)

SPECIFIC ACT:  Refusing to Accept Assigned Housing-Delaying a PO

CLASSIFICATION

LEVEL:  Serious                                    OFFENSE DIVISION:  Division D

REFERRED TO:  Senior Hearing Officer               FELONY PROSECUTION LIKELY:  No

Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: No

| REVIEWING SUPERVISOR J. Martin | TITLE sgt | DATE 09/15/2024 |
|---|---|---|

| CLASSIFIED BY<br>C. Frazier | TITLE<br>Captain | DATE<br>09/16/2024 |
| --- | --- | --- |

CDCR SOMS ISST120 - RULES VIOLATION REPORT

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: California Substance Abuse Treatment Facility | Facility: SATF-Facility C | Log Number: 000000007496179 |
| Inmate Name: KITILYA, RAYMOND J. | CDC #: BV1639 | Bed Number: SATF-C - C 005 2 - 232001U |
| Reading Level: 02.0 | MH LOC: CCCMS | DDP Status: NCF |

## DUE PROCESS

Rule Violation #: 3005(c) — Specific Act: Refusing to Accept Assigned Housing-Delaying a PO

Level: Serious — Offense Division: Division D

Offense Occurrence: 3rd (or more) Occurrence

Violation Date: 09/13/2024 — Violation Time: 16:54:00

Hearing Date: 10/20/2024 — Hearing Time: 20:07:15

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

### Actions Taken

| Date | Time | Type/Reason | Staff | Elapsed Days |
|---|---|---|---|---|
| 09/13/2024 | 19:25:34 | RVR Ready for Review by Supv. | J. Conway | 0 |
| 09/15/2024 | 20:53:38 | RVR Approved by Supervisor | J. Martin | 2 |
| 09/16/2024 | 07:32:59 | RVR Classified | C. Frazier | 3 |
| 09/24/2024 | 11:10:03 | Inmate Copy Served Initial Rules Violation Report; Other | L. Cerrillo | 11 |
| 09/24/2024 | 11:10:46 | SA Assigned | L. Cerrillo | 11 |
| 09/24/2024 | 11:11:03 | SA Inmate Interaction | L. Cerrillo | 11 |
| 09/24/2024 | 11:11:46 | SA Unassigned | L. Cerrillo | 11 |
| 09/24/2024 | 11:18:43 | SA Refused by Inmate | L. Cerrillo | 11 |

All Time Constraints Met?: Yes — SHO/HO DDP Certified?: N/A

**Due Process Additional Information:**

## HEARING

Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.

○ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

[                                                                              ]

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive ☐
Other ☑ None

Requires Accommodation? No

### DDP Specific Information

128-C2 Reviewed? No                                    Current DDP Status Date:
                                                       07/03/2012

Did the Reporting Employee document the use of Adaptation Support(s)? N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| [          ] | | [          ] | |

| Victimization | Contribute | How | |
|---|---|---|---|
| [          ] | | [          ] | |

**Disability Additional Information:**

[                                                                              ]

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Mental Health Symptoms contributed to behavior:

Clinical Staff determined Developmental Disability contributed to behavior:

Clinical Staff provided information when assessing the penalties:

## STAFF ASSISTANT

Staff Assistant Assigned: Yes

Reason for assignment of Staff Assistant: TABE Score 4.0 or below

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---|---|---|---|---|---|
| L. Cerrillo | 09/24/2024 | Yes | Yes | Yes | |

**Staff Assistant Additional Information:**

| |
|---|

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

**Investigative Employee Additional Information:**

| |
|---|

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential |
|---|---|---|---|---|---|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). <br> ☐ Information which, if known to inmates, would jeopardize the security of the institution. <br> ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. <br> ☐ Information provided and classified confidential by another governmental agency. <br> ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
| | | | | be true. ☐ Other confidential sources have independently provided the same information. ☐ The information provided by the confidential source is self-incriminating. ☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources. ☐ The confidential source is the victim. ☐ This source successfully completed a polygraph examination. |

**Confidential Additional Information:**

---

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee        ☐ Staff Assistant        ☐ Investigative Employee
☐ Other                     ☐ Inmate                 ☑ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| Name | Rank | Type | Granted? | |

**Questions Asked**

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| CDC# | Name | Bed | Granted? | |

**Questions Asked**

**Witness Additional Information:**

---

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Not Guilty entered on behalf of inmate by Hearing Official

◉ Subject declined to make a statement
○ Subject made a statement

**Comments:**

## FINDINGS

Subject was found: | Guilty as Charged | based on a preponderance of evidence.

Lesser Included Charge:

Level:                                                    Offense Division:

Offense Occurrence:

**Comments:**

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: | Yes |

AVSS Impact: The audio/video evidence was relied upon to determine the finding in this case. The decision may have been based at least in part to other evidence that was presented.

**Comments:**

The below evidence was utilized to find Kitilya guilty of the offense:

1. The RVR dated 9/13/24, authored by Officer J. Conway which states in part; " On Friday, September 13, 2024, at approximately 1654 hours I was assigned to Facility C Building 5 floor #2 officer, when I approached inmate Kitilya BV1639 (C5-232U) to inform him that he would be getting a cell mate Taylor BC3518 from R&R. Kitilya stated he refused to house with inmate Taylor BC3518. I notified Kitilya that he would be receiving an RVR. Based on Kitilya refusal to accept a compatible cellmate, he is Willfully Delaying a Peace Officer in the Performance of their Duty, as staff is attempting to enforce the California Department of Corrections and Rehabilitation Double Cell Housing and is in violation of the California Code of Regulations (CCR) Title 15, Section 3005 (c) Refusing to Accept Assigned Housing. Inmates shall not refuse to accept a housing assignment such as but not limited to, an integrated housing assignment or a double cell assignment, when case factors do not preclude such. Kitilya delayed my duties approximately 5 minutes."

2. BWC footage was reviewed in relation to the RVR and footage coincides with the reporting employee report.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90  Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | 180 Days | No | ☐ | ☐ | ☐ | ☐ | 10/20/2024 | 04/18/2025 |
| Phone Privileges | 180 Days | No | ☐ | ☐ | ☐ | ☐ | 10/20/2024 | 04/18/2025 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 180 Days | No | ☐ | ☐ | ☐ | ☐ | 10/20/2024 | 04/18/2025 |
| Property Restrictions | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---------------|----------|-----------|---------------------|-----|--------|------|------------|----------|
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

**Comments:**

Referred to Classification Committee  UCC

For ☐ RHU Term Assessment ☑ Program Review ☐ Un-Assignment ☐ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

◉ Not Applicable

○ Subject states he/she does not have Enemy or Safety Concerns.

○
One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:

○
Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?:  No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|-----------------|-------------|----------------------|--|
| | | | |

**Additional Information:**

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

| Hearing Official | | |
|---|---|---|
| A. Palafox | TITLE: LT | DATE: 10/27/2024 |

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                      Offense Division:

Offense Occurrence:                         CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | 180 Days | No | ☐ | ☐ | ☐ | ☐ | 10/20/2024 | 04/18/2025 |
| Phone Privileges | 180 Days | No | ☐ | ☐ | ☐ | ☐ | 10/20/2024 | 04/18/2025 |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 180 Days | No | ☐ | ☐ | ☐ | ☐ | 10/20/2024 | 04/18/2025 |
| Property Restrictions | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

| J. Vaca ✓ | | |
|---|---|---|
| | TITLE: Associate Warden (A) | DATE: 11/04/2024 |

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

**CALIFORNIA DEPARTMENT of**
## Corrections and Rehabilitation

## INMATE PROPERTY INVENTORY

| OFFENDER NAME | CDC NUMBER | FACILITY | CELL/HOUSING UNIT |
|---|---|---|---|
| KITILYA, RAYMOND J. | BV1639 | SVSP-Facility B [SVSP-B] | |

| PURPOSE |
|---|
| Segregation |

NOTE: Some property items listed on this form may be restricted by local institution policies and procedures.

| ITEM | QUANTITY | | UNIT OF MEASURE | ITEM | QUANTITY | | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|
| | FULL | PARTIAL | | | FULL | PARTIAL | |
| **PERSONAL CARE/HYGIENE - LOCATION: Receiving and Release** | | | | | | | |
| Comb | 1 | 0 | Each | Over the Counter Medication | 7 | 0 | Each |
| | | | | | | | |
| **PERSONAL CLOTHING - LOCATION: Receiving and Release** | | | | | | | |
| Shower Shoes | 1 | 0 | Pair | | | | |
| **PERSONAL ITEMS - LOCATION: Receiving and Release** | | | | | | | |
| Books | 4 | 0 | Each | Legal Material | 1 | 0 | Box |
| Magazines | 2 | 0 | Each | | | | |

I acknowledge and understand that the Department of Corrections and Rehabilitation grants me the privilege of possessing the above described property, specifically conditioned on my agreement to abide by not trading, loaning, giving, selling or otherwise exchanging any of the above-described property with any other offender without the written pre-authorization of the Warden/Designee.

Refused to Sign

Signature of Offender                                    Date Signed

A. Camacho [CAAN158]

12/10/2024

Signature of Staff Member                                Date Signed

CDCR SOMS ISST200 - INMATE PROPERTY INVENTORY



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

05/22/2024

# RELEASE DATE CHANGE NOTICE

| INMATE NAME: | KITILYA, RAYMOND JUSTO | CDC #: | BV1639 |
|---|---|---|---|
| FACILITY: | SATF-Facility C | HOUSING: | C 005 2 - 232001U |

| ASSIGNED CASE RECORDS ANALYST: | REASON FOR RELEASE DATE CHANGE: |
|---|---|
| S. Rodriguez | Not available |
| ASSIGNED CORRECTIONAL COUNSELOR: | |
| Y. Arnold | |

| CONTROLLING RELEASE DATE | | TYPE OF DATE |
|---|---|---|
| BEFORE: | 06/29/2030 | EPRD |
| AFTER: | 07/19/2030 | EPRD |

Applied 30 Day Credit loss.

 INMATE COPY

STATE OF CALIFORNIA — CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

### CalcIT CALCULATION WORKSHEET - DETERMINATE (DSL)

Page 1 of 2

| Credit Code | 4 | | |
|---|---|---|---|
| CR Earned % | 33.3 % | Earned Factor (A11) | 3 |
| Vested % | 33.3 % | Vested Factor (A4) | 2 |

**Case Number**

KA131349

## Section A - Original EPRD Calculation

This is the initial EPRD calculation that is done upon reception. This EPRD remains throughout the term, unless there is a change in credit earning status, program credits and/or credit losses/credit restorations.

| A1. | Term Start Date | | 05/24/2023 |
|---|---|---|---|
| A2. | Plus Time Imposed | + | 11 YRS 4 MOS 0 DYS |
| | | = | 09/24/2034 |
| A3. | Minus PRE & Post (PST) Sentence Credit | - | 249 PRE 35 PST |
| | | = | 12/14/2033 |
| A4. | Minus Vested Credit Divide (A3 PST) by Vested Factor above. (Drop decimals) | ÷ | 17 |
| | | = | 11/27/2033 |
| A5. | Plus Dead Time/Minus Merit Credit | + | 0 DT - 0 MC |
| **A6.** | **Equals Maximum Date** | = | 11/27/2033 |
| | If change in credit earning(s),credit loss, Reeves, program credits, etc. Stop here and proceed to Section B. | | |

| A7. | Minus Day Before Start Date (Line A1) | - | |
| A8. | Equals Days to Serve | = | |
| A9. | Minus Dead Time (A5) | - | |
| A10. | Equals Days where credit may be applied | = | |
| A11. | Equals CDCR Good Conduct Credit (GCC), divide (Line A10) by Earned Factor above. (Drop Decimals except Credit Code 2, Round Up) | = | |

| **A12.** | **Maximum Date (Line A6)** | = | |
| A13. | Minus CDCR GCC (Line A11) | - | |

| **A14.** | **Equals Original EPRD** | = | |

## Section B - Recalculation of EPRD (change in credit earning status, credit loss/credit restoration, etc.)

**Step 1:** Accumulation of CDCR GCC for days previously earned and projected future credit. Record fractional amounts of credit (2 decimal places).

| **B1.** | **Maximum Date (Line A6)** | = | 11/27/2033 |
|---|---|---|---|
| B2. | Minus CDCR GCC Earned Section D Total Credit w/fractions or Section G (Line G9). | - | 0.5 |
| B3. | Plus Net Credit Loss (Section E Total) Leave Line B3 Blank if Credit Code 2 (PC2931) | + | 90 |
| B4. | Equals Current Release Date (CRD) Calculation ends here if: -Credit Code 2 proceed to B12 | = | 02/25/2034 |
| B5. | Minus Date Credit Applied Through (Section D Only) | - | 05/24/2023 |
| B6. | Equals Days remaining to serve as of date credit applied | = | 3930 |

B7. Divide Line B6 by Projected Factor as follows to project CDCR GCC. If Projected Factor is equal to 99, divide by 3 then multiply by 2.

| | Projected % | Work Group | Projected Factor |
|---|---|---|---|
| | 33.3 % | A1 | 3 |

| | Equals Projected CDCR GCC | = | 1310 |
|---|---|---|---|

B8. Total CDCR GCC - Accumulate Fractional Credit

| Line B2 | 0.5 | (incl. fractions) | |
|---|---|---|---|
| + | | | |
| Line B7 | 1310 | (incl. fractions) | = 1310.5 |

**Step 2: Recalculate EPRD**

| **B9.** | **Maximum Date (Line A6/B1)** | = | 11/27/2033 |
|---|---|---|---|
| B10. | Minus Total CDCR GCC (Line B8,drop decimals) | - | 1310 |
| B11. | Plus Net Credit Lost (Section E Total) | + | 90 |
| B12. | Minus Program Credit (Section F Total) | - | 7 |
| **B13.** | **Equals Adjusted EPRD** | = | 07/19/2030 |

APPLIED 30 DAY CREDIT LOSS.

| CALCULATED BY RODRIGUEZ, S   Correctional Case Records Analyst | DATE 05/22/2024 09:56 AM |
|---|---|
| INMATE'S NAME KITILYA, RAYMOND | CDCR NUMBER BV1639 | LOCATION SATF-C |

INMATE COPY

STATE OF CALIFORNIA    CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

Calc*IT* CALCULATION WORKSHEET - DETERMINATE (DSL)    Page 2 of 2

## Section D – Tracking Work Group (WG) Changes and CDCR Good Conduct Credit (GCC) Earned.

GCC is applied in whole day increments; however, fractional credit is accumulated and applied when the accumulated credit reaches a whole day. Record all fractions using 2 decimals and apply any credit earning changes through the first day of the current credit earning.

**Workgroups A1, A2, B, D1, U:**
Credit Earning **15%** - Divide total days by **5.66**
Credit Earning **20%** - Divide total days by **4**
Credit Earning **33.3%** - Divide total days by **2**
Credit Earning **50%** - Divide total days by **1**

**Workgroups C and D2 earn zero for all offenders EXCEPT:**
Effective **5/1/2021 - 12/27/2021** C and D2 earn credit at whatever percentage is allowable according to the regulations at that time.

**Workgroup M – Determinate offenders only:**
Credit Earning 50%:
   Effective **5/1/2021 - 4/30/2021** 66.6% - Multiply total days by **2.**
   Effective **5/1/2021 - 12/27/2021** MSC awarded in lieu of enhanced GCC.
   Effective **12/28/2021** 66.6% - Multiply total days by **2** (includes 2nd striker).

**Workgroup F – Determinate offenders only:**
Credit Earning 50%:
   Effective **1/2/2003 - 4/30/2021** 66.6% - Multiply total days by **2.**
   Effective **5/1/2021 - 12/27/2021** MSC awarded in lieu of enhanced GCC.
   Effective **12/28/2021** 66.6% - Multiply total days by **2** (includes 2nd striker).
Credit Earning 20%:
   Effective **5/1/2017 - 4/30/2021** 50% - Divide total days by **1** (violent offender).
Credit Earning 33.3%:
   Effective **5/1/2017 - 4/30/2021** 66.6% - Multiply total days by **2** (2nd striker).
   Effective **5/1/2021 - 12/27/2021** MSC awarded in lieu of enhanced GCC.
   Effective **12/28/2021** 50% - Divide total days by **1** (violent offender).

**PC 2931 one-third or Credit Code 2:** Workgroup changes do not affect these calculations.

| Credit Rate | WG | From Date | Thru Date | Total Days* | Credit |
|---|---|---|---|---|---|
| 33.3 | A1 | 05/24/2023 | 05/24/2023 | 1 | 0.50 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Total Credit ► ► ►   0.50

*Total Days equals "Thru Date" minus "From Date" + 1 Day

## Section E - Tracking Credit Losses and Restorations

| CDCR 115 | Losses Lost | Losses Rest | NET | CDCR 115 | Losses Lost | Losses Rest | NET | CDCR 115 | Losses Lost | Losses Rest | NET | CDCR 115 | Losses Lost | Losses Rest | NET |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/21/2023 | 90 | 90 | 0 | 03/29/2024 | 30 | 0 | 30 | 03/31/2024 | 30 | 0 | 30 | 05/05/2024 | 30 | 0 | 30 |
| | | | | | | | | | | | | Total | | | 90 |

## Section F - Program Credits Earned

(1-Banked Credit, 2-Carry Over, 3-Banked/Carry Over Applied, 4-Effective Date, 5-NV 15 Day, 6-PC 3058.9, 7-PC 3058.6)

| Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MCC | 10/11/2023 | 7 | 0 | | | | | | | | | | | |
| | | | | | | | | | | | | | | |

| MCC | RAC | EMC | ECC | MSC | Total Program Credits Applied |
|---|---|---|---|---|---|
| 7 | 0 | 0 | 0 | 0 | 7 |

| CALCULATED BY | | DATE |
|---|---|---|
| **RODRIGUEZ, S    Correctional Case Records Analyst** | | **05/22/2024 09:56 AM** |
| INMATE'S NAME **KITILYA, RAYMOND** | CDCR NUMBER **BV1639** | LOCATION **SATF-C** |



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

## OFFICE OF GRIEVANCES DECISION

**Offender Name:** KITILYA, RAYMOND JUSTO          **Date:** 07/03/2024
**CDC#:** BV1639
**Current Location:** SATF-Facility C          **Current Area/Bed:** C 005 2 - 232001LJ

**Log #:** 000000581390

**Claim #: 001**

**Received at Institution/Parole Region:**          California Substance Abuse Treatment Facility
**Submitted to Facility/Parole District:**          California Substance Abuse Treatment Facility
**Housing Area/Parole Unit:**
**Category:** Offender Resources          **Sub-Category:**          Law Library

The California Department of Corrections and Rehabilitation received your grievance on 06/21/2024 which you submitted on 06/20/2024. Your request for an interview, item, assistance, or service was redirected to appropriate staff in accordance with the California Code of Regulations, title 15.

Your request will be addressed by appropriate staff at California Substance Abuse Treatment Facility, as determined by the Reviewing Authority.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Redirected**

STATE OF CALIFORNIA

**APPEAL OF GRIEVANCE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

CDCR 602-2 (Rev. 01/22)

Page 1 of 2

| STAFF USE ONLY | OGT Log No: ___ 000000581390 ___ Date Received: _____ |
| | Decision Due Date: _____ |
| | Categories: _____ |

**Claimant Name:** _____ KITILYA, RAYMOND JUSTO _____   **CDCR #:** _____ BV1639

**Institution/Parole Region:** _____   **Current Housing/Parole Unit:** _____

**STAFF USE ONLY**

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** _____ 000000581390 _____          **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_ _____

_____

_____

_____

_____

_____

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**

The Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances when reviewing your appeal, but will <u>not</u> consider any new documentation. Therefore, it is recommended you not attach any documentation to this form. **Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _____          **Date Signed:** _____

_ADA Accessible_



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation



INMATE COPY

10/22/2024

# RELEASE DATE CHANGE NOTICE

| INMATE NAME: | KITILYA, RAYMOND JUSTO | | CDC #: | BV1639 |
|---|---|---|---|---|
| FACILITY: | ~~SATF Facility C~~ HDSP | | HOUSING: | C 005 2 - 232001U |

| ASSIGNED CASE RECORDS ANALYST: | REASON FOR RELEASE DATE CHANGE: |
|---|---|
| S. Nava | Not available |
| ASSIGNED CORRECTIONAL COUNSELOR: | |
| Y. Arnold | |

| CONTROLLING RELEASE DATE | | TYPE OF DATE |
|---|---|---|
| BEFORE: | 09/17/2030 | EPRD |
| AFTER: | 11/16/2030 | EPRD |

STATE OF CALIFORNIA · CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

### Calc*IT* CALCULATION WORKSHEET - DETERMINATE (DSL)

Page 1 of 2

| Credit Code | 4 | | |
|---|---|---|---|
| CR Earned % | 33.3 % | Earned Factor (A11) | 3 |
| Vested % | 33.3 % | Vested Factor (A4) | 2 |

**Case Number**

KA131349

## Section A - Original EPRD Calculation

This is the initial EPRD calculation that is done upon reception. This EPRD remains throughout the term, unless there is a change in credit earning status, program credits and/or credit losses/credit restorations.

| A1. | Term Start Date | | 05/24/2023 |
|---|---|---|---|
| A2. | Plus Time Imposed | + | 11 YRS 4 MOS 0 DYS |
| | | = | 09/24/2034 |
| A3. | Minus PRE & Post (PST) Sentence Credit | - | 249 PRE 35 PST |
| | | = | 12/14/2033 |
| A4. | Minus Vested Credit Divide (A3 PST) by Vested Factor above. (Drop decimals) | - | 17 |
| | | = | 11/27/2033 |
| A5. | Plus Dead Time/Minus Merit Credit | + | 0 DT - 0 MC |
| **A6.** | **Equals Maximum Date** | = | 11/27/2033 |
| | If change in credit earning(s),credit loss, Reeves, program credits, etc. Stop here and proceed to Section B. | | |
| A7. | Minus Day Before Start Date (Line A1) | - | |
| A8. | Equals Days to Serve | = | |
| A9. | Minus Dead Time (A5) | = | |
| A10. | Equals Days where credit may be applied | = | |
| A11. | Equals CDCR Good Conduct Credit (GCC), divide (Line A10) by Earned Factor above. (Drop Decimals except Credit Code 2, Round Up) | = | |
| **A12.** | **Maximum Date (Line A6)** | = | |
| A13. | Minus CDCR GCC (Line A11) | | |
| **A14.** | **Equals Original EPRD** | = | |

## Section B - Recalculation of EPRD (change in credit earning status, credit loss/credit restoration, etc.)

**Step 1:** Accumulation of CDCR GCC for days previously earned and projected future credit. Record fractional amounts of credit (2 decimal places).

| **B1.** | **Maximum Date (Line A6)** | = | 11/27/2033 |
|---|---|---|---|
| B2. | Minus CDCR GCC Earned Section D Total Credit w/fractions or Section G (Line G9), | - | 193.5 |
| B3. | Plus Net Credit Loss (Section E Total) Leave Line B3 Blank if Credit Code 2 (PC2931) | + | 210 |
| B4. | Equals Current Release Date (CRD) Calculation ends here if: -Credit Code 2 proceed to B12 | = | 12/14/2033 |
| B5. | Minus Date Credit Applied Through (Section D Only) | - | 10/11/2024 |
| B6. | Equals Days remaining to serve as of date credit applied | = | 3351 |
| B7. | Divide Line B6 by Projected Factor as follows to project CDCR GCC. If Projected Factor is equal to 99, divide by 3 then multiply by 2. | | |

| | Projected % | Work Group | Projected Factor |
|---|---|---|---|
| | 33.3 % | A1 | 3 |

Equals Projected CDCR GCC = 1117

| B8. | Total CDCR GCC - Accumulate Fractional Credit |
|---|---|

Line B2 ___193.5___ (incl. fractions)

+

Line B7 ___1117___ (incl. fractions) = 1310.5

**Step 2: Recalculate EPRD**

| **B9.** | **Maximum Date (Line A6/B1)** | = | 11/27/2033 |
|---|---|---|---|
| B10. | Minus Total CDCR GCC (Line B8,drop decimals) | - | 1310 |
| B11. | Plus Net Credit Lost (Section E Total) | + | 210 |
| B12. | Minus Program Credit (Section F Total) | - | 7 |
| **B13.** | **Equals Adjusted EPRD** | = | 11/16/2030 |

90 DAYS LOSS OF CREDIT

| CALCULATED BY **NAVA, S   Correctional Case Records Analyst** | DATE **10/22/2024 08:51 AM** | |
|---|---|---|
| INMATE'S NAME **KITILYA, RAYMOND** | CDCR NUMBER **BV1639** | LOCATION **SATF-C** |

STATE OF CALIFORNIA   CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

Calc*IT* CALCULATION WORKSHEET - <u>DETERMINATE (DSL)</u>

Page 2 of 2

## Section D - Tracking Work Group (WG) Changes and CDCR Good Conduct Credit (GCC) Earned.

GCC is applied in whole day increments; however, fractional credit is accumulated and applied when the accumulated credit reaches a whole day. Record all fractions using 2 decimals and apply any credit earning changes through the first day of the current credit earning.

**Workgroups A1, A2, B, D1, U:**
Credit Earning **15%** - Divide total days by **5.66**
Credit Earning **20%** - Divide total days by **4**
Credit Earning **33.3%** - Divide total days by **2**
Credit Earning **50%** - Divide total days by **1**

**Workgroups C and D2 earn zero for all offenders EXCEPT:**
Effective **5/1/2021 - 12/27/2021** C and D2 earn credit at whatever percentage is allowable according to the regulations at that time.

**Workgroup M – Determinate offenders only:**
Credit Earning **50%**:
  Effective **5/1/2017 - 4/30/2021 66.6%** - Multiply total days by **2**.
  Effective **5/1/2021 - 12/27/2021** MSC awarded in lieu of enhanced GCC.
  Effective **12/28/2021 66.6%** - Multiply total days by **2** (includes 2nd striker).

**Workgroup F – Determinate offenders only:**
Credit Earning **50%**:
  Effective **1/2/2003 - 4/30/2021 66.6%** - Multiply total days by **2**.
  Effective **5/1/2021 - 12/27/2021** MSC awarded in lieu of enhanced GCC.
  Effective **12/28/2021 66.6%** - Multiply total days by **2** (includes 2nd striker).
Credit Earning **20%**:
  Effective **5/1/2021 - 4/30/2021 50%** - Divide total days by **1** (violent offender).
Credit Earning **33.3%**:
  Effective **5/1/2017 - 4/30/2021 66.6%** - Multiply total days by **2** (2nd striker).
  Effective **5/1/2021 - 12/27/2021** MSC awarded in lieu of enhanced GCC.
  Effective **12/28/2021 50%** - Divide total days by **1** (violent offender).

**PC 2931 one-third or Credit Code 2:** Workgroup changes do not affect these calculations.

| Credit Rate | WG | From Date | Thru Date | Total Days* | Credit |
|---|---|---|---|---|---|
| 33.3 | A1 | 05/24/2023 | 06/12/2024 | 386 | 193.00 |
| 0.0 | C | 06/13/2024 | 10/10/2024 | 120 | 0.00 |
| 33.3 | A1 | 10/11/2024 | 10/11/2024 | 1 | 0.50 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Total Credit ▶▶▶ 193.50

*Total Days equals "Thru Date" minus "From Date" + 1 Day

## Section E - Tracking Credit Losses and Restorations

| CDCR 115 | Losses Lost | Rest | NET | CDCR 115 | Losses Lost | Rest | NET | CDCR 115 | Losses Lost | Rest | NET | CDCR 115 | Losses Lost | Rest | NET |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/21/2023 | 90 | 90 | 0 | 03/29/2024 | 30 | 0 | 30 | 03/31/2024 | 30 | 0 | 30 | 05/05/2024 | 30 | 0 | 30 |
| 05/19/2024 | 30 | 0 | 30 | 07/12/2024 | 90 | 0 | 90 |  |  |  |  |  |  |  |  |

Total 210

## Section F - Program Credits Earned

(1-Banked Credit, 2-Carry Over, 3-Banked/Carry Over Applied, 4-Effective Date, 5-NV 15 Day, 6-PC 3058.9, 7-PC 3058.6)

| Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MCC | 10/11/2023 | 7 | 0 |  |  |  |  |  |  |  |  |  |  |  |

| MCC | RAC | EMC | ECC | MSC | Total Program Credits Applied |
|---|---|---|---|---|---|
| 7 | 0 | 0 | 0 | 0 | 7 |

| CALCULATED BY<br>**NAVA, S   Correctional Case Records Analyst** | DATE<br>**10/22/2024 08:51 AM** |
|---|---|
| INMATE'S NAME<br>**KITILYA, RAYMOND** | CDCR NUMBER<br>**BV1639** · LOCATION<br>**SATF-C** |



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

05/01/2024

# RELEASE DATE CHANGE NOTICE

| INMATE NAME: | KITILYA, RAYMOND JUSTO | CDC #: | BV1639 |
|---|---|---|---|
| FACILITY: | SATF-Facility C | HOUSING: | C 005 2 - 221001U |

| ASSIGNED CASE RECORDS ANALYST: S. Rodriquez | REASON FOR RELEASE DATE CHANGE: Not available |
|---|---|
| ASSIGNED CORRECTIONAL COUNSELOR: Y. Arnold | |

| CONTROLLING RELEASE DATE | | TYPE OF DATE |
|---|---|---|
| BEFORE: | 05/20/2030 | EPRD |
| AFTER: | 06/29/2030 | EPRD |

Applied 30 Days loss.
Applied 30 Day loss.



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

11/05/2024

# RELEASE DATE CHANGE NOTICE

| | | |
|---|---|---|
| **INMATE NAME:** KITILYA, RAYMOND JUSTO | **CDC #:** | BV1639 |
| **FACILITY:** HDSP-RHU-CCCMS | **HOUSING:** | Z 001 1 - 137001L |

| | |
|---|---|
| **ASSIGNED CASE RECORDS ANALYST:**<br>M. McKernan | **REASON FOR RELEASE DATE CHANGE:**<br>Not available |
| **ASSIGNED CORRECTIONAL COUNSELOR:**<br>A. Dela Cruz | |

| **CONTROLLING RELEASE DATE** | | **TYPE OF DATE** |
|---|---|---|
| **BEFORE:** | 11/16/2030 | EPRD |
| **AFTER:** | 01/15/2031 | EPRD |

*90 Day Credit Loss*

**INMATE COPY**

STATE OF CALIFORNIA    CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

Calc*IT* CALCULATION WORKSHEET - DETERMINATE (DSL)                    Page 1 of 2

| Credit Code | 4 | | | Case Number |
|---|---|---|---|---|
| CR Earned % | 33.3 % | Earned Factor (A11) | 3 | KA131349 |
| Vested % | 33.3 % | Vested Factor (A4) | 2 | |

### Section A - Original EPRD Calculation

This is the initial EPRD calculation that is done upon reception. This EPRD remains throughout the term, unless there is a change in credit earning status, program credits and/or credit losses/credit restorations.

| | | | |
|---|---|---|---|
| A1. | Term Start Date | | 05/24/2023 |
| A2. | Plus Time Imposed | + | 11 YRS 4 MOS 0 DYS |
| | | = | 09/24/2034 |
| A3. | Minus PRE & Post (PST) Sentence Credit | - | 249 PRE 35 PST |
| | | = | 12/14/2033 |
| A4. | Minus Vested Credit Divide (A3 PST) by Vested Factor above. (Drop decimals) | - | 17 |
| | | = | 11/27/2033 |
| A5. | Plus Dead Time/Minus Merit Credit | + | 0 DT - 0 MC |
| A6. | **Equals Maximum Date** | = | 11/27/2033 |

If change in credit earning(s),credit loss, Reeves, program credits, etc. Stop here and proceed to Section B.

| | | | |
|---|---|---|---|
| A7. | Minus Day Before Start Date (Line A1) | - | |
| A8. | Equals Days to Serve | = | |
| A9. | Minus Dead Time (A5) | = | |
| A10. | Equals Days where credit may be applied | = | |
| A11. | Equals CDCR Good Conduct Credit (GCC), divide (Line A10) by Earned Factor above. (Drop Decimals except Credit Code 2, Round Up) | = | |
| **A12.** | **Maximum Date (Line A6)** | = | |
| A13. | Minus CDCR GCC (Line A11) | - | |
| A14. | **Equals Original EPRD** | = | |

### Section B - Recalculation of EPRD (change in credit earning status, credit loss/credit restoration, etc.)

**Step 1:**    Accumulation of CDCR GCC for days previously earned and projected future credit. Record fractional amounts of credit (2 decimal places).

| | | | |
|---|---|---|---|
| **B1.** | **Maximum Date (Line A6)** | = | 11/27/2033 |
| B2. | Minus CDCR GCC Earned Section D Total Credit w/fractions or Section G (Line G9). | - | 193.5 |
| B3. | Plus Net Credit Loss (Section E Total) Leave Line B3 Blank if Credit Code 2 (PC2931) | + | 300 |
| B4. | Equals Current Release Date (CRD) Calculation ends here if: -Credit Code 2 proceed to B12 | = | 03/14/2034 |
| B5. | Minus Date Credit Applied Through (Section D Only) | - | 10/11/2024 |
| B6. | Equals Days remaining to serve as of date credit applied | = | 3441 |
| B7. | Divide Line B6 by Projected Factor as follows to project CDCR GCC. If Projected Factor is equal to 99, divide by 3 then multiply by 2. | | |

| Projected % | Work Group | Projected Factor |
|---|---|---|
| 33.3 % | A1 | 3 |

Equals Projected CDCR GCC    =    1147

B8.    Total CDCR GCC - Accumulate Fractional Credit

| | | | |
|---|---|---|---|
| Line B2 | 193.5 | (incl. fractions) | |
| + Line B7 | 1147 | (incl. fractions) | 1340.5 |

**Step 2: Recalculate EPRD**

| | | | |
|---|---|---|---|
| **B9.** | **Maximum Date (Line A6/B1)** | = | 11/27/2033 |
| B10. | Minus Total CDCR GCC (Line B8,drop decimals) | - | 1340 |
| B11. | Plus Net Credit Lost (Section E Total) | + | 300 |
| B12. | Minus Program Credit (Section F Total) | - | 7 |
| B13. | **Equals Adjusted EPRD** | = | 01/15/2031 |

INMATE COPY

INMATE COPY

| CALCULATED BY MCKERNAN, M    Correctional Case Records Analyst | | DATE 11/05/2024 02:05 PM |
|---|---|---|
| INMATE'S NAME KITILYA, RAYMOND | CDCR NUMBER BV1639 | LOCATION HDSP-Z |

STATE OF CALIFORNIA   CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

Calc*IT* CALCULATION WORKSHEET - DETERMINATE (DSL)

Page 2 of 2

## Section D - Tracking Work Group (WG) Changes and CDCR Good Conduct Credit (GCC) Earned.

GCC is applied in whole day increments; however, fractional credit is accumulated and applied when the accumulated credit reaches a whole day. Record all fractions using 2 decimals and apply any credit earning changes through the first day of the current credit earning.

**Workgroups A1, A2, B, D1, U:**
Credit Earning **15%** - Divide total days by **5.66**
Credit Earning **20%** - Divide total days by **4**
Credit Earning **33.3%** - Divide total days by **2**
Credit Earning **50%** - Divide total days by **1**

**Workgroups C and D2 earn zero for all offenders EXCEPT:**
Effective **5/1/2021 - 12/27/2021** C and D2 earn credit at whatever percentage is allowable according to the regulations at that time.

**Workgroup M – Determinate offenders only:**
Credit Earning **50%**:
Effective **5/1/2017 - 4/30/2021** 66.6% - Multiply total days by **2**.
Effective **5/1/2021 - 12/27/2021** MSC awarded in lieu of enhanced GCC.
Effective **12/28/2021** 66.6% - Multiply total days by **2** (includes 2nd striker).

**Workgroup F – Determinate offenders only:**
Credit Earning **50%**:
Effective **1/2/2003 - 4/30/2021** 66.6% - Multiply total days by **2**.
Effective **5/1/2021 - 12/27/2021** MSC awarded in lieu of enhanced GCC.
Effective **12/28/2021** 66.6% - Multiply total days by **2** (includes 2nd striker).
Credit Earning **20%**:
Effective **5/1/2017 - 4/30/2021** 50% - Divide total days by **1** (violent offender).
Credit Earning **33.3%**:
Effective **5/1/2017 - 4/30/2021** 66.6% - Multiply total days by **1** (2nd striker).
Effective **5/1/2021 - 12/27/2021** MSC awarded in lieu of enhanced GCC.
Effective **12/28/2021** 50% - Divide total days by **1** (violent offender).

**PC 2931** one-third or Credit Code 2: Workgroup changes do not affect these calculations.

| Credit Rate | WG | From Date | Thru Date | Total Days* | Credit |
|---|---|---|---|---|---|
| 33.3 | A1 | 05/24/2023 | 06/12/2024 | 386 | 193.00 |
| 0.0 | C | 06/13/2024 | 10/10/2024 | 120 | 0.00 |
| 33.3 | A1 | 10/11/2024 | 10/11/2024 | 1 | 0.50 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Total Credit ▶▶▶ 193.50

*Total Days equals "Thru Date" minus "From Date" + 1 Day

## Section E - Tracking Credit Losses and Restorations

| CDCR 115 | Lost | Rest | NET | CDCR 115 | Lost | Rest | NET | CDCR 115 | Lost | Rest | NET | CDCR 115 | Lost | Rest | NET |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Losses | | | | Losses | | | | Losses | | | | Losses | | |
| 06/21/2023 | 90 | 90 | 0 | 03/29/2024 | 30 | 0 | 30 | 03/31/2024 | 30 | 0 | 30 | 05/05/2024 | 30 | 0 | 30 |
| 05/19/2024 | 30 | 0 | 30 | 07/12/2024 | 90 | 0 | 90 | 09/13/2024 | 90 | 0 | 90 | | | | |

Total 300

## Section F - Program Credits Earned

(1-Banked Credit, 2-Carry Over, 3-Banked/Carry Over Applied, 4-Effective Date, 5-NV 15 Day, 6-PC 3058.9, 7-PC 3058.6)

| Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MCC | 10/11/2023 | 7 | 0 | | | | | | | | | | | |

| | MCC | RAC | EMC | ECC | MSC | Total Program Credits Applied |
|---|---|---|---|---|---|---|
| | 7 | 0 | 0 | 0 | 0 | 7 |

INMATE COPY
INMATE COPY

| CALCULATED BY **MCKERNAN, M   Correctional Case Records Analyst** | | DATE **11/05/2024 02:05 PM** |
|---|---|---|
| INMATE'S NAME **KITILYA, RAYMOND** | CDCR NUMBER **BV1639** | LOCATION **HDSP-Z** |



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** PADILLA YATES, ALEXANDER        **Date:** 12/12/2024
**CDC#:** BY6355
**Current Location:** SVSP-Facility B        **Current Area/Bed:** B 005 1 - 108001U

**Log #:** 000000663836

---

### Claim #: 001

**Received at Institution/Parole Region:**    California State Prison, Los Angeles County
**Submitted to Facility/Parole District:**    LAC-RHU-CCCMS
**Housing Area/Parole Unit:**
**Group:**    Case Records and Classifications    **Category:**    Classifications        **Sub-Category:** UCC, ICC, or DRB Decisions

The California Department of Corrections and Rehabilitation received your grievance on 12/06/2024 which you submitted on 12/06/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 001:
Your claim concerning Case Records and Classifications;Classifications is rejected for the reason or reasons indicated below:

Your claim concerns an anticipated policy, decision, action, condition or omission by the Department or departmental staff. This generally means the decision or action is not final or has not happened yet. Once the decision or action is final or has taken place, you may file a new grievance if you are still dissatisfied.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | **OGT Log No:** 000000663836 | **Date Received:** _____ |
| | **Decision Due Date:** _____ | |
| | **Categories:** _____ | |

**Claimant Name:** _____ PADILLA YATES, ALEXANDER _____   **CDCR #:** _____ BY6355 _____

**Institution/Parole Region:** _____ **Current Housing/Parole Unit:** _____

**STAFF USE ONLY**

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** _____ 000000663836 _____   **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_ _____

_____

_____

_____

_____

_____

| **This form shall be submitted by mail to:** |
| Office of Appeals |
| Department of Corrections and Rehabilitation |
| P.O. Box 942883 |
| Sacramento, CA 95811 |

**IMPORTANT:**

The Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances when reviewing your appeal, but will _not_ consider any new documentation. Therefore, it is recommended you not attach any documentation to this form. **Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _____   **Date Signed:** _____

_ADA Accessible_

STATE OF CALIFORNIA

**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

**OGT Log No:** _____000000663836_____     **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* _____

_____

*ADA Accessible*

STATE OF CALIFORNIA   CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 1897-U Access Version
( Ver. 1.06 8/22/2023 )

[09|SATL031877|13]

## CALCULATION WORKSHEET - __DETERMINATE (DSL)__



| Credit Code | 4 | | | |
|---|---|---|---|---|
| CR Earned % | 33.3% | Earned Factor (A11) | 3 | |
| Vested % ▶ | 33.3% | Vested Factor (A4) | 2 | |

▼ Case Number/s ▼

KA131349

### Section A - Original EPRD Calculation

This is the initial EPRD calculation that is done upon reception. This EPRD remains throughout the term, unless there is a change in credit earning status, program credits and/or credit losses/credit restorations.

| | | |
|---|---|---|
| A1. Start Date | | 05/24/2023 |
| A2. Plus Time Imposed | + 11 YRS 4 MO | |
| | = | 09/24/2034 |
| A3. Minus PRE & Post (PST) Sentence Credit | - 249 PRE 35 PST | |
| | = | 12/14/2033 |
| A4. Minus Vested Credit Divide (A3 PST) by Vested Factor above. (Drop decimals) | - | 17 |
| | = | 11/27/2033 |
| A5. Plus Dead Time/minus Merit Credit | + 0 DT - 0 MC | |

**A6. Equals Maximum Date** = 11/27/2033

If change in credit earning(s), credit loss, Reeves, program credits, etc. Stop here and proceed to Section B.

| | | |
|---|---|---|
| A7. Minus Day Before Start Date (Line A1) | - | |
| A8. Equals Days to Serve | = | |
| A9. Minus Dead Time (A5) | - | |
| A10. Equals Days where credit may be applied. | = | |
| A11. Equals CDCR Good Conduct Credit (GCC), divide (Line A10) by Earned Factor above. (Drop Decimals except Credit Code 2, Round Up) | = | |

**A12. Maximum Date (Line A6)**

| | | |
|---|---|---|
| A13. Minus CDCR GCC (Line A11) | - | |
| A14. **Equals Original EPRD** | = | |

### Section B - Recalculation of EPRD (change in credit earning status, credit loss/credit restoration, etc.)

**Step 1:** Accumulation of CDCR GCC for days previously earned and projected future credit. Record fractional amounts of credit (2 decimal places).

| | | |
|---|---|---|
| **B1. Maximum Date (Line A6)** | = | 11/27/2033 |
| B2. Minus CDCR GCC Earned Section D Total Credit w/fractions or Section G (Line G9). | - | 0.5 |
| B3. Plus Net Credit Loss (Section E Total) Leave Line B3 Blank if Credit Code 2 (PC2931) | + | 60 |
| B4.Equals Current Release Date (CRD) Calculation ends here if: - Credit Code 2 proceed to B12 | = | 01/26/2034 |
| B5. Minus Date Credit Applied Through (Section D Only) | - | 05/24/2023 |
| B6. Equals Days remaining to serve as of date credit applied. | = | 3900 |

B7. Divide Line B6 by Projected Factor as follows to project CDCR GCC. If Projected Factor is equal to 99, divide by 3 then

| Projected % | Work Group | Projected Factor |
|---|---|---|
| 33.3% | A1 | 3.00 |

Equals Projected CDCR GCC = 1300

B8. Total CDCR GCC - Accumulate Fractional Credit

| | | | |
|---|---|---|---|
| | Line B2 | 0.5 | (incl. fractions) |
| + | Line B7 | 1300 | (incl. fractions) |
| | | | .1300.5 |

### Step 2: Recalculate EPRD

| | | |
|---|---|---|
| **B9. Maximum Date (Line A6/B1)** | | 11/27/2033 |
| B10. Minus Total CDCR GCC (Line B8.drop decimals) | - | 1300 |
| B11. Plus Net Credit Lost (Section E Total) | + | 60 |
| B12. Minus Program Credit (Section F Total) | - | 7 |
| **B13. Equals Adjusted EPRD *** | = | 06/29/2030 |

* The CRD is an intermediate date and may exceed the maximum date; however, the Adjusted EPRD cannot exceed the Maximum Date.

### Notes:

APPLIED 30 DAY CREDIT LOSS.
APPLIED 30 DAY CREDIT LOSS.

| CALCULATED BY | | DATE |
|---|---|---|
| **S. RODRIGUEZ  CCRA** | | 05/01/2024 |

| INMATE'S NAME | CDCR NUMBER | LOCATION |
|---|---|---|
| **KITILYA, RAYMON** | **BV1639** | **SATF** |

INMATE COPY

STATE OF CALIFORNIA                    CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITIATION
Calculation Worksheet - Determinate (DSL
CDCR 1897-U Access Version ( Ver. 1.06 8/22/2023 )
[09]SATL031877[13]

## Section D - Tracking Work Group (WG) Changes and CDCR Good Conduct Credit (GCC) Earned.

GCC is applied in whole day increments; however, fractional credit is accumulated and applied when the accumulated credit reaches a whole day. Record all fractions using 2 decimals and apply any credit earning changes through the first day of the current credit earning.
**Workgroups A1, A2, B, D1, U:**
Credit Earning 15% - Divide total days by 5.66, Credit Earning 20% - Divide total days by 4, Credit Earning 33.3% - Divide total days by 2 and Credit Earning 50% - Divide total days by 1
**Workgroups C and D2 earn zero for all offenders with two exceptions:**
**1. Effective 5/1/2021 - 12/27/2021** workgroups C and D2 will earn credit at whatever percentage is allowable according to the regulations at that time. **Effective 12/28/2021** C and D2 will revert back to zero credit. 2. Offenders earning credit pursuant to PC 2931 or designated as Credit Code 2.
**For all Credit Earnings in Workgroup M & F:**
**Effective 5/1/2021 - 12/27/2021,** MSC awarded in lieu of enhanced GCC.
**Workgroup M – Determinate offenders only:**
**50% Credit Earning: Effective 5/1/2017** 66.6% - multiply total days by 2. **Effective 12/28/2021** 66.6% - multiply total days by 2 (includes 2nd striker)  **33.3% Credit Earning: Effective 5/1/2017** 33.3% - divide total days by 2. **Effective 12/28/2021** 33.3% -divide total days by 2 (violent offender)
**Workgroup F – Determinate offenders only:**
**50% Credit Earning: Effective 1/2/2003** 66.6% - multiply total days by 2. **Effective 12/28/2021** 66.6% - multiply total days by 2 (includes 2nd striker)   **20% Credit Earning: Effective 5/1/2017** 50% - divide total days by 1 (violent offender)
**33.3% Credit Earning: Effective 5/1/2017** 66.6% -multiply total days by 2 (2nd striker). **Effective 12/28/2021** 50% - divide total days by 1 (violent offender)
\* PC 2931 one-third or Credit Code 2 offenders – workgroup changes do not affect these calculations.  Leave Section D blank and proceed to Section G.

| Credit Rate | WG | From Date | Thru Date | Total Days* | Credit |
|---|---|---|---|---|---|
| 33.3% | A1 | 05/24/2023 | 05/24/2023 | 1 | 0.5 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |

Applied & Unapplied Credit per SOMS

| | ►►►► | 0 |
|---|---|---|
| Total Credit | ►►►► | 0.5 |

*Total Days equals "Thru Date" minus "From Date" + 1 Day

## Section E - Tracking Credit Losses and Restorations

| CDCR 115 | Lost | Rest | Net | CDCR 115 | Lost | Rest | Net | CDCR 115 | Lost | Rest | Net | CDCR 115 | Lost | Rest | Net |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/21/2023 | 90 | 90 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| 03/31/2024 | 30 | 0 | 30 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| 03/29/2024 | 30 | 0 | 30 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |

### Section E - Credit Loss Notes

Total ► 60

## Section F - Program Credits Earned

( 1-Exceeds Parole 2-PC 3058.6 3-PC 3058.9 4-Carryover, 5-Banked Credit )

| Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MCC | 10/11/2023 | 7 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | | |

Total Program Credits Applied ► 7

### Section F - Program Credit Notes

| CALCULATED BY  (Name & Title) | | DATE |
|---|---|---|
| S. RODRIGUEZ  CCRA | | 05/01/2024 |
| INMATE'S NAME | CDCR NUMBER | LOCATION |
| KITILYA, RAYMON | BV1639 | SATF |

 CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

06/14/2024

# RELEASE DATE CHANGE NOTICE

| INMATE NAME: | KITILYA, RAYMOND JUSTO | | CDC #: | BV1639 |
|---|---|---|---|---|
| FACILITY: | SATF-Facility C | | HOUSING: | C 005 2 - 232001U |

| ASSIGNED CASE RECORDS ANALYST: | REASON FOR RELEASE DATE CHANGE: |
|---|---|
| S. Rodriguez | Not available |
| ASSIGNED CORRECTIONAL COUNSELOR: | |
| Y. Arnold | |

| CONTROLLING RELEASE DATE | | TYPE OF DATE |
|---|---|---|
| BEFORE: | 07/19/2030 | EPRD |
| AFTER: | 09/17/2030 | EPRD |

Applied 30 Day Credit loss.
Work Group Change

CDCR SOMS OTCR122
RELEASE DATE CHANGE NOTICE

06/15/2024
03:06:00

PAGE 1



INMATE COPY

Case 2:24-cv-00962-JHDV-DFM    Document 01/22/25 21:29:19    Page 148 of 265 Page ID #:148



[10]SAT[L031877]16]

## CALCULATION WORKSHEET - DETERMINATE (DSL)

| Credit Code | 4 |
|---|---|
| CR Earned % | 33.3% | Earned Factor **(A11)** | 3 |
| Vested    %  ▶ | 33.3% | Vested Factor **(A4)** | 2 |

**▼ Case Number/s ▼**
KA131349

### Section A - Original EPRD Calculation
This is the initial EPRD calculation that is done upon reception. This EPRD remains throughout the term, unless there is a change in credit earning status, program credits and/or credit losses/credit restorations.

| | | | |
|---|---|---|---|
| A1. Start Date | | 05/24/2023 | |
| A2. Plus Time Imposed | + | 11 YRS 4 MO | |
| | = | 09/24/2034 | |
| A3. Minus PRE & Post (PST) Sentence Credit | - | 249 PRE 35 PST | |
| | = | 12/14/2033 | |
| A4. Minus Vested Credit Divide (A3 PST) by Vested Factor above. (Drop decimals) | - | 17 | |
| | = | 11/27/2033 | |
| A5. Plus Dead Time/minus Merit Credit | + | 0 DT - 0 MC | |

**A6. Equals Maximum Date**
If change in credit earning(s), credit loss, Reeves, program credits, etc. Stop here and proceed to Section B.
= 11/27/2033

| | | | |
|---|---|---|---|
| A7. Minus Day Before Start Date (Line A1) | - | | |
| A8. Equals Days to Serve | = | | |
| A9. Minus Dead Time (A5) | - | | |
| A10. Equals Days where credit may be applied. | = | | |
| A11. Equals CDCR Good Conduct Credit (GCC), divide (Line A10) by Earned Factor above. (Drop Decimals except Credit Code 2, Round Up) | = | | |

**A12. Maximum Date (Line A6)**

| | | |
|---|---|---|
| A13. Minus CDCR GCC (Line A11) | - | |
| A14. Equals **Original EPRD** | = | |

### Section B - Recalculation of EPRD (change in credit earning status, credit loss/credit restoration, etc.)

**Step 1:** Accumulation of CDCR GCC for days previously earned and projected future credit. Record fractional amounts of credit (2 decimal places).

**B1. Maximum Date (Line A6)** = 11/27/2033

| | | |
|---|---|---|
| B2. Minus CDCR GCC Earned Section D Total Credit w/fractions or Section G (Line G9). | | 193.5 |
| B3. Plus Net Credit Loss (Section E Total) Leave Line B3 Blank if Credit Code 2 (PC2931) | + | 120 |
| B4.Equals Current Release Date (CRD) Calculation ends here if: - Credit Code 2 proceed to B12 | | 09/15/2033 |
| B5. Minus Date Credit Applied Through (Section D Only) | - | 10/11/2024 |
| B6. Equals Days remaining to serve as of date credit applied. | = | 3261 |

**B7.** Divide Line B6 by Projected Factor as follows to project CDCR GCC. If Projected Factor is equal to 99, divide by 3 then

| Projected % | Work Group | Projected Factor |
|---|---|---|
| 33.3% | A1 | 3.00 |

Equals Projected CDCR GCC = 1087

**B8.** Total CDCR GCC - Accumulate Fractional Credit

| | | | | |
|---|---|---|---|---|
| | Line B2 | 193.5 | (incl. fractions) | |
| + | Line B7 | 1087 | (incl. fractions) = | 1280.5 |

### Step 2: Recalculate EPRD

**B9. Maximum Date (Line A6/B1)** 11/27/2033

| | | |
|---|---|---|
| B10. Minus Total CDCR GCC (Line B8,drop decimals) | - | 1280 |
| B11. Plus Net Credit Lost (Section E Total) | + | 120 |
| B12. Minus Program Credit (Section F Total) | - | 7 |
| B13. Equals **Adjusted EPRD** * | = | 09/17/2030 |

* The CRD is an intermediate date and may exceed the maximum date; however, the Adjusted EPRD cannot exceed the Maximum Date.

**Notes:**
APPLIED 30 DAY CREDIT LOSS. WORK GROUP CHANGE.

| CALCULATED BY | | DATE |
|---|---|---|
| **S. RODRIGUEZ CCRA** | | 06/14/2024 |

| INMATE'S NAME | CDCR NUMBER | LOCATION | |
|---|---|---|---|
| **KITILYA, RAYMON** | **BV1639** | **SATF** | INMATE COPY |

STATE OF CALIFORNIA         CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Calculation Worksheet - Determinate (DSL**

CDCR 1897-U Access Version ( Ver. 1.06 8/22/2023 )

[10]SATL031877[16]

## Section D - Tracking Work Group (WG) Changes and CDCR Good Conduct Credit (GCC) Earned.

GCC is applied in whole day increments; however, fractional credit is accumulated and applied when the accumulated credit reaches a whole day. Record all fractions using 2 decimals and apply any credit earning changes through the first day of the current credit earning.

**Workgroups A1, A2, B, D1, U:**
Credit Earning 15% - Divide total days by 5.66, Credit Earning 20% - Divide total days by 4, Credit Earning 33.3% - Divide total days by 2 and Credit Earning 50% - Divide total days by 1

**Workgroups C and D2 earn zero for all offenders with two exceptions:**
1. Effective 5/1/2021 - 12/27/2021 workgroups C and D2 will earn credit at whatever percentage is allowable according to the regulations at that time. **Effective 12/28/2021** C and D2 will revert back to zero earning. Offenders earning credit pursuant to PC 2931 or designated as Credit Code 2.

**For all Credit Earnings in Workgroup M & F:**
**Effective 5/1/2021 - 12/27/2021**, MSC awarded in lieu of enhanced GCC.

**Workgroup M – Determinate offenders only:**
**50% Credit Earning: Effective 5/1/2017** 66.6% - multiply total days by 2. **Effective 12/28/2021** 66.6% - multiply total days by 2 (includes 2nd striker)  **33.3% Credit Earning: Effective 5/1/2017** 33.3% - divide total days by 2. **Effective 12/28/2021** 33.3% -divide total days by 2 (violent offender)

**Workgroup F – Determinate offenders only:**
**50% Credit Earning: Effective 1/2/2003** 66.6% - multiply total days by 2. **Effective 12/28/2021** 66.6% - multiply total days by 2 (includes 2nd striker)  **20% Credit Earning: Effective 5/1/2017** 50% - divide total days by 1 (violent offender)
**33.3% Credit Earning:  Effective 5/1/2017** 66.6% -multiply total days by 2 (2nd striker). **Effective 12/28/2021** 50% - divide total days by 1 (violent offender)

\* **PC 2931** one-third or Credit Code 2 offenders – workgroup changes do not affect these calculations.  Leave Section D blank and proceed to Section G.

| Credit Rate | WG | From Date | Thru Date | Total Days* | Credit |
|---|---|---|---|---|---|
| 33.3% | A1 | 05/24/2024 | 06/12/2024 | 386 | 193 |
| 0% | C | 06/13/2024 | 10/10/2024 | 120 | 0 |
| 33.3% | A1 | 10/11/2024 | 10/11/2024 | 1 | 0.5 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |

Applied & Unapplied Credit per SOMS

▶ ▶ ▶ ▶   **0**

Total Credit   ▶ ▶ ▶ ▶   **193.5**

*Total Days equals "Thru Date" minus "From Date" + 1 Day

## Section E - Tracking Credit Losses and Restorations

| CDCR 115 | Losses Lost | Rest | Net | CDCR 115 | Losses Lost | Rest | Net | CDCR 115 | Losses Lost | Rest | Net | CDCR 115 | Losses Lost | Rest | Net |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/21/2023 | 90 | 90 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| 03/31/2024 | 30 | 0 | 30 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| 03/29/2024 | 30 | 0 | 30 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| 05/05/2024 | 30 | 0 | 30 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| 05/19/2024 | 30 | 0 | 30 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |
| | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 | | 0 | 0 | 0 |

**Section E - Credit Loss Notes**

Total ▶   **120**

## Section F - Program Credits Earned    ( 1-Exceeds Parole 2-PC 3058.6 3-PC 3058.9 4-Carryover, 5-Banked Credit )

| Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MCC | 10/11/2023 | 7 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | | |

**Section F - Program Credit Notes**

Total Program Credits Applied ▶   **7**

| CALCULATED BY (Name & Title) | | DATE |
|---|---|---|
| S. RODRIGUEZ  CCRA | | 06/14/2024 |

| INMATE'S NAME | CDCR NUMBER | LOCATION |
|---|---|---|
| KITILYA, RAYMON | BV1639 | SATF |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br><br>v.<br><br>**01  RAYMOND JUSTO KITILYA**<br>**(DOB: 01/12/1989) (Bk# 6451738)**<br><br>Defendant(s). | **CASE NO. KA131349**<br><br>*I N F O R M A T I O N*<br><br>Arraignment Hearing<br>Date: 02/23/2023<br>Department: EA N |

### INFORMATION SUMMARY

| Ct. No. | Charge | Charge Range | Defendant | Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC 211 | 2-3-5 State Prison | KITILYA, RAYMOND JUSTO | PC 1170.12<br>RC 4.421(b)(3)<br>RC 4.421(b)(1)<br>PC 1203(e)(4) | x 2<br><br><br>PSP |
| 2 | PC 211 | 2-3-5 State Prison | KITILYA, RAYMOND JUSTO | RC 4.421(a)(3)<br>RC 4.421(b)(1)<br>RC 4.421(b)(3)<br>PC 1170.12<br>PC 1203(e)(4) | <br><br><br>x 2<br>PSP |
| 3 | PC 245(a)(4) | 2,3,4 Prison+$0-10,000 | KITILYA, RAYMOND JUSTO | PC 1203(e)(4)<br><br>RC 4.421(b)(1)<br>RC 4.421(a)(3)<br>PC 1170.12<br>RC 4.421(b)(3) | PSP<br><br><br><br>x 2 |

The District Attorney of the County of Los Angeles, by this Information alleges that:

*INFORMATION*

COUNT 1

On or about September 14, 2022, in the County of Los Angeles, the crime of SECOND DEGREE ROBBERY, in violation of PENAL CODE SECTION 211, a Felony, was committed by RAYMOND JUSTO KITILYA, who did unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of CHARBEL AMID GHOSN.

"NOTICE: The above offense is a serious felony within the meaning of Penal Code Section 1192.7(c) and a violent felony within the meaning of Penal Code Section 667.5(c)."

NOTICE: Upon a felony conviction for the above offense, prison custody time is to be served in state prison based upon the above felony offense being a serious felony defined in Penal Code section 1192.7 and/or violent felony defined in Penal Code section 667.5(c), or a felony offense requiring registration as sex offender pursuant to Penal Code section 290(c), within the meaning of Penal Code section 1170(h)(3).

\* \* \* \* \*

COUNT 2

On or about September 14, 2022, in the County of Los Angeles, the crime of SECOND DEGREE ROBBERY, in violation of PENAL CODE SECTION 211, a Felony, was committed by RAYMOND JUSTO KITILYA, who did unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of ALMA DORA DELGADO.

"NOTICE: The above offense is a serious felony within the meaning of Penal Code Section 1192.7(c) and a violent felony within the meaning of Penal Code Section 667.5(c)."

NOTICE: Upon a felony conviction for the above offense, prison custody time is to be served in state prison based upon the above felony offense being a serious felony defined in Penal Code section 1192.7 and/or violent felony defined in Penal Code section 667.5(c), or a felony offense requiring registration as sex offender pursuant to Penal Code section 290(c), within the meaning of Penal Code section 1170(h)(3).

\* \* \* \* \*

COUNT 3

On or about September 14, 2022, in the County of Los Angeles, the crime of ASSAULT BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY INJURY, in violation of PENAL CODE SECTION 245(a)(4), a Felony, was committed by RAYMOND JUSTO KITILYA, who committed an assault on the person of MARTY GREGORY ROYBAL by means of force likely to produce great bodily injury.

NOTICE: Upon a felony conviction for the above offense, prison custody time is to be served in state prison pursuant to Penal Code section 1170.

* * * * *

It is further alleged that prior to the commission of that offense or offenses alleged in Counts 1, 2, & 3, the defendant, RAYMOND JUSTO KITILYA had been convicted of the following serious and/or violent felony , as defined in Penal Code section 667(d) and Penal Code section 1170.12(b), and is thus subject to sentencing pursuant to the provisions of Penal Code section 667(b)-(j) and Penal Code section 1170.12:

| Case No. | Charge Code/Statute | Conv. Date | County of Court | State | Court Type |
|---|---|---|---|---|---|
| KA098200 | PC 211 | 06/11/2012 | LOS ANGELES | CA | SUPERIOR |

NOTICE: Prison custody time for the above offense is to be served in state prison based upon you having a prior conviction for a serious felony defined in Penal Code section 1192.7(c) and/or violent felony defined in Penal Code section 667.5(c), or a requirement to register as a sex offender pursuant to Chapter 5.5 (commencing with Penal Code section 290) of Title 9 of Part 1, within the meaning of Penal Code section 1170(h).

It is further alleged as to count(s) 2 and 3 that the victim(s) of the above offense(s) WERE particularly vulnerable, within the meaning of California Rules of Court Rule 4.421(a)(3).

It is further alleged as to count(s) 1, 2 and 3 that the defendant(s), RAYMOND JUSTO KITILYA engaged in violent conduct in committing the above offense(s) that indicates a serious danger to society, within the meaning of California Rules of Court Rule 4.421(b)(1).

It is further alleged as to count(s) 1, 2 and 3 that the defendant(s), RAYMOND JUSTO KITILYA has served a prior term in prison and county jail term under Penal Code section 1170(h), within the meaning of California Rules of Court Rule 4.421(b)(3).

It is further alleged as to count(s) 1, 2 and 3 that said defendant(s), RAYMOND JUSTO KITILYA, was convicted of the following felonies, within the meaning of Penal Code section 1203(e)(4):

| Case No. | Charge Code/Statute | Conv. Date | County of Court | State | Court Type |
|---|---|---|---|---|---|
| KA098200 | PC 211 | 06/11/2012 | LOS ANGELES | CA | SUPERIOR |
| FWV1200439 | PC 459/2ND | 06/25/2014 | SAN BERNARDINO | CA | SUPERIOR |
| FWV1405155 | PC 245(A)(4) | 01/27/2015 | SAN BERNARDINO | CA | SUPERIOR |

**NOTICE: Conviction of this offense will require the defendant to provide DNA samples and print impressions pursuant to Penal Code sections 296 and 296.1. Willful refusal to provide the samples and impressions is a crime.**

**NOTICE: Any allegation making a defendant ineligible to serve a state prison sentence in the county jail shall not be subject to dismissal pursuant to Penal Code § 1385.**

**NOTICE: Conviction of this offense prohibits you from owning, purchasing, receiving, possessing, or having under your custody and control any firearms, and effective January 1, 2018, will require you to complete a Prohibited Persons Relinquishment Form ("PPR") pursuant to Penal Code § 29810.**

THIS INFORMATION CONSISTS OF 3 COUNT(S).

Filed in Superior Court,
County of Los Angeles

DATED: _____

GEORGE GASCÓN
DISTRICT ATTORNEY
County of Los Angeles,
State of California

BY: _____

MANUEL GARCIA, JR.
DEPUTY DISTRICT ATTORNEY

/OM

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES    Bkg # 6527847

THE PEOPLE OF THE STATE OF CALIFORNIA,

                                        Plaintiff,

                    v.

01  RAYMOND JUSTO KITILYA  (DOB: 01/12/1989)

                                        Defendant(s).

**CASE NO. KA131349**

*FELONY COMPLAINT*

The undersigned is informed and believes that:

COUNT 1

On or about September 14, 2022, in the County of Los Angeles, the crime of SECOND DEGREE ROBBERY, in violation of PENAL CODE SECTION 211, a Felony, was committed by RAYMOND JUSTO KITILYA, who did unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of CHARBEL AMID GHOSN.

"NOTICE: The above offense is a serious felony within the meaning of Penal Code Section 1192.7(c) and a violent felony within the meaning of Penal Code Section 667.5(c)."

NOTICE: Upon a felony conviction for the above offense, prison custody time is to be served in state prison based upon the above felony offense being a serious felony defined in Penal Code section 1192.7 and/or violent felony defined in Penal Code section 667.5(c), or a felony offense requiring registration as sex offender pursuant to Penal Code section 290(c), within the meaning of Penal Code section 1170(h)(3).

* * * * *

## COUNT 2

On or about September 14, 2022, in the County of Los Angeles, the crime of SECOND DEGREE ROBBERY, in violation of PENAL CODE SECTION 211, a Felony, was committed by RAYMOND JUSTO KITILYA, who did unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of ALMA DORA DELGADO.

"NOTICE: The above offense is a serious felony within the meaning of Penal Code Section 1192.7(c) and a violent felony within the meaning of Penal Code Section 667.5(c)."

NOTICE: Upon a felony conviction for the above offense, prison custody time is to be served in state prison based upon the above felony offense being a serious felony defined in Penal Code section 1192.7 and/or violent felony defined in Penal Code section 667.5(c), or a felony offense requiring registration as sex offender pursuant to Penal Code section 290(c), within the meaning of Penal Code section 1170(h)(3).

\* \* \* \* \*

## COUNT 3

On or about September 14, 2022, in the County of Los Angeles, the crime of ASSAULT BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY INJURY, in violation of PENAL CODE SECTION 245(a)(4), a Felony, was committed by RAYMOND JUSTO KITILYA, who committed an assault on the person of MARTY GREGORY ROYBAL by means of force likely to produce great bodily injury.

NOTICE: Upon a felony conviction for the above offense, prison custody time is to be served in state prison pursuant to Penal Code section 1170.

\* \* \* \* \*

It is further alleged that prior to the commission of that offense or offenses alleged in Counts 1, 2, & 3, the defendant, RAYMOND JUSTO KITILYA had been convicted of the following serious and/or violent felony , as defined in Penal Code section 667(d) and Penal Code section 1170.12(b), and is thus subject to sentencing pursuant to the provisions of Penal Code section 667(b)-(j) and Penal Code section 1170.12:

| Case No. | Charge Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|---------------------|------------|-----------------|-------|------------|
| KA098200 | PC 211 | 06/11/2012 | LOS ANGELES | CA | SUPERIOR |

NOTICE: Prison custody time for the above offense is to be served in state prison based upon you having a prior conviction for a serious felony defined in Penal Code section 1192.7(c) and/or violent felony defined in Penal Code section 667.5(c), or a requirement to register as a sex offender pursuant to Chapter 5.5 (commencing with Penal Code section 290) of Title 9 of Part 1, within the meaning of Penal Code section 1170(h).

It is further alleged as to count(s) 2 and 3 that the victim(s) of the above offense(s) WERE particularly vulnerable, within the meaning of California Rules of Court Rule 4.421(a)(3).

It is further alleged as to count(s) 1, 2 and 3 that the defendant(s), RAYMOND JUSTO KITILYA engaged in violent conduct in committing the above offense(s) that indicates a serious danger to society, within the meaning of California Rules of Court Rule 4.421(b)(1).

It is further alleged as to count(s) 1, 2 and 3 that the defendant(s), RAYMOND JUSTO KITILYA has served a prior term in prison and county jail term under Penal Code section 1170(h), within the meaning of California Rules of Court Rule 4.421(b)(3).

It is further alleged as to count(s) 1, 2 and 3 that said defendant(s), RAYMOND JUSTO KITILYA, was convicted of the following felonies, within the meaning of Penal Code section 1203(e)(4):

| Case No. | Charge Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|---------------------|------------|-----------------|-------|------------|
| KA098200 | PC 211 | 06/11/2012 | LOS ANGELES | CA | SUPERIOR |
| FWV1200439 | PC 459/2ND | 06/25/2014 | SAN BERNARDINO | CA | SUPERIOR |
| FWV1405155 | PC 245(A)(4) | 01/27/2015 | SAN BERNARDINO | CA | SUPERIOR |

NOTICE: Conviction of this offense will require the defendant to provide DNA samples and print impressions pursuant to Penal Code sections 296 and 296.1. Willful refusal to provide the samples and impressions is a crime.

NOTICE: The People of the State of California intend to present evidence and seek jury findings regarding all applicable circumstances in aggravation, pursuant to Penal Code section 1170(b) and *Cunningham v. California* (2007) 549 U.S. 270.

NOTICE: A Suspected Child Abuse Report (SCAR) may have been generated within the meaning of Penal Code §§ 11166 and 11168 involving the charges alleged in this complaint. Dissemination of a SCAR is limited by Penal Code §§ 11167 and 11167.5 and a court order is required for full disclosure of the contents of a SCAR

NOTICE: Any allegation making a defendant ineligible to serve a state prison sentence in the county jail shall not be subject to dismissal pursuant to Penal Code § 1385.

NOTICE: Conviction of this offense prohibits you from owning, purchasing, receiving, possessing, or having under your custody and control any firearms, and effective January 1, 2018, will require you to complete a Prohibited Persons Relinquishment Form ("PPR") pursuant to Penal Code § 29810.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER KA131349, CONSISTS OF 3 COUNT(S).

Executed at WEST COVINA, County of Los Angeles, on September 16, 2022.

_____
CHRISTOPHER CASAS
DECLARANT AND COMPLAINANT

GEORGE GASCÓN, DISTRICT ATTORNEY

BY: _____
TIEN PHAM, DEPUTY

AGENCY:  WEST COVINA PD     I/O:  CHRISTOPHER CASAS     ID NO.:  469     PHONE:  (626) 939-8587

DR NO.:  2206599     OPERATOR:  GG     PRELIM. TIME EST.:

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY RTN DATE |
|-----------|---------|-----|-------------|--------------|------------------|
| KITILYA, RAYMOND JUSTO | 028418480 | 1/12/1989 | 6451738 | $180,000 | 09/16/2022 |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

FELONY COMPLAINT -- ORDER HOLDING TO ANSWER -- P.C. SECTION 872

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

$$max \frac{5 + 1 + 1}{5} \frac{+7}{x^2} \frac{}{14}$$   *(Strike out or add as applicable)*

RAYMOND JUSTO KITILYA

| Ct. | Charge | Charge Range | Allegation | Alleg. Effect |
|-----|--------|--------------|------------|---------------|
| 1 | PC 211 | 2-3-5 State Prison | | |
| 2 | PC 211 | 2-3-5 State Prison | | |
| 3 | PC 245(a)(4) | 2,3,4 Prison+$0-10,000 | | |
| | | | PC 1170.12 | x 2 |
| | | | RC 4.421(a)(3) | |
| | | | RC 4.421(b)(1) | |
| | | | RC 4.421(b)(3) | |
| | | | PC 1203(e)(4) | PSP |

I order that the defendant(s) be held to answer therefore and be admitted to bail in the sum of:

RAYMOND JUSTO KITILYA _____ Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given. Date of arraignment in Superior Court will be:

RAYMOND JUSTO KITILYA _____ in Dept _____

at: _____ A.M.

Date:_____

_____
*Committing Magistrate*



**West Covina Police Department**
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500

## DR # 22-06599 - Crime/Incident Report Report Cover Sheet

| REPORT DATE / TIME | BEAT / REPORTING DISTRICT / SUBDIVISION 4 / SUBDIVISION 5 | OCCURENCE START DATE / TIME - OCCURENCE END DATE / TIME |
|---|---|---|
| Sep 14, 2022 14:17 | SA 2 / Beat 2 / RD 34 | Sep 14, 2022 09:05 |

### OFFENSE-1

| OFFENSE CODE | | WEAPON / FORCE INVOLVED |
|---|---|---|
| ROBBERY: ROBBERY \| 211 \| FEL | | Personal Weapons (Hands / Feet) |
| OFFENSE LOCATION | OFFENSE START DATE | |
| WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791 | Sep 14, 2022 09:00 | |

### OFFENSE-2

| OFFENSE CODE | | WEAPON / FORCE INVOLVED |
|---|---|---|
| CAUSE HARM/DEATH OF ELDER /DEPENDENT ADULT:AGGRAVATED ASSAULT \| 368 (B)(1) \| FEL | | Personal Weapons (Hands / Feet) |
| OFFENSE LOCATION | OFFENSE START DATE | |
| WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791 | Sep 14, 2022 00:00 | |

### OFFENSE-3

| OFFENSE CODE | | WEAPON / FORCE INVOLVED |
|---|---|---|
| ADW WITH FORCE:POSSIBLE GBI:AGGRAVATED ASSAULT \| 245 (A)(4) \| FEL | | Personal Weapons (Hands / Feet) |
| OFFENSE LOCATION | OFFENSE START DATE | |
| WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791 | Sep 14, 2022 00:00 | |

### INVOLVED PERSONS

| INVOLVEMENT | NAME | HOME ADDRESS | DOB / ESTIMATED AGE RANGE | RACE | SEX |
|---|---|---|---|---|---|
| S-1, P-1 | RAYMOND JUSTO KITILYA | | | Black | Male |
| V-4, P-6 | Marty Gregory Roybal | | | White | Male |
| V-2, W-2, R-1, P-4 | Charbel Amid Ghosn | | | Hispanic | Male |
| V-3, P-2 | Alma Dora Delgado | | | White | Female |
| P-5 | LORRINDA KERRY GOMEZ | | | White | Female |
| W-1, P-3 | AMEENAH LATONYA MONTOYA | | | Black | Female |

### INVOLVED ORGANIZATIONS

| INVOLVEMENT | NAME | | ADDRESS |
|---|---|---|---|
| V-1, O-1 | WALMART | | WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791 |

### INVOLVED PROPERTY

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| C Hernandez #472   Sep 15, 2022 08:37 (e-signature) | K Freeman #381   Sep 15, 2022 09:28 (e-signature) |
| PRINT NAME | PRINT NAME |
| C Hernandez #472 | K Freeman #381 |

**West Covina Police Department**
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
NOTE: Summarized report. More data regarding this report may exist in the RMS.
Mark43 RMS Form v2.0 generated by C. Casas #469 on Sep 15, 2022 12:14.

Pg 1 of 2

| STATUS | ITEM CATEGORY | DESCRIPTION |
|---|---|---|
| Stolen, Recovered | Other | Clothing/Bags/Electronics (see reciept) |

REPORTING OFFICER SIGNATURE / DATE

C Hernandez #472    Sep 15, 2022 08:37 (e-signature)

PRINT NAME

C Hernandez #472

SUPERVISOR SIGNATURE / DATE

K Freeman #381    Sep 15, 2022 09:28 (e-signature)

PRINT NAME

K Freeman #381

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91750 | P: 626.939.8500
NOTE: Summarized report. More data regarding this report may exist in the RMS.
Mark43 RMS Form v2.0 generated by C. Casas #469 on Sep 15, 2022 12:14.

Pg 2 of 2

DR # 22-06599 – Crime/Incident Report Report Wer   vina Police Department

Pg 1 of 10

## DR # 22-06599 - Crime/Incident Report Report

| REPORT DATE / TIME | BEAT / REPORTING DISTRICT / SUBDIVISION 4 / SUBDIVISION 5 | OCCURENCE START DATE / TIME - OCCURENCE END DATE / TIME |
|---|---|---|
| Sep 14, 2022 14:17 | SA 2 / Beat 2 / RD 34 | Sep 14, 2022 09:05 |

PRIMARY REPORTER
M Martinez #689

ASSISTING PERSONNEL / TYPE(S)
N Robles #451 (Field Training Officer)

REPORT TAKEN LOCATION
WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

## SUMMARY NARRATIVE

Suspect stole items from Walmart and assaulted an employee while attempting to flee. The suspect then assaulted an elderly male and female outside the store and fled on foot but was ultimately arrested by officers.

## NARRATIVE

### ASSISTING OFFICERS:

Sgt. Weathermon: On-scene supervisor

Ofc. J. Garcia: Conducted an interview with an elderly female victim, V-3 Delgado

Ofc. Abellaneda: Conducted an interview with the elderly male victim, V-4 Roybal, and obtained a witness statement

Ofc. Sanchez: Obtained a witness statement and obtained CCTV footage from Walmart.

### INJURIES:

Charbel Ghosn: Redness and bruising to the left side of face and complaint of pain

Alma Delgado: See Ofc. Abellaneda's report for injuries

Marty Roybal: See Ofc. Garcia's report for injuries

### STOLEN/RECOVERED WALMART MERCHANDISE:

Misc. clothing, electronics, and handbags, all of which were recovered at the store; totaling - $312.76 (See attached receipt for further information) in stolen merchandise.

### NARRATIVE:

On 9-14-22, at 0905 hours, I was working uniform patrol as a Field Training Officer, in the City of West Covina. My uniform consisted of a dark blue long sleeve shirt and blue pants. There were patches on both shoulders which read, "WEST COVINA POLICE". I also wore a dark blue load barring vest with my police badge attached to the left side of my chest. My duty belt was black carrying my firearm on the right side and magazines on the left.

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| C Hernandez #472    Sep 15, 2022 08:37 (e-signature) | K Freeman #381    Sep 15, 2022 09:28 (e-signature) |
| PRINT NAME | PRINT NAME |
| C Hernandez #472 | K Freeman #381 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P. 626.939.8500
Mark43 RMS Form v2.0 generated by C. Casas #489 on Sep 15, 2022 12:14

Pg 1 of 10

WCPD Officers were dispatched to 2753 Eastland Center Dr., (Walmart) in reference to a robbery in progress at the location at approximately 0905 hours. The reporting party was a Walmart employee who advised the suspect was stealing items from the store and started physically fighting with loss prevention associates when they attempted to stop the theft. The suspect was described as a male Black wearing all black clothing and a black backpack. He was later identified by his CDL as S1-Raymond Kitilya.

While officers were responding, dispatch continued to broadcast information provided by the reporting party. The RP observed S1-Kitilya running from the location, through the parking lot, on-foot westbound toward Citrus Ave. While he was running, S1-Kitilya, stuck and pushed a female to the ground, who was standing on the curb. S1-Kitilya then continued on-foot northbound on Citrus Ave.

I arrived on-scene and located S1-Kitilya walking northbound on Citrus Ave on the east side of the street. I activated my overhead red and blue forward-facing lights and sirens in my police unit, as I contacted S1-Kitilya. S1-Kitilya continued walking away as I exited my unit, so I ordered him to stop while removing my firearm and pointing it at S1-Kitilya. In response S1-Kitilya turned and faced while simultaneously screaming at me something to the effect of: "You're harassing me and I didn't do anything."

Ofc. Abellaneda was with me at that point and we both gave S1-Kitilya commands to sit on the curb, extend his legs and then lay on his stomach. He refused to comply and continued to yell back at us, "Come arrest me!" Ofc. Abellaneda and I then approached S1-Kitilya and placed him in handcuffs.

It Should be noted, while attempting to detain S1-Kitilya, he was defiant and uncooperative with my commands. He passively resisted us by sitting without moving for officers to apply handcuffs on him. Ofc. Abellaneda and I were able to place handcuffs on S1-Kitilya while his backpack was still on his person. It should be noted due to S1-Kitilya's defiant attitude and aggression displayed towards officers, I did not want to remove the handcuffs to take off his backpack so I cut the straps to the backpack to remove it. I felt this was the safest way to remove the backpack for all of us who were involved and in an effort to keep the situation from escalating.

S1-Kitilya continued to be verbally aggressive with officers while in handcuffs and even attempted to spit on Ofc. Abellaneda as he was attempting to place him in the back of the police unit. A spit mask was placed on S1-Kitilya at that time for officer safety. S1-Kitilya was placed/detained in the back of my police unit pending further investigation.

While we were detaining S1-Kitilya, several bystanders were watching who ended up being involved parties and witnesses to the crime. I contacted Walmart Asset Protection Officer, identified by his CDL as V2-Charbel Ghosn. The following is a summary of the statement provided to me by V2-Ghosn, which was audio recorded on my department cell phone.

VICTIM, CHARBEL GHOSN, STATEMENT:

V-2 Ghosn was observing the live-feed CCTV inside Walmart when he saw S1-Kitilya leave the restroom inside the store and begin to grab approximately 30 CDs from a nearby display rack. After taking the CDs he put them into his bag. As S1-Kitilya continued walking through the store V-2 Ghosn saw S1-Kitilya place about 5-6 shirts inside his bag containing the CDs. After concealing the merchandise S1-Kitilya ran toward the downstairs exit.

Around that time, V-2 Ghosn began running toward the same exit from upstairs. V-2 Ghosn and S1-Kitilya met at the exit. V-2 Ghosn quickly identified himself as Asset Protection (AP) and attempted to recover the items from inside S1-Kitilya's backpack. S1-Kitilya looked at V-2 Ghosn and refused to return the items. S1-Kitilya then suddenly fled the store on foot through the south entrance (lower level).

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| C Hernandez #472    Sep 15, 2022 08:37 (e-signature) | K Freeman #381    Sep 15, 2022 09:23 (e-signature) |
| PRINT NAME | PRINT NAME |
| C Hernandez #472 | K Freeman #381 |

DR # 22-06599 - Crime/Incident Report Report We:        ina Police Departme        Pg 3 of 10

V-2 Ghosn gave chase on-foot, westbound until they reached the corner of the sidewalk near the loading docks on the west side of the building. As they were running V-2 Ghosn yelled at S1-Kitilya that if he returned the items he would not call the cops in an attempt to reason with him but it did not work.

S1-Kitilya then turned towards V-2 Ghosn and dropped his backpack while stating: "What's up fool? You trying to get hit?" as he put up his fists and took a fighting stance. S1-Kitilya then stated, "I fucking hate Mexicans like you and hate your ethnicity." V-2 Ghosn advised me he was not offended because he was not Mexican he was Middle Eastern. S1-Kitilya then threw a closed right fist punch at V-2 Ghosn which struck him on the left side of his cheek/jaw. V-2 Ghosn advised me he put his hands up to defend himself but did not punch S1-Kitilya at any time. S1-Kitilya threw several more punches at V-2 Ghosn but none of them struck V-2 Ghosn. Around that time, S1-Kitilya dropped the items he had stolen and began to kick them around on the sidewalk.

A bystander, identified as V-4 Marty Robal, attempted to intervene to assist V-2 Ghosn. S1-Kitilya punched V-4 Robal as he and V-2 Ghosn were attempting to walk away. S1-Kitilya then pushed V-4 Roybal causing him to fall to the ground. V-2 Ghosn assisted V-4 Roybal to his feet, recovered the stolen property and items, and they began to walk toward Walmart as S1-Kitilya ran westbound toward Citrus Ave.

V-2 Ghosn was able to see S1-Kitilya as he ran and watched him go up to a female bystander, identified as V-3 Alma Delgado, and collide into her. As a result of S1-Kitilya striking her she fell to the ground which caused her purse to break.

V-2 Ghosn described S1-Kitilya's motion as shoulder checking V-3 Delgado. V-3 Delgado fell to the floor and as V-2 Ghosn assisted her up she was in shock and kept repeating, "This has never happened to me." V-1 Ghosn was not sure if S1-Kitilya attempted to take V-3 Delgado's purse or if he was just attempting to attack her.

V-2 Ghosn was on scene at the time I detained S1-Kitilya and placed him in the back of my police unit. V-2 Ghosn positively identified S1-Kitilya as the subject who had stolen the items, struck him, and attacked the other two elderly bystanders. At no time while he was following S1-Kitilya did he lose visual of him and the furthest away V-2 Ghosn was from S1-Kitilya was about 50 feet.

V-2 Ghosn advised he would be able to obtain a receipt and a itemized list for all the stolen/recovered items for officers. He also was going to attempt to review CCTV footage and provide officers with a copy. See Ofc. Sanchez's report for further information on the receipt and CCTV footage details.

V-2 Ghosn desired prosecution.

I took photographs of V-2 Ghosn's injuries and they were attached to the report.

I searched S-1 Kitilya's backpack for other stolen items but did not locate any.

Ofc. J. Garcia transported V-3 Delgado to my location and conducted a field identification. V-3 Delgado positively identified S1-Kitilya as the subject who attacked her. See Ofc. J. Garcia's supplemental report for further information.

Ofc. Abellaneda transported V-4 Roybal to my location and conducted a field identification. V-4 Roybal positively identified S1-Kitilya as the subject who attacked him. See Ofc. Abellaneda's supplemental report for further information.

REPORTING OFFICER SIGNATURE / DATE

C Hernandez #472   Sep 15, 2022 08:37 (e-signature)

PRINT NAME

C Hernandez #472

SUPERVISOR SIGNATURE / DATE

K Freeman #381   Sep 15, 2022 09:28 (e-signature)

PRINT NAME

K Freeman #381

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.3500
Mark43 RMS Form v2.0 generated by C. Casas #469 on Sep 15, 2022 12:14

DR # 22-06599 - Crime/Incident Report Report West      ina Police Department                                                                              Pg 4 of 10

S1-Kitilya was transported to WCPD for processing and booking. While at the WCPD Jail, I advised S1-Kitilya of his Miranda Rights, verbatim, per the WCPD Miranda Card. S1-Kitilya did not respond when asked if he understood, he sat in his cell without saying a word and refused to speak with me. I concluded the interview at that time.

S1-Kitilya's backpack was booked for safekeeping and a property receipt was issued to him and placed in his property in the jail.

PCD was completed and approved.

*REPORTING PARTY-1*

| REPORTING PARTY-1 (PERSON) | | | | DOB / ESTIMATED AGE RANGE |
|---|---|---|---|---|
| R-1 Ghosn, Charbel Amid | | | | |

| SEX | RACE / ETHNICITY | | PHONE NUMBER | |
|---|---|---|---|---|
| Male | Hispanic / Hispanic Or Latino | | , nary, Mobile Phone) | |

HOME ADDRESS

REPORTING PARTY SIGNATURE

## OFFENSE-1

OFFENSE CODE

ROBBERY: ROBBERY | 211 | FEL

| OFFENSE START DATE | OFFENSE COMPLETION | SUSPECTED HATE CRIME | SUSPECTED COMPUTER/ HANDHELD DEVICE USE |
|---|---|---|---|
| Sep 14, 2022 09:00 | ☒ COMPLETED  ☐ ATTEMPTED | ☐ YES ☒ NO | ☐ YES ☒ NO |

| SUSPECTED ALCOHOL CONSUMPTION | DOMESTIC VIOLENCE | WEAPON / FORCE INVOLVED |
|---|---|---|
| ☐ YES ☒ NO | ☐ YES ☒ NO | Personal Weapons (Hands / Feet) |

| GANG INFORMATION | INCLUDES CARGO THEFT |
|---|---|
| None/Unknown | ☐ YES ☒ NO |

OFFENSE LOCATION

LOCATION NAME / STREET ADDRESS/LOCATION NAME / APT, UNIT, STE / DESCRIPTION

WALMART, 2753 E EASTLAND CENTER DR

| CITY | STATE | ZIP | COUNTRY CODE |
|---|---|---|---|
| WEST COVINA | CA | 91791 | US |

| LOCATION CATEGORY | BEAT / REPORTING DISTRICT / SUBDIVISION 4 / SUBDIVISION 5 | PUBLIC / PRIVATE |
|---|---|---|
| Clothing Store | SA 2 / Beat 2 / RD 34 | Public |

*VICTIMS-1*

VICTIMS-1 NAME

V-1 WALMART

| ORGANIZATION TYPE | ORGANIZATION INDUSTRY |
|---|---|
| Business | Consumer Goods |

MAILING ADDRESS

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

*VICTIMS-2*

| VICTIMS-2 NAME (LAST, FIRST MIDDLE) | | | | DOB / ESTIMATED AGE RANGE |
|---|---|---|---|---|
| V-2 Ghosn, Charbel Amid | | | | |

| SEX | RACE / ETHNICITY | | PHONE NUMBER | |
|---|---|---|---|---|
| Male | Hispanic / Hispanic Or Latino | | , primary, Mobile Phone) | |

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| C Hernandez #472    Sep 15, 2022 08:37 (e-signature) | K Freeman #381    Sep 15, 2022 09:28 (e-signature) |
| PRINT NAME | PRINT NAME |
| C Hernandez #472 | K Freeman #381 |

DR # 22-06599 - Crime/Incident Report Report We... ...vina Police Department

Pg 5 of 10

HOME ADDRESS

---

## SUSPECTS-1

SUSPECTS-1 NAME (LAST, FIRST MIDDLE)

S-1 KITILYA, RAYMOND JUSTO

DOB / ESTIMATED AGE RANGE

| SEX | RACE / ETHNICITY |
|-----|------------------|
| Male | Black |

HOME ADDRESS

813 E 4TH PL, LOS ANGELES, CA 90013

## WITNESS-1

WITNESS-1 NAME (LAST, FIRST MIDDLE)

W-1 MONTOYA, AMEENAH LATONYA

DOB / ESTIMATED AGE RANGE

| SEX | RACE / ETHNICITY | PHONE NUMBER |
|-----|------------------|--------------|
| Female | Black | ...ry, Mobile Phone) |

HOME ADDRESS

---

## OFFENSE-2

OFFENSE CODE

CAUSE HARM/DEATH OF ELDER /DEPENDENT ADULT:AGGRAVATED ASSAULT 368 (B)(1) FEL    not 211

| OFFENSE START DATE | OFFENSE COMPLETION | SUSPECTED HATE CRIME | SUSPECTED COMPUTER/ HANDHELD DEVICE USE |
|---|---|---|---|
| Sep 14, 2022 00:00 | ☐ COMPLETED  ☐ ATTEMPTED | ☐ YES ☑ NO | ☐ YES ☑ NO |

| SUSPECTED ALCOHOL CONSUMPTION | OTHER SUSPECTED DRUG USE | DOMESTIC VIOLENCE |
|---|---|---|
| ☐ YES ☑ NO | ☐ YES ☑ NO | ☐ YES ☑ NO |

WEAPON / FORCE INVOLVED

Personal Weapons (Hands / Feet)

AGGRAVATED ASSAULT FACTORS / HOMICIDE FACTORS

Other Felony Involved

GANG INFORMATION

None/Unknown

IS ANTI-REPRODUCTIVE RIGHTS CRIME?

☐ YES ☑ NO

## OFFENSE LOCATION

LOCATION NAME / STREET ADDRESS/LOCATION NAME / APT, UNIT, STE / DESCRIPTION

WALMART, 2753 E EASTLAND CENTER DR

| CITY | STATE | ZIP | COUNTRY CODE |
|------|-------|-----|--------------|
| WEST COVINA | CA | 91791 | US |

| LOCATION CATEGORY | BEAT / REPORTING DISTRICT / SUBDIVISION 4 / SUBDIVISION 5 | PUBLIC / PRIVATE |
|---|---|---|
| Clothing Store | SA 2 / Beat 2 / RD 34 | Public |

## VICTIMS-3

VICTIMS-3 NAME (LAST, FIRST MIDDLE)

V-3 Delgado, Alma Dora

DOB / ESTIMATED AGE RANGE

| SEX | RACE / ETHNICITY | PHONE NUMBER |
|-----|------------------|--------------|
| Female | White / Unknown | ...imary, Mobile Phone) |

HOME ADDRESS

BEEN AT LOCATION SINCE

VICTIM IS OFFICER

☐ YES ☐ NO

## VICTIMS-4

VICTIMS-4 NAME (LAST, FIRST MIDDLE)

V-4 Roybal, Marty Gregory

DOB / ESTIMATED AGE RANGE

| SEX | RACE / ETHNICITY | PHONE NUMBER |
|-----|------------------|--------------|
| Male | White / Unknown | ...ary, Mobile Phone) |

HOME ADDRESS

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| C Hernandez #472   Sep 15, 2022 08:37 (e-signature) | K Freeman #381   Sep 15, 2022 09:23 (e-signature) |
| PRINT NAME | PRINT NAME |
| C Hernandez #472 | K Freeman #381 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RMS Form #03 generated by C. Casas #469 on Sep 15, 2022 10:14.

Pg 5 of 10

DR # 22-06593 - Crime/Incident Report Report West Covina Police Department

Pg 6 of 10

VICTIM IS OFFICER

☐ YES ☐ NO

## SUSPECTS-1

SUSPECTS-1 NAME (LAST, FIRST MIDDLE)

S-1 KITILYA, RAYMOND JUSTO

DOB / ESTIMATED AGE RANGE

| SEX | RACE / ETHNICITY |
|-----|------------------|
| Male | Black |

HOME ADDRESS

813 E 4TH PL, LOS ANGELES, CA 90013

## WITNESS-2

WITNESS-2 NAME (LAST, FIRST MIDDLE)

W-2 Ghosn, Charbel Amid

DOB / ESTIMATED AGE RANGE

| SEX | RACE / ETHNICITY | PHONE NUMBER |
|-----|------------------|--------------|
| Male | Hispanic / Hispanic Or Latino | (Primary, Mobile Phone) |

HOME ADDRESS

# OFFENSE-3

OFFENSE CODE

ADW WITH FORCE:POSSIBLE GBI:AGGRAVATED ASSAULT | 245 (A)(4) | FEL

| OFFENSE START DATE | OFFENSE COMPLETION | SUSPECTED HATE CRIME | SUSPECTED COMPUTER/ HANDHELD DEVICE USE |
|--------------------|--------------------|--------------------|--------------------------------------------|
| Sep 14, 2022 00:00 | ☐ COMPLETED ☐ ATTEMPTED | ☐ YES ☐ NO | ☐ YES ☐ NO |

| SUSPECTED ALCOHOL CONSUMPTION | OTHER SUSPECTED DRUG USE | DOMESTIC VIOLENCE |
|-------------------------------|--------------------------|-------------------|
| ☐ YES ☐ NO | ☐ YES ☐ NO | ☐ YES ☐ NO |

WEAPON / FORCE INVOLVED

Personal Weapons (Hands / Feet)

AGGRAVATED ASSAULT FACTORS / HOMICIDE FACTORS

Other Felony Involved

GANG INFORMATION

None/Unknown

IS ANTI-REPRODUCTIVE RIGHTS CRIME?

☐ YES ☐ NO

## OFFENSE LOCATION

LOCATION NAME / STREET ADDRESS/LOCATION NAME / APT, UNIT, STE / DESCRIPTION

WALMART, 2753 E EASTLAND CENTER DR

| CITY | STATE | ZIP | COUNTRY CODE |
|------|-------|-----|--------------|
| WEST COVINA | CA | 91791 | US |

| LOCATION CATEGORY | BEAT / REPORTING DISTRICT / SUBDIVISION 4 / SUBDIVISION 5 | PUBLIC / PRIVATE |
|-------------------|----------------------------------------------------------|------------------|
| Clothing Store | SA 2 / Beat 2 / RD 34 | Public |

## VICTIMS-3

VICTIMS-3 NAME (LAST, FIRST MIDDLE)

V-3 Delgado, Alma Dora

DOB / ESTIMATED AGE RANGE

| SEX | RACE / ETHNICITY | PHONE NUMBER |
|-----|------------------|--------------|
| Female | White / Unknown | ary, Mobile Phone) |

HOME ADDRESS

BEEN AT LOCATION SINCE

VICTIM IS OFFICER

☐ YES ☐ NO

## VICTIMS-4

VICTIMS-4 NAME (LAST, FIRST MIDDLE)

V-4 Roybal, Marty Gregory

DOB / ESTIMATED AGE RANGE

| SEX | RACE / ETHNICITY | PHONE NUMBER |
|-----|------------------|--------------|
| | | |

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|-----------------------------------|-----------------------------|
| C Hernandez #472  Sep 15, 2022 08:37 (e-signature) | K Freeman #381  Sep 15, 2022 09:28 (e-signature) |
| PRINT NAME | PRINT NAME |
| C Hernandez #472 | K Freeman #381 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RMS Form v2.0 generated by C. Casas #469 on Sep 15, 2022 12:14.

Pg 6 of 10

| Male | White / Unknown | | ary, Mobile Phone) |
|---|---|---|---|
| HOME ADDRESS | | | |

VICTIM IS OFFICER

☐ YES ☐ NO

**SUSPECTS-1**

| SUSPECTS-1 NAME (LAST, FIRST MIDDLE) | | DOB / ESTIMATED AGE RANGE |
|---|---|---|
| S-1 KITILYA, RAYMOND JUSTO | | 1989-01-12 |

| SEX | RACE / ETHNICITY |
|---|---|
| Male | Black |

HOME ADDRESS

813 E 4TH PL, LOS ANGELES, CA 90013

## INVOLVED PERSONS

| INVOLVED PERSON-1 NAME (LAST, FIRST MIDDLE) | | DOB / ESTIMATED AGE RANGE |
|---|---|---|
| P-1 KITILYA, RAYMOND JUSTO | | 1989-01-12 |

| SEX | RACE / ETHNICITY |
|---|---|
| Male | Black |

HOME ADDRESS

813 E 4TH PL, LOS ANGELES, CA 90013

INVOLVEMENT TYPE

Arrested

| INVOLVED PERSON-2 NAME (LAST, FIRST MIDDLE) | | DOB / ESTIMATED AGE RANGE |
|---|---|---|
| P-2 Delgado, Alma Dora | | |

| SEX | RACE / ETHNICITY | PHONE NUMBER | |
|---|---|---|---|
| Female | White / Unknown | | imary, Mobile Phone) |

| HOME ADDRESS | | BEEN AT LOCATION SINCE |
|---|---|---|
| | | |

INVOLVEMENT TYPE

Victim

| INVOLVED PERSON-3 NAME (LAST, FIRST MIDDLE) | | DOB / ESTIMATED AGE RANGE |
|---|---|---|
| P-3 MONTOYA, AMEENAH LATONYA | | |

| SEX | RACE / ETHNICITY | PHONE NUMBER | |
|---|---|---|---|
| Female | Black | | primary, Mobile Phone) |

HOME ADDRESS

INVOLVEMENT TYPE

Witness

| INVOLVED PERSON-4 NAME (LAST, FIRST MIDDLE) | | DOB / ESTIMATED AGE RANGE |
|---|---|---|
| P-4 Ghosn, Charbel Amid | | |

| SEX | RACE / ETHNICITY | PHONE NUMBER | |
|---|---|---|---|
| Male | Hispanic / Hispanic Or Latino | | ary, Mobile Phone) |

HOME ADDRESS

INVOLVEMENT TYPE

Victim

| INVOLVED PERSON-5 NAME (LAST, FIRST MIDDLE) | | DOB / ESTIMATED AGE RANGE |
|---|---|---|
| P-5 GOMEZ, LORRINDA KERRY | | |

| SEX | RACE / ETHNICITY | PHONE NUMBER | |
|---|---|---|---|
| Female | White | | rimary, Mobile Phone) |

HOME ADDRESS

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| C Hernandez #472    Sep 15, 2022 08:37 (e-signature) | K Freeman #381    Sep 15, 2022 09:28 (e-signature) |
| PRINT NAME | PRINT NAME |
| C Hernandez #472 | K Freeman #381 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RMS Form ICR generated by C. Casas #=83 on Sep 18, 2022 12:14

Pg 7 of 10

INVOLVEMENT TYPE

Witness

| INVOLVED PERSON-6 NAME (LAST, FIRST MIDDLE) | | | DOB / ESTIMATED AGE RANGE |
|---|---|---|---|
| P-6 Roybal, Marty Gregory | | | |

| SEX | RACE / ETHNICITY | PHONE NUMBER | |
|---|---|---|---|
| Male | White / Unknown | ., rimary, Mobile Phone) | |

HOME ADDRESS

INVOLVEMENT TYPE

Victim

## INVOLVED ORGANIZATIONS

INVOLVED ORGANIZATION-1 NAME

O-1 WALMART

| ORGANIZATION TYPE | ORGANIZATION INDUSTRY |
|---|---|
| Business | Consumer Goods |

MAILING ADDRESS

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

INVOLVEMENT TYPE

Victim

## INVOLVED LOCATIONS

LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

## VEHICLE / PROPERTY & ITEMS SUMMARY

| DESCRIPTION / MAKE / MODEL / COLOR | STATUS / DATE / REASON FOR CUSTODY | VIN # / SERIAL # | QTY. | TOTAL ($) VALUE |
|---|---|---|---|---|
| Clothing/Bags/Electronics (see reciept) / White | Stolen / Sep 14, 2022 | | | 312.76 |
| Clothing/Bags/Electronics (see reciept) / White | Recovered / Sep 14, 2022 | | | 312.76 |

## MEDICAL ADDENDUM

DR#

22-06599

| INJURED PERSON-1 NAME (LAST, FIRST MIDDLE) | | | DOB / ESTIMATED AGE RANGE |
|---|---|---|---|
| Marty Gregory Roybal | | | |

| WHERE INJURED-1 | INJURY TYPE | DESCRIPTION OF INJURY |
|---|---|---|
| Nose | Apparent Minor Injury | abrasion to nose with bleeding |

| WHERE INJURED-2 | INJURY TYPE | DESCRIPTION OF INJURY |
|---|---|---|
| Face, Nonspecific | Apparent Minor Injury | bruising and redness to neck and face |

| INJURED PERSON-2 NAME (LAST, FIRST MIDDLE) | | | DOB / ESTIMATED AGE RANGE |
|---|---|---|---|
| Alma Dora Delgado | | | |

| WHERE INJURED-1 | INJURY TYPE | DESCRIPTION OF INJURY |
|---|---|---|
| Arm, Right, Upper | Apparent Minor Injury | Gold ball sized bruise to tricep |

| INJURED PERSON-3 NAME (LAST, FIRST MIDDLE) | | | DOB / ESTIMATED AGE RANGE |
|---|---|---|---|
| Charbel Amid Ghosn | | | |

| WHERE INJURED-1 | INJURY TYPE | DESCRIPTION OF INJURY |
|---|---|---|
| Cheek (face), Left | Apparent Minor Injury | redness and swelling |

## RELATIONSHIPS ADDENDUM

| NAME | RELATIONSHIP | SUBJECT |
|---|---|---|
| REPORTING OFFICER SIGNATURE / DATE | | SUPERVISOR SIGNATURE / DATE |
| C Hernandez #472   Sep 15, 2022 03:37 (e-signature) | | K Freeman #381   Sep 15, 2022 09:28 (e-signature) |
| PRINT NAME | | PRINT NAME |
| C Hernandez #472 | | K Freeman #381 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RMS Form v2.0 generated by C Casas #497 on Sep 15, 2022 22:24

Pg 8 of 10

DR # 22-06599 - Crime/Incident Report Report Wes   ina Police Department

Pg 9 of 10

| NAME | RELATIONSHIP | SUBJECT |
|---|---|---|
| AMEENAH LATONYA MONTOYA | RELATIONSHIP UNKNOWN | LORRINDA KERRY GOMEZ |
| AMEENAH LATONYA MONTOYA | RELATIONSHIP UNKNOWN | Marty Gregory Roybal |
| AMEENAH LATONYA MONTOYA | EMPLOYEE | WALMART |
| Alma Dora Delgado | RELATIONSHIP UNKNOWN | AMEENAH LATONYA MONTOYA |
| Alma Dora Delgado | RELATIONSHIP UNKNOWN | LORRINDA KERRY GOMEZ |
| Alma Dora Delgado | RELATIONSHIP UNKNOWN | Marty Gregory Roybal |
| Alma Dora Delgado | RELATIONSHIP TO ORGANIZATION UNKNOWN | WALMART |
| Charbel Amid Ghosn | COWORKER OF | AMEENAH LATONYA MONTOYA |
| Charbel Amid Ghosn | RELATIONSHIP UNKNOWN | Alma Dora Delgado |
| Charbel Amid Ghosn | COWORKER OF | LORRINDA KERRY GOMEZ |
| Charbel Amid Ghosn | RELATIONSHIP UNKNOWN | Marty Gregory Roybal |
| Charbel Amid Ghosn | RELATIONSHIP UNKNOWN | RAYMOND JUSTO KITILYA |
| Charbel Amid Ghosn | EMPLOYEE | WALMART |
| LORRINDA KERRY GOMEZ | RELATIONSHIP UNKNOWN | Marty Gregory Roybal |
| LORRINDA KERRY GOMEZ | EMPLOYEE | WALMART |
| Marty Gregory Roybal | RELATIONSHIP TO ORGANIZATION UNKNOWN | WALMART |
| RAYMOND JUSTO KITILYA | RELATIONSHIP UNKNOWN | AMEENAH LATONYA MONTOYA |
| RAYMOND JUSTO KITILYA | RELATIONSHIP UNKNOWN | Alma Dora Delgado |
| RAYMOND JUSTO KITILYA | RELATIONSHIP UNKNOWN | LORRINDA KERRY GOMEZ |
| RAYMOND JUSTO KITILYA | RELATIONSHIP UNKNOWN | Marty Gregory Roybal |
| NAME | RELATIONSHIP | SUBJECT |

REPORTING OFFICER SIGNATURE / DATE

C Hernandez #472   Sep 15, 2022 08:37 (e-signature)

PRINT NAME

C Hernandez #472

SUPERVISOR SIGNATURE / DATE

K Freeman #381   Sep 15, 2022 09:28 (e-signature)

PRINT NAME

K Freeman #381

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RMS Form v2.0 generated by C. Casas #469 on Sep 15, 2022 12:14.

Pg 9 of 10

| RAYMOND JUSTO KITILYA | RELATIONSHIP TO ORGANIZATION UNKNOWN | WALMART |
| --- | --- | --- |

## PROPERTY & ITEMS ADDENDUM

*22-06599-4 OTHER ITEM - CLOTHING/BAGS/ELECTRONICS (SEE RECIEPT)*

ITEM CATEGORY
Other

DESCRIPTION
Clothing/Bags/Electronics (see reciept)

COLOR
White

IN POSSESSION OF
RAYMOND JUSTO KITILYA

| STATUS | STATUS DATE | | TOTAL ($) VALUE | IN POLICE CUSTODY |
| --- | --- | --- | --- | --- |
| Recovered | Sep 14, 2022 | | 312.76 | No |
| STATUS | STATUS DATE | | TOTAL ($) VALUE | IN POLICE CUSTODY |
| Stolen | Sep 14, 2022 | | 312.76 | No |

PROPERTY LINKED TO
Offense 1

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
| --- | --- |
| C Hernandez #472   Sep 15, 2022 08:37 (e-signature) | K Freeman #381   Sep 15, 2022 09:28 (e-signature) |
| PRINT NAME | PRINT NAME |
| C Hernandez #472 | K Freeman #381 |

West Covina Police Department
1444 W. GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RME Form v2.0 generated by C. Casus #483 on Sep 15, 2022 10:14

Pg 10 of 10

DR # 22-06599 - Supplement - 1 Report West Covina Police Department

Pg 1 of 2

## DR # 22-06599 - Supplement - 1 Report

| REPORT DATE / TIME | OCCURENCE START DATE / TIME - OCCURENCE END DATE / TIME | PRIMARY REPORTER |
|---|---|---|
| Sep 14, 2022 10:06 | Sep 14, 2022 09:05 – 09:45 | J Garcia #461 |

SUPPLEMENT TYPE
Add victim

### NARRATIVE

On Wednesday, September 14, 2022, I (Officer Garcia, ID#461) was assigned to work uniform patrol in the city of West Covina. I wore my class 'B' uniform and drove a marked patrol unit, equipped with lights and siren. At approximately 0905 hours, I assisted officers with investigating a disturbance involving a robbery that occurred at the Eastland Shopping Center (2753 E. Eastland Center Drive).

When I arrived on scene, a male subject (herein referred as S-Raymond Kitilya) associated with the crime(s) was being detained by officers. Refer to original report for details.

I contacted V-Alma Delgado near the northern portion of the Wells Fargo bank. During contact, I noticed V-Delgado looked scared. She was trembling and out of breath. I asked V-Delgado to take a couple minutes to breathe and calm her emotions. V-Delgado refused medical attention and said she would be okay.

After about five minutes, V-Delgado was able to speak to me and said the following:

She walked to the Wells Fargo bank this morning because she needed to withdraw money today. While she was walking east on E. Eastland Center Drive toward the bank, she was approached by a Black male subject (S-Kitilya) who was running west toward Citrus Avenue. S-Kitilya asked her if she had any money; to which she replied and no. S-Kitilya got closer to her and asked her again for money. When S-Kitilya was approximately three feet away from her, he managed to grab her purse from her right shoulder and violently pull it away from her.

S-Kitilya used both his hands to pull the purse away from her. S-Kitilya pulled the purse so hard that he ripped the shoulder straps off the purse. S-Kitilya also caused her to lose her balance and fall on the ground as a result of him snatching the purse.

When she fell on the ground, she landed on her left hip. When she fell, S-Kitilya kept running toward Citrus Avenue. Seconds later, she saw S-Kitilya throw her purse in the middle of the street (E. Eastland Center Drive), right after looking into the purse and possibly realizing she really did not have any money.

V-Delgado recalled being in shock when she was robbed for her purse. V-Delgado said she was extremely scared and shaken up by the event. She said she could not believe anyone would try to take advantage of an elderly lady like herself.

V-Delgado said she was in minor back pain due to her fall. I did not observe any visual injuries other than an abrasion /swelling near V-Delgado's right triceps area. The injury was consistent with marks that were caused by the straps of V-Delgado's purse when it was pulled against her will. I took several photographs of V-Delgado for evidence, all photographs were later uploaded to the report.

When asked, V-Delgado said she desired prosecution and wanted the suspect arrested. I advised V-Delgado officers detained a subject (S-Kitilya ) that might have been the suspect who robbed her. During that time, I read V-Delgado the Victim/Witness field show-up admonishment using my department issued advisement card. V-Delgado acknowledged the advisement and agreed to conduct a field-show-up to see if the subject we had detained was in

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| J Garcia #461   Sep 15, 2022 09:50 (e-signature) | K Freeman #381   Sep 15, 2022 10:02 (e-signature) |
| PRINT NAME | PRINT NAME |
| J Garcia #461 | K Freeman #381 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RMS Form v2.0 generated by C. Casas #469 on Sep 15, 2022 12:14.

Pg 1 of 2

DR # 22-06599 - Supplement - 1 Report West Covir    ·lice Department

Pg 2 of 2

fact the subject who robbed her. I placed V-Delgado inside my patrol vehicle and drove with her toward where officers had S-Kitilya detained.

Officer Hernandez assisted me by facing S-Kitilya toward my patrol vehicle so that V-Delgado could see S-Kitilya. My vehicle was approximately fifty feet away from where S-Kitilya was standing with the officers. During that time, V-Delgado positively identified S-Kitilya as the suspect who robbed her for her purse. V-Delgado said she was one hundred percent sure S-Kitilya was the suspect.

I drove V-Delgado back to where I initially contacted her and advised her of the investigation. I also provided V-Delgado with the report number. A copy of my recorded contact with V-Delgado was uploaded onto the supplemental report as evidence. It is important to note that because of unforeseen technical problem(s), my recording stopped after six minutes.

For further details regarding the incident refer to Officer Hernandez's original report.

## INVOLVED PERSONS

INVOLVED PERSON-1 NAME (LAST, FIRST MIDDLE)

P-1 Delgado, Alma Dora

DOB / ESTIMATED AGE RANGE

| SEX | RACE / ETHNICITY | PHONE NUMBER | |
|-----|------------------|--------------|--|
| Female | White / Unknown | | ·mary, Mobile Phone) |

HOME ADDRESS

BEEN AT LOCATION SINCE

INVOLVEMENT TYPE

Victim

INVOLVED PERSON-2 NAME (LAST, FIRST MIDDLE)

P-2 KITILYA, RAYMOND JUSTO

DOB / ESTIMATED AGE RANGE

1989-01-12

| SEX | RACE / ETHNICITY |
|-----|------------------|
| Male | Black |

HOME ADDRESS

813 E 4TH PL, LOS ANGELES, CA 90013

INVOLVEMENT TYPE

Suspect

## INVOLVED LOCATIONS

LOCATION

WELLS FARGO, 100 N CITRUS ST, WEST COVINA, CA 91791

## RELATIONSHIPS ADDENDUM

| NAME | RELATIONSHIP | SUBJECT |
|------|--------------|---------|
| Alma Dora Delgado | RELATIONSHIP UNKNOWN | RAYMOND JUSTO KITILYA |

REPORTING OFFICER SIGNATURE / DATE

J Garcia #461    Sep 15, 2022 09:50 (e-signature)

PRINT NAME

J Garcia #461

SUPERVISOR SIGNATURE / DATE

K Freeman #381    Sep 15, 2022 10:02 (e-signature)

PRINT NAME

K Freeman #381

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RMS Form v3.0 generated by C. Casas #469 on Sep 15, 2022 12:14.

Pg 2 of 2

DR # 22-06599 - Supplement - 2 Report West Covina Police Department

Pg 1 of 3

## DR # 22-06599 - Supplement - 2 Report

| REPORT DATE / TIME | OCCURRENCE START DATE / TIME - OCCURRENCE END DATE / TIME | PRIMARY REPORTER |
|---|---|---|
| Sep 14, 2022 10:15 | Sep 14, 2022 09:05 | J Sanchez #463 |

| SUPPLEMENT TYPE |
|---|
| Assisting narrative |

## NARRATIVE

### SUPPLEMENTAL NARRATIVE

On 09-14-2022 at approximately 0906 hours, I (Officer Sanchez #463) was working uniformed patrol and driving a marked black and white West Covina Unit. I responded to Walmart (2753 E. Eastland Center Drive) regarding a robbery that had occurred. WCPD communications a black male suspect, later identified as Raymond Kitilya (DOB: 01-12-1989), was wearing all black clothing had stolen items at the location, and assaulted security. Refer to Officer Hernandez's (#474) original report for further information.

I responded to the location and S-Raymond had been detained by Officer Hernandez and Officer Abellaneda (#488). While at the location, a witness later identified as Ameenah Montoya approached me stating "you guys got the right guy". I asked W-Montoya what she say and the following is a summary of her statement.

W-Montoya was driving in her vehicle westbound on Eastland Center Drive approaching the Citrus St. intersection when she saw S-Raymond hitting the male victim (Charnel Ghosn) with a black bag. W-Montoya believed V-Ghosn was trying to get his property back when S-Raymond continued to hit him with the bag. W-Montoya pulled into the Party City parking structure and waited for police.

W-Montoya agreed to an in-field show-up. I read W-Montoya a witness identification advisement per my department-issued card. W-Montoya was approximately 20 feet away and had a clear and unobstructed view of the suspect and she said "that is him." I asked W-Montoya if the suspect was the subject who his the male victim and she said "yes, I'm 100% sure that it is him. I can tell it is him because of his hair and clothes". W-Montoya advisement and statements were audio recorded on my patrol unit's Mav (P-22).

W-Montoya advised me she had a dash camera that might have recorded the incident but was unable to access it at this time. W-Montoya was provided a report number and advised to contact WCPD if a video was available.

I contacted V-Ghosn at Walmart who was a Loss Prevention employee. V-Ghosn allowed me to see their CTV security camera video. The following is a summary of my observations of the video.

S-Raymond is seen pushing a shopping cart and filling it up with clothing and CDs. S-Raymond is seen raising his arms up and appears to be screaming at the product aisle. S-Raymond is attempting to exit the location, bypassing the cash registers, when he is stopped by V-Ghosn. S-Raymond and the victim appear to exchange words and S-Raymond runs out of the store with V-Ghosn running after him.

V-Ghosn was able to provide me with a copy of the CTV security camera video and copied it to a DVD. I collected the DVD along with an itemized receipt of the product S-Raymond took and book them into evidence.

## INVOLVED PERSONS

| INVOLVED PERSON-1 NAME (LAST, FIRST MIDDLE) | | DOB / ESTIMATED AGE RANGE |
|---|---|---|
| P-1 MONTOYA, AMEENAH LATONYA | | |

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| J Sanchez #463   Sep 14, 2022 12:43 (e-signature) | J Munn #319   Sep 14, 2022 13:07 (e-signature) |
| PRINT NAME | PRINT NAME |
| J Sanchez #463 | J Munn #319 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RMS Form v2.0 generated by C. Casas #469 on Sep 15, 2022 12:14.

Pg 1 of 3

DR # 22-06599 – Supplement - 2 Report West Covina Police Department

Pg 2 of 3

| SEX | RACE / ETHNICITY | | PHONE NUMBER | |
|---|---|---|---|---|
| Female | Black | | | primary, Mobile Phone) |

HOME ADDRESS

INVOLVEMENT TYPE

Witness

## INVOLVED LOCATIONS

LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

## VEHICLE / PROPERTY & ITEMS SUMMARY

| DESCRIPTION / MAKE / MODEL / COLOR | STATUS / DATE / REASON FOR CUSTODY | VIN # / SERIAL # | QTY. | TOTAL ($) VALUE |
|---|---|---|---|---|
| DVD VIDEO CTV CAMERAS AT WALMART / Multi-Colored | Evidence/Seized / Sep 14, 2022 / Evidence | | 1 | UNKNOWN |
| 2 WALMART ITEMIZED RECEIPTS / Black & White | Evidence/Seized / Sep 14, 2022 / Evidence | | 2 | UNKNOWN |

## PROPERTY & ITEMS ADDENDUM

*22-06599-2 OTHER ITEM - DVD VIDEO CTV CAMERAS AT WALMART*

ITEM CATEGORY

Video

DESCRIPTION

DVD VIDEO CTV CAMERAS AT WALMART

COLOR

Multi-Colored

OWNER

WALMART

| STATUS | STATUS DATE | TOTAL ($) VALUE | QUANTITY |
|---|---|---|---|
| Evidence/Seized | Sep 14, 2022 | UNKNOWN | 1 |

| IN POLICE CUSTODY | REASON FOR POLICE CUSTODY |
|---|---|
| Yes | Evidence |

RECOVERING OFFICER / ID # / PERSON

J Sanchez #463

STORAGE LOCATION / PERSON / DESTINATION / INTAKE PERSON

West Covina Police Department > EVIDENCE LOCKER

RECOVERED LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

*22-06599-3 OTHER ITEM - 2 WALMART ITEMIZED RECEIPTS*

ITEM CATEGORY

Other

DESCRIPTION

2 WALMART ITEMIZED RECEIPTS

COLOR

Black/ White

OWNER

WALMART

| STATUS | STATUS DATE | TOTAL ($) VALUE | QUANTITY |
|---|---|---|---|
| Evidence/Seized | Sep 14, 2022 | UNKNOWN | 2 |

| IN POLICE CUSTODY | REASON FOR POLICE CUSTODY |
|---|---|
| Yes | Evidence |

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| J Sanchez #463   Sep 14, 2022 12:43 (e-signature) | J Munn #319   Sep 14, 2022 13:07 (e-signature) |
| PRINT NAME | PRINT NAME |
| J Sanchez #463 | J Munn #319 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RMS Form v2.0 generated by C. Casas #463 on Sep 15, 2022 11:24

Pg 2 of 3

DR # 22-06599 - Supplement - 3 Report West Covina Police Department                                    Pg 1 of 3

## DR # 22-06599 - Supplement - 3 Report

| REPORT DATE / TIME | OCCURENCE START DATE / TIME - OCCURENCE END DATE / TIME | PRIMARY REPORTER |
|---|---|---|
| Sep 14, 2022 13:17 | Sep 14, 2022 09:05 | A Abellaneda #488 |

SUPPLEMENT TYPE
Add victim, Witness statement

## NARRATIVE

On 09-14-2022 at approximately 0906 hours, I (Officer Abellaneda # 488) was working uniformed patrol and driving a marked black and white West Covina Unit. I responded to Walmart (2753 E. Eastland Center Drive) regarding a robbery. WCPD communications a black male suspect, later identified as Raymond Kitilya (DOB: 01-12-1989), was wearing all black clothing, had stolen items at the location, and assaulted security and bystanders. Refer to Officer Hernandez's (#474) original report for further information.

Upon my arrival, I assisted Officer Hernandez with taking the suspect into custody. However, the suspect was uncooperative and refused to follow the Officers orders. He was subsequently placed in handcuffs and detained pending our investigation. While I attempted to put him in the back of our patrol vehicle, he spat on my pants. The saliva landed on my police uniform (left thigh area). Officer Robles and I guided the suspect into the police car without incident.

I was instructed to assist Officer Hernandez with witness and victim statements.

I met with Witness-Lorrinda Gomez, who is an employee at Walmart. The following is a summary of her statement.

W-Lorrinda stated that on today's date, at approximately 0900 hours, she observed the S-Raymond walking towards the store exit, which leads to the south parking lot of Walmart. Their loss prevention unit followed S-Raymond outside because they watched him take merchandise. W-Lorrinda said she saw the S-Raymond exit the business and was still followed by their loss prevention security guard. W-Lorrinda became concerned because a few minutes passed, and the security guard didn't return. W-Lorrinda exited Walmart and observed S-Raymond and the security guard in the parking lot just west of Walmart. S-Raymond was upset and argued with the security guard. The verbal dispute escalated to a physical altercation, and she observed S-Raymond punch the security guard in the face with a closed fist. He tried to punch the security guard again but could not hit him. W-Lorrinda was unable to provide exact details about the altercation. I asked her what hand S-Raymond used to punch the security guard, but she stated she didn't recall. After the physical fight, S-Raymond fled the scene and was seen walking westbound towards Citrus Ave. W-Lorrinda called the police and continued to give updates on the S-Raymond's location.

W-Lorrinda observed S-Raymond assault a male who attempted to intervene during the initial altercation with the security guard. The male was later identified as V-Marty. W-Lorrinda stated she saw S-Raymond punch V-Marty in the face (unknown which hand he used). After the assault, S-Raymond verbally insulated V-Marty and the security guard. I asked W-Lorrinda if she could be more detailed regarding the assault, but she stated the incident happened so quickly it was difficult for her to recall what transpired.

In addition, W-Lorrinda observed S-Raymond assault an elderly female walking toward Walmart. W-Lorrinda said she saw S-Raymond, punch her (unknown which hand), and then he threw her to the ground. Next, S-Raymond kicked the elderly female while she was lying on the ground. S-Raymond then began to kick items that fell from the female's purse. S-Raymond grabbed the female's purse; however, she held onto it, preventing him from stealing it. I asked W-Lorrinda if she saw where S-Raymond kicked the female, and she said she believed he kicked her somewhere on her upper torso. I asked W-Lorrinda if she could go into more detail regarding the assault, but due to the distance, she could not describe the assault in detail. Refer to Officer Garcia's supplemental report for further.

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| A Abellaneda #488    Sep 15, 2022 22:07 (e-signature) | J Munn #519   Sep 14, 2022 22:42 (e-signature) |
| FIRST NAME | FIRST NAME |
| A Abellaneda #488 | J Munn #519 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500                                    Pg 1 of 3
Mara43 RMS Form v2.0 generated by C. Casas #488 on Sep 15, 2022 13:14

DR # 22-06599 - Supplement - 3 Report West Covina Police Department

Pg 2 of 3

W-Lorrinda advised me she saw officers arrive on the scene and take the suspect into custody. I asked her if that was the correct person, and she stated, "Yes, that is him." This concludes W-Lorrinda's Statement.

I then met with the victim- Marty Roybal; the following is a summary of his statement.

V-Marty stated he parked in the south lot of Walmart. He exited his vehicle and walked towards the front of the store when he observed the S-Raymond running out of the store, followed by a security guard in plain clothes. He saw them run to a lot just west of Walmart. S-Raymond and the security guard engaged in a physical altercation. V-Marty attempted to intervene because S-Raymond looked physically stronger than the security guard. V-Marty ran towards S-Raymond and was going to attempt to tackle him; however, S-Raymond turned towards V-Marty. S-Raymond clenched his left fist and punched V-Marty in the face, causing his glasses to fall to the ground. V-Marty has bad vision, so he began to look for his glasses. V-Marty located his glasses on the ground, and the suspect started approaching him, but the security guard stopped S-Raymond. S-Raymond began to yell and verbally insult V-Marty and the security guard. S-Raymond again came towards V-Marty. V-Marty stated he turned his back to the S-Raymond. S-Raymond followed him and punched V-Marty in the face with his right fist, leaving redness and minor swelling. I asked V-Marty how many times S-Raymond hit him, to which he responded, "He punched me once with his right fist as I had my back to him." V-Marty stated after the assault, S-Raymond fled westbound towards Citrus Ave.

V-Marty observed S-Raymond attack a female who was on the curb walking toward Walmart. V-Marty stated that S-Raymond ran towards the female and, without warning, began to punch her multiple times with both fists. V-Marty said the suspect punched the elderly female in the face numerous times. S-Raymond then picked the female up and slammed her to the ground. As the female was lying on the ground, S-Raymond grabbed her purse and attempted to steal it. However, the elderly female also grabbed the purse, and they began to struggle over it. V-Marty stated he began to run toward the elderly female to render aid and stop the physical attack. However, V-Marty believes S-Raymond saw him and the security guard running in his direction, so he fled northbound on Citrus Ave. It should be noted that V-Marty is 66 years old, and he suffers from medical problems.

This concludes V-Marty's statement.

I asked V-Marty if he required any medical attention. V-Marty refused medical attention and stated he would care for the wounds independently. I took photographs of V-Marty's injuries; all pictures will be attached to this report.

I informed V-Marty that we had a possible suspect detained. I asked if he would be willing to complete a field identification, and he agreed. I read V-Marty a witness identification advisement per my department-issued card. V-Marty was approximately 15 feet away and had a clear and unobstructed view of the suspect, and he stated, "yes, that is him." I asked V-Marty what he recognized about the suspect, and he said his face and clothing.

## INVOLVED PERSONS

| INVOLVED PERSON-1 NAME (LAST, FIRST MIDDLE) | | DOB / ESTIMATED AGE RANGE |
|---|---|---|
| P-1 KITILYA, RAYMOND JUSTO | | 1989-01-12 |

| SEX | RACE / ETHNICITY |
|---|---|
| Male | Black |

HOME ADDRESS

813 E 4TH PL, LOS ANGELES, CA 90013

INVOLVEMENT TYPE

Suspect

| INVOLVED PERSON-2 NAME (LAST, FIRST MIDDLE) | | DOB / ESTIMATED AGE RANGE |
|---|---|---|
| P-2 GOMEZ, LORRINDA KERRY | | |

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| A Aballaneda #436   Sep 14, 2022 22:17 (e-signature) | J Munn #319   Sep 14, 2022 22:42 (e-signature) |
| PRINT NAME | PRINT NAME |
| A Aballaneda #436 | J Munn #319 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Mark43 RMS Form v2.0 generated on C. Clasas ABD on Sep 13, 2022 12:xx.

| SEX | RACE / ETHNICITY | | PHONE NUMBER | |
|---|---|---|---|---|
| Female | White | | | (Work), ( | ' (primary, Mobile Phone) |

HOME ADDRESS

INVOLVEMENT TYPE

Witness

INVOLVED PERSON-3 NAME (LAST, FIRST MIDDLE)

P-3 Roybal, Marty Gregory

DOB / ESTIMATED AGE RANGE

| SEX | RACE / ETHNICITY | | PHONE NUMBER | |
|---|---|---|---|---|
| Male | White / Unknown | | | primary, Mobile Phone) |

HOME ADDRESS

INVOLVEMENT TYPE

Victim

## INVOLVED LOCATIONS

LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

## RELATIONSHIPS ADDENDUM

| NAME | RELATIONSHIP | SUBJECT |
|---|---|---|
| LORRINDA KERRY GOMEZ | RELATIONSHIP UNKNOWN | Marty Gregory Roybal |
| RAYMOND JUSTO KITILYA | RELATIONSHIP UNKNOWN | LORRINDA KERRY GOMEZ |
| RAYMOND JUSTO KITILYA | RELATIONSHIP UNKNOWN | Marty Gregory Roybal |

REPORTING OFFICER SIGNATURE / DATE

A Abellaneda #433   Sep 14, 2022 22:37 (e-signature)

PRINT NAME

A Abellaneda #433

SUPERVISOR SIGNATURE / DATE

J Munn #319   Sep 14, 2022 22:42 (e-signature)

PRINT NAME

J Munn #319

DR # 22-06599 - Property Entry Form - 1 Report W        vina Police Department                                                Pg 1 of 2

## DR # 22-06599 - Property Entry Form - 1 Report

| REPORT DATE / TIME | BEAT / REPORTING DISTRICT / SUBDIVISION 4 / SUBDIVISION 5 | OCCURENCE START DATE / TIME - OCCURENCE END DATE / TIME |
|---|---|---|
| Sep 14, 2022 10:06 | SA 2 / Beat 2 / RD 34 | Sep 14, 2022 09:05 |

PRIMARY REPORTER

M Martinez #689

ASSISTING PERSONNEL / TYPE(S)

N Robles #451 (Field Training Officer)

REPORT TAKEN LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

## NARRATIVE

This report is to place property into Safekeeping.

## INVOLVED PERSONS

INVOLVED PERSON-1 NAME (LAST, FIRST MIDDLE)

P-1 KITILYA, RAYMOND JUSTO

DOB / ESTIMATED AGE RANGE

1989-01-12

| SEX | RACE / ETHNICITY |
|---|---|
| Male | Black |

HOME ADDRESS

813 E 4TH PL, LOS ANGELES, CA 90013

INVOLVEMENT TYPE

Suspect

## INVOLVED LOCATIONS

LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

## VEHICLE / PROPERTY & ITEMS SUMMARY

| DESCRIPTION / MAKE / MODEL / COLOR | STATUS / DATE / REASON FOR CUSTODY | VIN # / SERIAL # | QTY. | TOTAL ($) VALUE |
|---|---|---|---|---|
| LEATHER BACKPACK / HIGH SIERRA / Black | Safekeeping / Sep 14, 2022 / Safekeeping | | 1 | UNKNOWN |

## PROPERTY & ITEMS ADDENDUM

*22-06599-1 OTHER ITEM - LEATHER BACKPACK*

ITEM CATEGORY

Purses/ Handbags/ Backpack

DESCRIPTION

LEATHER BACKPACK

COLOR

Black

OWNER

RAYMOND JUSTO KITILYA

| STATUS | STATUS DATE | TOTAL ($) VALUE | QUANTITY |
|---|---|---|---|
| Safekeeping | Sep 14, 2022 | UNKNOWN | 1 |

| IN POLICE CUSTODY | REASON FOR POLICE CUSTODY |
|---|---|
| Yes | Safekeeping |

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| M Martinez #689   Sep 14, 2022 10:17 (e signature) | J Munn #319   Sep 14, 2022 13:04 (e-signature) |
| PRINT NAME | PRINT NAME |
| M Martinez #689 | J Munn #319 |

DR # 22-06599 - Property Entry Form – 1 Report W'   Covina Police Department

RECOVERING OFFICER / ID # / PERSON

M Martinez #689

STATEMENT OF FACTS

SUBJECT WAS PLACED UNDER ARREST AND BACKPACK WAS TOO LARGE TO BE PLACED WITH HIS PROPERTY.

STORAGE LOCATION / PERSON / DESTINATION / INTAKE PERSON

West Covina Police Department > BULK / CSO MARTINEZ #689

RECOVERED LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

REPORTING OFFICER / ID # / DATE

M Martinez #689    Sep 14, 2022 10:17 (e-signature)

PRINT NAME

M Martinez #689

West Covina Police Department

1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500

SUPERVISOR SIGNATURE / DATE

J Munn #319    Sep 14, 2022 13:04 (e-signature)

PRINT NAME

J Munn #319

Pg 2 of 2

DR # 22-06599 - Property Inventory Report West C... Police Department

Pg 1 of 2

## DR # 22-06599 - Property Inventory Report

### VEHICLE / PROPERTY & ITEMS SUMMARY

| DESCRIPTION / MAKE / MODEL / COLOR | STATUS / DATE / REASON FOR CUSTODY | VIN # / SERIAL # | QTY. | TOTAL ($) VALUE |
|---|---|---|---|---|
| LEATHER BACKPACK / HIGH SIERRA / Black | Safekeeping / Sep 14, 2022 / Safekeeping | | 1 | UNKNOWN |
| DVD VIDEO CTV CAMERAS AT WALMART / Multi-Colored | Evidence/Seized / Sep 14, 2022 / Evidence | | 1 | UNKNOWN |
| 2 WALMART ITEMIZED RECEIPTS / Black & White | Evidence/Seized / Sep 14, 2022 / Evidence | | 2 | UNKNOWN |

### PROPERTY & ITEMS ADDENDUM

*22-06599-1 OTHER ITEM - LEATHER BACKPACK*

ITEM CATEGORY

Purses/ Handbags/ Backpack

DESCRIPTION

LEATHER BACKPACK

COLOR

Black

OWNER

RAYMOND JUSTO KITILYA

| STATUS | STATUS DATE | TOTAL ($) VALUE | QUANTITY |
|---|---|---|---|
| Safekeeping | Sep 14, 2022 | UNKNOWN | 1 |

| IN POLICE CUSTODY | REASON FOR POLICE CUSTODY |
|---|---|
| Yes | Safekeeping |

RECOVERING OFFICER / ID # / PERSON

M Martinez #689

STATEMENT OF FACTS

SUBJECT WAS PLACED UNDER ARREST AND BACKPACK WAS TOO LARGE TO BE PLACED WITH HIS PROPERTY.

STORAGE LOCATION / PERSON / DESTINATION / INTAKE PERSON

West Covina Police Department > BULK / CSO MARTINEZ #689

RECOVERED LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

*22-06599-2 OTHER ITEM - DVD VIDEO CTV CAMERAS AT WALMART*

ITEM CATEGORY

Video

DESCRIPTION

DVD VIDEO CTV CAMERAS AT WALMART

COLOR

Multi-Colored

OWNER

WALMART

| STATUS | STATUS DATE | TOTAL ($) VALUE | QUANTITY |
|---|---|---|---|
| Evidence/Seized | Sep 14, 2022 | UNKNOWN | 1 |

| IN POLICE CUSTODY | REASON FOR POLICE CUSTODY |
|---|---|
| Yes | Evidence |

RECOVERING OFFICER / ID # / PERSON

J Sanchez #463

STORAGE LOCATION / PERSON / DESTINATION / INTAKE PERSON

West Covina Police Department > EVIDENCE LOCKER

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
West Covina P&D Form V2.0 generated by IC Cloud 1.21 on Sep 16, 2022 10:14

Pg 1 of 2

DR # 22-06599 - Property Inventory Report West C·   · Police Department

RECOVERED LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

*22-06599-3 OTHER ITEM - 2 WALMART ITEMIZED RECEIPTS*

ITEM CATEGORY

Other

DESCRIPTION

2 WALMART ITEMIZED RECEIPTS

COLOR

Black/ White

OWNER

WALMART

| STATUS | | STATUS DATE | | TOTAL ($) VALUE | QUANTITY |
|---|---|---|---|---|---|
| Evidence/Seized | | Sep 14, 2022 | | UNKNOWN | 2 |
| IN POLICE CUSTODY | REASON FOR POLICE CUSTODY | | | | |
| Yes | Evidence | | | | |

RECOVERING OFFICER / ID # / PERSON

J Sanchez #463

STORAGE LOCATION / PERSON / DESTINATION / INTAKE PERSON

West Covina Police Department > EVIDENCE LOCKER

RECOVERED LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

DR # 22-06599 - Arrest Report West Covina Police Department

Pg 1 of 2

## DR # 22-06599 - *Arrest Report*

| REPORT DATE / TIME | BEAT / REPORTING DISTRICT / SUBDIVISION 4 / SUBDIVISION 5 | OCCURENCE START DATE / TIME - OCCURENCE END DATE / TIME |
|---|---|---|
| Sep 14, 2022 10:24 | SA 2 / Beat 2 / RD 34 | Sep 14, 2022 09:05 |

PRIMARY REPORTER

M Martinez #689

ASSISTING PERSONNEL / TYPE(S)

N Robles #451 (Field Training Officer)

REPORT TAKEN LOCATION

WALMART, 2753 E EASTLAND CENTER DR, WEST COVINA, CA 91791

## NARRATIVE

The listed subject was booked for the listed charge(s) associated with the crime report.

## ARREST #AR2201402 (ON-VIEW / PROBABLE CAUSE)

| ARREST DATE / TIME | ARRESTING ORGANIZATION | | ARREST TYPE |
|---|---|---|---|
| Sep 14, 2022 09:08 | West Covina Police Department - WCPD | | On-View / Probable Cause |

ARRESTING OFFICER

C Hernandez #472

### ARRESTEE

| | ARRESTEE NAME (LAST, FIRST MIDDLE) | | SEX |
|---|---|---|---|
| | D-1 KITILYA, RAYMOND JUSTO | | Male |
| | DOB / ESTIMATED AGE RANGE | RACE / ETHNICITY | |
| | 1989-01-12 | Black | |
| | PHONE NUMBER | EMAIL ADDRESS | |
| | HOME ADDRESS | | |
| | 813 E 4TH PL, LOS ANGELES, CA 90013 | | |

| SSN # | STATE ID NUMBER | FBI ID # |
|---|---|---|
| 614244992 | A28418480 | 841067CD9 |

ARRESTEE WAS ARMED WITH

Unarmed

### ARREST LOCATION

LOCATION NAME / STREET ADDRESS/LOCATION NAME / APT, UNIT, STE / DESCRIPTION

WALMART, 2753 E EASTLAND CENTER DR

| CITY | STATE | ZIP | COUNTRY CODE |
|---|---|---|---|
| WEST COVINA | CA | 91791 | US |

| LOCATION CATEGORY | BEAT / REPORTING DISTRICT / SUBDIVISION 4 / SUBDIVISION 5 | PUBLIC / PRIVATE |
|---|---|---|
| Department/ Discount/ Store | SA 2 / Beat 2 / RD 34 | Private |

### CHARGES

LOCKUP LOCATION

WEST COVINA JAIL

| CHARGES - 1 | | COUNT |
|---|---|---|
| ROBBERY: ROBBERY | 211 | FEL | | 1 |

DATE / TIME

Sep 14, 2022 10:34

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| J Martinez #J514    Sep 14, 2022 11:05 (e-signature) | J Munn #319    Sep 14, 2022 13:04 (e-signature) |
| PRINT NAME | PRINT NAME |
| J Martinez #J514 | J Munn #319 |

West Covina Police Department
1444 W GARVEY AVE S | WEST COVINA, CA 91790 | P: 625.939.8500
MarL43 RMS Form v2.0 generated by C. Casas #469 on Sep 15, 2022 12:14.

DR # 22 ... Arrest Report West Covina Police ... rtment

Pg 2 of 2

ARREST DISPOSITION

☐ Detention Only
☐ Felony (Adult)
☐ Release
☐ Juvenile Court (Petition/Release)
☐ Referred to Other Authority

☐ Juvenile Court (Booking)
☐ Released 849PC
☐ Complaint Sought
☐ Turned Over/Other Agency
☐ Misdemeanor (Adult)

CHARGES - 2

CAUSE HARM/DEATH OF ELDER /DEPENDENT ADULT:AGGRAVATED ASSAULT | 368 (B)(1) | FEL

| | COUNT |
|---|---|
| | 1 |

DATE / TIME

Sep 14, 2022 10:34

ARREST DISPOSITION

☐ Detention Only
☐ Felony (Adult)
☐ Release
☐ Juvenile Court (Petition/Release)
☐ Referred to Other Authority

☐ Juvenile Court (Booking)
☐ Released 849PC
☐ Complaint Sought
☐ Turned Over/Other Agency
☐ Misdemeanor (Adult)

CHARGES - 3

ADW WITH FORCE:POSSIBLE GBI:AGGRAVATED ASSAULT | 245 (A)(4) | FEL

| | COUNT |
|---|---|
| | 1 |

DATE / TIME

Sep 14, 2022 10:34

ARREST DISPOSITION

☐ Detention Only
☐ Felony (Adult)
☐ Release
☐ Juvenile Court (Petition/Release)
☐ Referred to Other Authority

☐ Juvenile Court (Booking)
☐ Released 849PC
☐ Complaint Sought
☐ Turned Over/Other Agency
☐ Misdemeanor (Adult)

BAIL HEARING

| COURT | COURT DATE / TIME | BAIL AMOUNT (S) |
|---|---|---|
| WEST COVINA | Sep 16, 2022 08:30 | 100000 |

PLACE COMMITTED / DETAINED

West Covina Police Department

## COURT CASE

| COURT TYPE | COURT | COURT DATE / TIME |
|---|---|---|
| Superior | WEST COVINA | Sep 16, 2022 08:30 |

| BAIL AMOUNT (S) | PLACE COMMITTED / DETAINED |
|---|---|
| 100000 | West Covina Police Department |

REPORTING OFFICER SIGNATURE / DATE

J Martinez #J514    Sep 14, 2022 11:05 (e-signature)

PRINT NAME

J Martinez #J514

SUPERVISOR SIGNATURE / DATE

J Munn #319    Sep 14, 2022 13:04 (e-signature)

PRINT NAME

J Munn #319

West Covina Police Department
1444 W. GARVEY AVE S | WEST COVINA, CA 91790 | P: 626.939.8500
Arrest Data Form v2.0 generated by C. Chavez #439 on Sep 15, 2022 11:14.

Pg 2 of 2

STATE OF CALIFORNIA
PROHIBITING CATEGORIES (Rev. 03/2020)

DEPARTMENT OF JUSTICE
PAGE 1 of 3





### CALIFORNIA DEPARTMENT OF JUSTICE
### BUREAU OF FIREARMS
# FIREARMS PROHIBITING CATEGORIES

**State and federal law make it unlawful for certain persons to own and/or possess firearms, including:**

- Any person who has been convicted of, or has an outstanding warrant for, a felony under the laws of the United States, the State of California, or any other state, government, or country, or of an offense enumerated in subdivision (a), (b), or (d) of Section 23515, or who is addicted to the use of any narcotic drug

- Any person who has been convicted of an offense enumerated in Penal Code sections 29900 or 29905

- Any person who is ordered to not possess firearms as a condition of probation or other court order listed in Penal Code section 29815, subdivisions (a) and (b)

- Any person who has been convicted of, or has an outstanding warrant for, a misdemeanor listed in Penal Code section 29805 (refer to List of Prohibiting Misdemeanors)

- Any person who is adjudged a ward of the juvenile court because he or she committed an offense listed in Welfare and Institutions Code section 707(b), an offense described in Penal Code section 1203.073(b), or any offense enumerated in Penal Code section 29805

- Any person who is subject to a temporary restraining order or an injunction issued pursuant to Code of Civil Procedure sections 527.6 or 527.8, a protective order as defined in Family Code section 6218, a protective order issued pursuant to Penal Code sections 136.2 or 646.91, a protective order issued pursuant to Welfare and Institutions Code section 15657.03, or by a valid order issued by an out-of-state jurisdiction that is similar or equivalent to a temporary restraining order, injunction, or protective order, as specified above, that includes a prohibition from owning or possessing a firearm

- Any person who is subject to a Gun Violence Restraining Order (GVRO)

- Any person who is found by a court to be a danger to himself, herself, or others because of a mental illness

- Any person who is found by a court to be mentally incompetent to stand trial

- Any person who is found by a court to be not guilty by reason of insanity

- Any person who is adjudicated to be a mentally disordered sex offender

- Any person who is placed on a conservatorship because he or she is gravely disabled as a result of a mental disorder, or an impairment by chronic alcoholism

- Any person who communicates a threat to a licensed psychotherapist against a reasonably identifiable victim that has been reported by the psychotherapist to law enforcement

- Any person who is taken into custody as a danger to self or others under Welfare and Institutions Code section 5150, assessed under Welfare and Institutions Code section 5151, and admitted to a mental health facility under Welfare and Institutions Code sections 5151, 5152, or certified under Welfare and Institutions Code sections 5250, 5260, and 5270.15

- Any person who is addicted to the use of narcotics (state and federal)

- Any person who has been convicted of, or is under indictment or information in any court for a crime punishable by imprisonment for a term exceeding one year (federal)

- Any person who has been discharged from the military under dishonorable conditions (federal)

- Any person who is an illegal alien (federal)

- Any person who has renounced his or her US Citizenship (federal)

- Any person who is a fugitive from justice (federal)




### CALIFORNIA DEPARTMENT OF JUSTICE
### BUREAU OF FIREARMS
# FIREARMS PROHIBITING CATEGORIES

## MISDEMEANORS

Convictions of, or outstanding warrants for, a misdemeanor violation of any the offenses listed below will generally result in a firearm prohibition for ten years.  All statutory references are to the California Penal Code, unless otherwise indicated.

- Threatening public officers, employees, and school officials (Pen. Code, § 71.)
- Threatening certain public officers, appointees, judges, staff or their families with the intent and apparent ability to carry out the threat (Pen. Code, § 76.)
- Intimidating witnesses or victims (Pen. Code, § 136.1.)
- Possessing a deadly weapon with the intent to intimidate a witness (Pen. Code, § 136.5.)
- Threatening witnesses, victims, or informants (Pen. Code, § 140.)
- Attempting to remove or take a firearm from the person or immediate presence of a public or peace officer (Pen. Code, § 148(d).)
- A person who reports to a person that a firearm has been lost or stolen, knowing the report to be false (Pen. Code, § 148.5(f).)
- Unauthorized possession of a weapon in a courtroom, courthouse, or court building, or at a public meeting (Pen. Code, § 171b.)
- Bringing into or possessing a loaded firearm within the state capitol, legislative offices, etc. (Pen. Code, § 171c.)
- Taking into or possessing loaded firearms within the Governor's Mansion or residence of other constitutional officers (Pen. Code, 171d.)
- Supplying, selling or giving possession of a firearm to a person for participation in criminal street gangs (Pen. Code, § 186.28.)
- Assault (Pen. Code, §§ 240, 241.)
- Battery (Pen. Code, §§ 242, 243.)
- Sexual Battery (Pen. Code, § 243.4.)
- Assault with a stun gun or taser weapon (Pen. Code, § 244.5.)
- Assault with a deadly weapon other than a firearm, or with force likely to produce great bodily injury (Pen. Code, § 245.)
- Assault with a deadly weapon or instrument; by any means likely to produce great bodily injury or with a stun gun or taser on a school employee engaged in performance of duties (Pen. Code, § 245.5.)
- Discharging a firearm in a grossly negligent manner (Pen. Code, § 246.3.)
- Shooting at an unoccupied aircraft, motor vehicle, or uninhabited building or dwelling house (Pen. Code, § 247.)
- Inflicting corporal injury on a spouse or significant other (Pen. Code, § 273.5.)  (Convictions on or before 12/31/2018.)
- Willfully violating a domestic protective order (Pen. Code, § 273.6.)
- Drawing, exhibiting, or using a deadly weapon other than a firearm (Pen. Code, § 417.)
- Inflicting serious bodily injury as a result of brandishing (Pen. Code, § 417.6.)
- Making threats to commit a crime which will result in death or great bodily injury to another person (Pen. Code, § 422.)
- Interference with the exercise of civil rights because of actual or perceived characteristics of the victim (Pen. Code, § 422.6.)
- Bringing into or possessing firearms upon or within public schools and grounds (Pen. Code, § 626.9.)
- Stalking (Pen. Code, § 646.9.)

STATE OF CALIFORNIA
PROHIBITING CATEGORIES (Rev. 03/2020)

DEPARTMENT OF JUSTICE
PAGE 3 of 3




### CALIFORNIA DEPARTMENT OF JUSTICE
### BUREAU OF FIREARMS
# FIREARMS PROHIBITING CATEGORIES

## MISDEMEANORS

- Carrying a concealed or loaded firearm or other deadly weapon or wearing a peace officer uniform while picketing (Pen. Code, §§ 830.95, 17510).

- Possessing a deadly weapon with intent to commit an assault (Pen. Code, § 17500.)

- Criminal possession of a firearm (Pen. Code, § 25300.)

- Armed criminal action (Pen. Code, § 25800.)

- Possession of ammunition designed to penetrate metal or armor (Pen. Code, § 30315.)

- Unauthorized possession/transportation of a machine gun (Pen. Code, § 32625.)

- Driver of any vehicle who knowingly permits another person to discharge a firearm from the vehicle or any person who willfully and maliciously discharges a firearm from a motor vehicle (Pen. Code, § 26100, subd. (b) or (d).)

- Firearms dealer who sells, transfers, or gives possession of any firearm to a minor or a handgun to a person under 21 (Pen. Code, § 27510.)

- Purchase, possession, or receipt of a firearm or deadly weapon by a person receiving in-patient treatment for a mental disorder, or by a person who has communicated to a licensed psychotherapist a serious threat of physical violence against an identifiable victim (Welf. & Inst. Code, § 8100.)

- Providing a firearm or deadly weapon to a person described in Welfare and Institutions Code sections 8100 or 8103 (Welf. & Inst. Code, § 8101.)

- Purchase, possession, or receipt of a firearm or deadly weapon by a person who has been adjudicated to be a mentally disordered sex offender or found to be mentally incompetent to stand trial, or not guilty by reason of insanity, and individuals placed under conservatorship (Welf. & Inst. Code, § 8103.)

- Bringing firearm related contraband into juvenile hall (Welf. & Inst. Code, § 871.5.)

- Bringing firearm related contraband into a youth authority institution (Welf. & Inst. Code, § 1001.5.)

- Theft of a firearm (Pen. Code, § 487)

- Criminal storage of a firearm (Pen. Code, §§ 25100, 25135 or 25200)

- Various violations involving sales and transfers of firearms (Pen. Code, § 27590, subd. (c).)

**The following misdemeanor conviction results in a five year prohibition:**

- Every person who owns or possesses a firearm or ammunition with knowledge that he or she is prohibited from doing so as a result of a gun violence restraining order (Pen. Code, § 18205).

**The following misdemeanor convictions result in a lifetime prohibition:**

- Inflicting corporal injury on a spouse or significant other (Pen. Code, § 273.5 for convictions on or after 1/1/2019, per Pen. Code, § 29805(b), and a "misdemeanor crime of domestic violence" (18 U.S.C., § 921(a)(33)(A), 922(g)(9).)

- Assault with a firearm (Pen. Code, §§ 29800, subd. (a)(1), 23515, subd. (a).)

- Shooting at an inhabited or occupied dwelling house, building, vehicle, aircraft, housecar, or camper (Pen. Code, §§ 246, 29800, subd. (a)(1), 17510, 23515, subd. (b).)

- Brandishing a firearm in presence of a peace officer (Pen. Code §§ 417, subd. (c), 23515, subd. (d), 29800, subd. (a)(1).)

- Two or more convictions of Penal Code section 417, subdivision (a)(2) (Pen. Code § 29800, subd. (a)(2).)

**Note:** The Department of Justice provides this document for informational purposes only. This list may not be inclusive of all firearms prohibitions. For specific legal advice, please consult with an attorney licensed to practice law in California.

STATE OF CALIFORNIA
BOF 110 (Rev. 10/2015)

DEPARTMENT OF JUSTICE
PAGE 1 of 2

### CALIFORNIA DEPARTMENT OF JUSTICE
### BUREAU OF FIREARMS
## General Notice of Firearm Prohibition and
## Power of Attorney for Firearms
## Relinquishment, Sale, or Transfer for Storage



I,_____, hereby designate _____
   *Printed Name of Firearm Owner/Possessor*                              *Printed Name of Power of Attorney Designee*
to have Power of Attorney for the purpose of transferring or disposing of my firearm(s). This Power of Attorney designation is only effective for 30 days from the date of this designation. This designation shall become null and void after 30 days. As the firearm owner, I hereby declare, under penalty of perjury under the laws of the State of California, that the forgoing is true and correct and that to the best of my knowledge, the above designee is not prohibited from possessing firearms pursuant to Penal Code sections 29800-29875 or 29900-29905, or Welfare and Institutions Code sections 8100 or 8103.

_____        _____
          *Signature of Firearm Owner/Possessor*                            *Date*

I, _____, hereby agree to accept appointment as Power of Attorney for the
   *Printed Name of Power of Attorney Designee*
sole purpose of transferring or disposing firearms on behalf of _____, the owner
                                                              *Printed Name of Firearm Owner/Possessor*
or possessor of the firearm(s). I understand that it is my legal responsibility to carry out one of the actions listed on the second page of this form. I declare, under penalty of perjury under the laws of the State of California, after reviewing the included list of prohibitions, that I am not prohibited by law from possessing firearms.

_____        _____
          *Signature of Power of Attorney Designee*                          *Date*

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT
*Must be notarized by a person who is not a party to this transaction*

*A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

*State of California*
*County of _____*
*On _____ before me, _____,personally*
*appeared_____*
*_____*

*who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.*

*I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.*

*WITNESS my hand and official seal.*

*Signature _____        (Seal)*

**Questions concerning a prohibited persons legal status or questions pertaining to the use of this form may be directed to the Department of Justice, Bureau of Firearms at (916) 227-7527.**

STATE OF CALIFORNIA
BOF 110 (Rev. 10/2015)



DEPARTMENT OF JUSTICE
PAGE 2 of 2



## CALIFORNIA DEPARTMENT OF JUSTICE
## BUREAU OF FIREARMS
## General Notice of Firearm Prohibition and Power of Attorney for Firearms Relinquishment, Sale, or Transfer for Storage

Pursuant to Penal Code section 29810, this form is provided to individuals who are prohibited under the law from owning or possessing firearms: (1) any person who has been **convicted** of a felony, a specified misdemeanor, or a specified firearms offense; (2) any person who is addicted to narcotics; (3) any person who is the subject of a protective order; or (4) any person who has found by a court or mental health facility to have certain mental disabilities. Please refer to the accompanying document entitled "Firearms Prohibiting Categories" for a complete list of the firearms prohibitions under the law.

***NOTE: The duration of the prohibitions vary. Also, federal law may impose additional and/or more restrictive prohibitions on firearms possession. Therefore, a person who is entitled to possess firearms under state law may nevertheless be prohibited from possessing firearms under federal law. For specific legal advice about the duration of a state prohibition, whether a state prohibition is still in effect, or whether federal law prohibits the possession of firearms, please consult with an attorney who is licensed to practice law in the State of California.***

The prohibition against firearms ownership or possession is effective immediately upon the occurrence of the prohibiting event (such as the date of the conviction, or the date when a protective order is issued) and requires the person who is prohibited from possessing firearms to immediately relinquish all firearm(s). This form helps the person who is prohibited from possessing firearms comply with the law by designating another person to relinquish, sell or dispose of the firearm(s) on behalf of the prohibited person. **However, this form does not transfer ownership of the firearm(s), or confer any rights or privileges other than the right to temporarily possess firearms for the purpose of relinquishment, sale or disposal of those firearms.** Both the owner of the firearm(s) and the person who is granted Power of Attorney for Firearms Relinquishment, Sale or Disposal are obligated to comply with state law regarding the sale and transfer of firearm(s), such as the requirement to transfer ownership of firearm(s) through a licensed firearms dealer. (See Pen. Code, §§ 26500-26590.)

A person who is prohibited from owning or possessing a firearm who has a prohibition termination date specified in a court order, can transfer his or her firearm(s) to a licensed firearms dealer for storage during the duration of the prohibition. The court order must be shown to the firearms dealer as proof of eligibility. (Pen. Code, § 29830.)

A person who is subject to a **protective order** (as defined in Family Code section 6218) is subject to special rules. Such a person must do both of the following:

1) **Within 24 hours** of being served with notice of the protective order, surrender all firearms to the control of local law enforcement officials, or sell the firearm(s) to a licensed gun dealer: but **immediately** surrender the firearm(s) to a law enforcement officer upon an officer's request. (Fam. Code, § 6389, subd. (c)(2).)

2) **Within 48 hours** of **receiving** the order, provide proof to the court that issued the order that all firearms have been relinquished.

***NOTE: A person who has Power of Attorney for Firearms Relinquishment, Sale or Disposal in a case where a protective order is issued must surrender the firearm(s) to the control of local law enforcement officials, or sell the firearm(s) to a licensed gun dealer on behalf of the gun owner within the times set forth above so that the gun owner is able to comply with the law.***

In other cases (that do not involve a protective order or a more specific court order), the person with Power of Attorney for Firearms Relinquishment, Sale or Disposal must do one of the following **within 30 days**:

1) Take the firearm(s) to a licensed firearms dealer so that it can be sold or transferred.

2) Surrender the firearm(s) to a California law enforcement agency for the purpose of safe keeping.

3) Surrender the firearm(s) to a California law enforcement agency for the purpose of destruction.

4) **Under no circumstances does completion of this form allow the designee to possess the firearm(s) beyond the 30 day period. (Pen. Code, § 27880.)**

Special rules apply to assault weapons (as defined in Penal Code sections 16170, subdivision (a), 16350, 16890, 30510, and 30515, and in California Department of Justice regulations) and .50 BMG rifles (as defined in Penal Code sections 16170, subdivision (a), 30525, and 30530). Please contact the Department of Justice, Bureau of Firearms at (916) 227-7527 for more information.

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2            FOR THE COUNTY OF LOS ANGELES

3

4  DEPARTMENT 5          HON. DAVID C. BROUGHAM, JUDGE

5   THE PEOPLE OF THE STATE OF CALIFORNIA,  )

6                   PLAINTIFF,  )

7         VS.           ) NO. KA131349

8   01 RAYMOND KITILYA,        )

9               DEFENDANT.  )

10

11

12        REPORTER'S TRANSCRIPT OF PROCEEDINGS

13       (PRELIMINARY HEARING EXAMINATION)

14          FEBRUARY 9, 2023

15

16  APPEARANCES:

17  FOR THE PEOPLE:    OFFICE OF THE DISTRICT ATTORNEY
                    BY: VICTORIA WYATT, DEPUTY

18                210 WEST TEMPLE STREET, 18TH FLOOR
                    LOS ANGELES, CA 90012

19

20  FOR THE DEFENDANT: IN PROPRIA PERSON

21

22                    CONFORMED COPY
                      ORIGINAL FILED
23               SUPERIOR COURT OF CALIFORNIA

24                  FEB 17 2023

25

26

27  HTA: FEBRUARY 23, 2023   KRISTI PERRY, CSR NO. 14006

28  DEPT: EA-N (POMONA)     OFFICIAL COURT REPORTER

COPY

1              **MASTER INDEX**

2           **FEBRUARY 9, 2023**

3  **CHRONOLOGICAL WITNESSES**                                    **PAGE**

4  **CHARVEL GHOSN**
       DIRECT EXAMINATION BY MS. WYATT                              3
5      CROSS-EXAMINATION BY MR. KITILYA                            10
       REDIRECT EXAMINATION BY MS. WYATT                           11
6  **JOSE GARCIA**
       DIRECT EXAMINATION BY MS. WYATT                             13
7      CROSS-EXAMINATION BY MR. KITILYA                            17
       FURTHER CROSS-EXAMINATION BY MR. KITILYA                    18
8  **ANTHONY ABELLANEDA**
       DIRECT EXAMINATION BY MS. WYATT                             20
9      CROSS-EXAMINATION BY MR. KITILYA                            25

10

11 **ALPHABETICAL WITNESSES**                                      **PAGE**

12 **ANTHONY ABELLANEDA**
       DIRECT EXAMINATION BY MS. WYATT                             20
       CROSS-EXAMINATION BY MR. KITILYA                            25
13 **JOSE GARCIA**
       DIRECT EXAMINATION BY MS. WYATT                             13
14     CROSS-EXAMINATION BY MR. KITILYA                            17
       FURTHER CROSS-EXAMINATION BY MR. KITILYA                    18
15 **CHARVEL GHOSN**
       DIRECT EXAMINATION BY MS. WYATT                              3
16     CROSS-EXAMINATION BY MR. KITILYA                            10
       REDIRECT EXAMINATION BY MS. WYATT                           11

17

18                    **EXHIBITS**

19 **PEOPLE'S   DESCRIPTION**                          **MARKED   ADMITTED**

20

21
   **DEFENSE    DESCRIPTION**                          **MARKED   ADMITTED**
22

23

24 **COURT'S   DESCRIPTION**                           **MARKED   ADMITTED**

25

26

27

28

1

```
1    CASE NUMBER:            KA131349

2    CASE NAME:              PEOPLE VS. RAYMOND KITILYA

3    WEST COVINA, CALIFORNIA  FEBRUARY 9, 2023

4    DEPARTMENT 5            HON. DAVID C. BROUGHAM, JUDGE

5    REPORTER:              KRISTI PERRY, CSR NO. 14006

6    TIME:                  A.M. SESSION

7

8    APPEARANCES:

9    DEFENDANT RAYMOND KITILYA, IN PROPRIA PERSONA;

10        VICTORIA WYATT, DEPUTY DISTRICT ATTORNEY,

11        REPRESENTING THE PEOPLE OF THE STATE OF

12        CALIFORNIA.

13

14        THE COURT:  WE ARE ON THE RECORD ON THE MATTER OF

15   RAYMOND KITILYA.  THIS IS KA131349.  HE IS PRESENT IN

16   CUSTODY REPRESENTING HIMSELF PRO PER.  AFTER REVIEW AND

17   RECONSIDERATION, THE COURT FELT LIKE IT SHOULD GIVE HIM

18   AN ADDITIONAL OPPORTUNITY.  I MIGHT HAVE PULLED HIS PRO

19   PER PRIVILEGE TOO EARLY.  IF YOU CHANGE YOUR MIND ABOUT

20   CONTINUING TO WANT TO BE PRO PER, LET ME KNOW.  OKAY?

21        THE DEFENDANT:  ALL RIGHT.

22        THE COURT:  THEN WE HAVE MS. WYATT FOR THE PEOPLE.

23   MS. WYATT, PLEASE CALL YOUR FIRST WITNESS FOR THE

24   PRELIMINARY HEARING.

25        MS. WYATT:  THE PEOPLE CALL CHARVEL GHOSN.

26        THE COURT:  SIR, PLEASE COME UP TO MY RIGHT AND

27   RAISE YOUR RIGHT HAND AND FACE MS. RIVERA TO BE SWORN AS

28   A WITNESS.
```

1          THE CLERK:  PLEASE RAISE YOUR RIGHT HAND TO BE

2    SWORN.

3               DO YOU SOLEMNLY STATE THAT THE TESTIMONY YOU

4    MAY GIVE IN THE CAUSE NOW PENDING BEFORE THIS COURT

5    SHALL BE THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE

6    TRUTH?

7          THE WITNESS:  YES, MA'AM.

8          THE CLERK:  PLEASE BE SEATED.  WOULD YOU PLEASE

9    STATE AND SPELL YOUR FIRST AND LAST NAME FOR THE RECORD?

10         THE WITNESS:  FIRST NAME IS CHARVEL C-H-A-R-V-E-L

11   LAST NAME GHOSN G-H-O-S-N.

12         THE COURT:  A COUPLE OF THINGS.  FIRST OF ALL, I

13   WILL ON MY OWN MOTION -- ON THE COURT'S MOTION ORDER

14   THAT ANY -- MAKE A MOTION TO EXCLUDE.  SO ANY REMAINING

15   WITNESSES OTHER THAN AN I.O. ARE TO REMAIN IN THE

16   HALLWAY, MS. WYATT.

17         MS. WYATT:  IF WE COULD PLEASE MOVE TO DESIGNATE

18   OFFICER ABELLANEDA AS THE PEOPLE'S INVESTIGATING

19   OFFICER.

20         THE COURT:  SIR, HOW IS THAT LAST NAME SPELLED?

21         MR. ABELLANEDA:  A-B-E-L-L-A-N-E-D-A.

22         THE COURT:  THANK YOU, SIR.  THE FIRST NAME?

23         MR. ABELLANEDA:  ANTHONY.

24         THE COURT:  COMMON SPELLING?

25         MR. ABELLANEDA:  YES, SIR.

26         THE COURT:  ANY OTHER POTENTIAL WITNESSES?

27         MS. WYATT:  CAN YOU JUST WAIT OUTSIDE, OFFICER

28   GARCIA?

3

1    THE COURT:  SO OFFICER GARCIA WILL WAIT OUTSIDE AS

2  ANOTHER POTENTIAL WITNESS.  HE'S NOT THE I.O.

3          NOW, AS TO MR. GHOSN, SIR, PLEASE KEEP YOUR

4  VOICE AS LOUD AND CLEAR AS POSSIBLE BECAUSE THE LADY IN

5  FRONT OF YOU HAS TO WRITE DOWN WHAT YOU SAY.  PLEASE

6  DON'T SPEAK TOO FAST.  IF YOU WANT TO MOVE A LITTLE BIT

7  CLOSER TO THAT MIC AND ADJUST THE MIC CLOSE TO YOUR

8  MOUTH, IT'S IMPORTANT WE ALL HEAR WHAT YOU HAVE TO SAY.

9    THE WITNESS:  YES, YOUR HONOR.

10    THE COURT:  THE PROSECUTOR WILL ASK QUESTIONS, AND

11  THEN MR. KITILYA TO MY LEFT WILL ASK YOU SOME QUESTIONS.

12          GO AHEAD, MS. WYATT.

13                **CHARVEL GHOSN,**

14    CALLED AS A WITNESS BY THE PEOPLE, WAS

15    SWORN AND TESTIFIED AS FOLLOWS:

16

17                DIRECT EXAMINATION

18  BY MS. WYATT:

19    Q    WHERE DO YOU WORK?

20    A    WEST COVINA WAL-MART.

21    Q    WHAT DO YOU DO AT THAT STORE?  WHAT'S YOUR

22  POSITION?

23    A    LOSS PREVENTION.

24    Q    WERE YOU WORKING -- EXCUSE ME.  IS THE

25  WAL-MART YOU WORK AT ON 2753 EAST EASTLAND CENTER DRIVE?

26    A    YES, MA'AM.

27    Q    IS THAT IN THE CITY OF WEST COVINA WITHIN

28  LOS ANGELES COUNTY?

4

```
1        A    YES, MA'AM.

2        Q    AND WERE YOU WORKING LOSS PREVENTION FOR

3   THAT WAL-MART ON SEPTEMBER 14TH OF 2022?

4        A    YES, MA'AM.

5        Q    ON THAT DATE AROUND 9:00 IN THE MORNING,

6   WERE YOU OBSERVING LIVE-FEED VIDEOS OF THE STORE?

7        A    YES, MA'AM.

8        Q    CAN YOU DESCRIBE HOW THOSE VIDEOS ARE SET

9   UP?  WHAT AREAS OF THE STORE THEY ARE?

10       A    THEY ARE IN THE UPPER LEVEL.  OUR STORE HAS

11  TWO STORIES.  IT'S AN UPPER LEVEL AS SOON AS YOU ENTER

12  IN OUR OFFICE, LOSS PREVENTION OFFICE.

13       Q    AND DID YOU NOTICE ANYTHING ON THAT VIDEO

14  LIVE FEED ON THAT DAY AROUND 9:00 A.M.?

15       A    YES, MA'AM.

16       Q    WHAT DID YOU SEE?

17       A    SO AT FIRST WITNESSED MR. KITILYA ENTERING

18  THE STORE, GRABBING A SHOPPING BASKET, AND THEN

19  SELECTING MULTIPLE LARGE BAGS.  THAT RAISED SUSPICION ME

20  WHY HE WAS GRABBING MULTIPLE BAGS.  SO I --

21       THE COURT REPORTER:  EXCUSE ME, SIR.  IF YOU COULD

22  PLEASE SLOW DOWN AND START AGAIN.

23       THE WITNESS:  SO I FIRST WITNESSED MR. KITILYA

24  ENTERING THE STORE.  HE HAD GRABBED A SHOPPING BASKET

25  AND THEN SELECTED MULTIPLE LARGE BAGS.  THAT RAISED

26  SUSPICION FOR ME TO CONTINUE MY OBSERVATION.

27  MR. KITILYA THEN MADE HIS WAY TO THE ELECTRONICS

28  DEPARTMENT.
```

5

```
1            THE COURT:  I'M SORRY.  HE DID WHAT?
2            THE WITNESS:  HE PROCEEDED TO MAKE HIS WAY TO THE
3     ELECTRONICS DEPARTMENT.  MR. KITILYA THEN SELECTED
4     MULTIPLE NINTENDO SWITCH VIDEO GAMES.
5     BY MS. WYATT:
6            Q      AND WHEN YOU'RE REFERRING TO MR. KITILYA, DO
7     YOU SEE THAT PERSON IN COURT TODAY?
8            A      I SEE HIM.  HONESTLY, I DON'T RECOGNIZE --
9     WELL, I DON'T REMEMBER HIS FACE BECAUSE IT WAS A LONG
10    TIME AGO.  I WOULDN'T SAY EXACTLY HOW HE WOULD LOOK.
11           Q      HOW DO YOU KNOW THE NAME MR. KITILYA?
12           A      I REMEMBER IT FROM THE CASE AND -- YEAH.
13           Q      DID YOU GET A LOOK AT THAT PERSON ON THE
14    VIDEO SURVEILLANCE?  WERE YOU ABLE TO CLEARLY SEE WHO IT
15    WAS?
16           A      YES, MA'AM.
17           Q      WHAT DID THAT PERSON PHYSICALLY LOOK LIKE?
18           A      MAYBE A LITTLE BIT OF LARGER BUILD.
19           Q      WHAT RACE WAS THAT PERSON?
20           A      BLACK.
21           Q      AND WAS IT A MALE OR FEMALE?
22           A      MALE.
23           Q      OKAY.  AFTER YOU SAW THAT PERSON THAT YOU'RE
24    DESCRIBING AS MR. KITILYA TAKE THE NINTENDO SWITCH, DID
25    YOU OBSERVE THAT PERSON DO ANYTHING ELSE FROM YOUR VIDEO
26    FEED?
27           A      UH-HUH.  I OBSERVED HIM GOING INTO ONE OF
28    THE AISLES AND CONCEALING ALL THOSE VIDEOS GAMES INTO
```

1   THE --

2        Q     IF YOU CAN SLOW DOWN AGAIN, SIR.

3        A     SORRY.

4        Q     SO YOU SAW HIM GOING INTO ANOTHER AISLE AND

5   GETTING VIDEO GAMES.  WHAT DID YOU OBSERVE AFTER?

6        A     HE CONCEALED ALL THE VIDEO GAMES.

7        Q     WHEN YOU SAY CONCEALED, WHAT YOU DO YOU

8   MEAN?

9        A     THE VIDEO GAMES SELECTED, HE PUT THEM IN THE

10  BAGS THAT HE HAD PREVIOUSLY SELECTED.

11       Q     WERE THOSE BAGS FROM WAL-MART?

12       A     THEY WERE WAL-MART BAGS.

13       Q     SO DID YOU SEE HIM PUTTING VIDEO GAMES

14  INSIDE THE WAL-MART BAGS?

15       A     YES, MA'AM.

16       Q     WHAT DID YOU SEE HAPPEN NEXT?

17       A     HE THEN MADE HIS WAY TO THE LOWER LEVEL OF

18  THE STORE.  SINCE MY OFFICE WAS ON THE UPPER LEVEL, I

19  ALSO MADE MY WAY TO THE LOWER LEVEL AS WELL.  UPON

20  REACHING THE LOWER LEVEL, I SEEN MR. KITILYA HEADING

21  TOWARDS THE EXIT.

22       Q     DID IT APPEAR THAT HE WAS GOING TO TAKE

23  THOSE ITEMS OUT OF THE STORE?

24       A     YES.

25       Q     DID YOU OBSERVE HIM PAYING FOR THOSE ITEMS

26  PRIOR TO WALKING TOWARDS EXIT?

27       A     NO, MA'AM.

28       Q     AT THAT POINT DID YOU GO TO CONFRONT THIS

1   INDIVIDUAL?

2        A     I ATTEMPTED.  BY THE TIME I GOT TO HIM, HE

3   RAN OUT THE STORE.

4        Q     SO DID YOU FOLLOW THAT PERSON OUTSIDE OF THE

5   STORE?

6        A     YES, MA'AM.  I RAN AFTER HIM OUTSIDE THE

7   STORE.

8        Q     DID YOU GO UP TO HIM?

9        A     YES, I DID.

10        Q     WHAT DID YOU SAY, IF ANYTHING?

11        A     I'M, LIKE -- I PUT MY BADGE UP, LOSS

12   PREVENTION, AND HE RAN.

13        Q     DID YOU CHASE HIM?

14        A     YES.

15        Q     WHAT HAPPENED AFTER YOU CHASED HIM?

16        A     AFTER I CHASED HIM, WE GOT TOWARDS THE WELLS

17   FARGO PARKING LOT.

18        Q     AROUND HOW FAR IS THAT FROM THE WAL-MART?

19        A     MAYBE LIKE 100 YARDS.  NOT THAT LONG.

20        Q     IS IT IN THE SAME SHOPPING CENTER?

21        A     YES.

22        Q     SO NOW NEAR THE WELLS FARGO PARKING LOT,

23   WERE YOU ABLE TO SAY ANYTHING TO THIS INDIVIDUAL?

24        A     AS SOON AS WE GOT THERE, HE PUT HIS BAGS

25   DOWN.  HE TOLD ME WHAT'S MY PROBLEM?  HE PUT HIS FISTS

26   UP SO I PUT MY FISTS UP AS WELL TO DEFEND MYSELF.

27   MR. KITILYA THREW A COUPLE SWINGS, WHICH I WAS ABLE TO

28   DODGE.  HE EVENTUALLY WAS ABLE TO STRIKE ME ON THE SIDE

1    OF MY FACE.

2         Q     AND DID THAT ACTUALLY HURT YOU WHEN HE

3    STRUCK YOU?

4         A     IN THE MOMENT, NO.

5         Q     DID YOU FEEL ANY PAIN AFTER TO THAT AREA?

6         A     A LITTLE BIT, BUT NOTHING CRAZY.

7         Q     WAS THERE ANY REDNESS OR SWELLING TO WHERE

8    YOU WERE HIT?

9         A     YES.

10        Q     AND DID THIS PERSON SAY ANYTHING AS HE

11   STRUCK YOU?

12        A     NO.

13        Q     DID YOU MAKE ANY STATEMENTS TO HIM AS YOU

14   WERE TRYING TO GET HIM TO STOP?

15        A     IT'S NOT WORTH IT, DUDE.  JUST GIVE ME THE

16   STUFF BACK AND JUST GO.

17        Q     DID HE EVER GIVE YOU THE STUFF BACK?

18        A     YES.

19        Q     HOW DID HE GIVE IT BACK TO YOU?

20        A     WELL, WHEN HE PUT THE BAGS DOWN TO PUT HIS

21   FISTS UP, ONE OF MY ASSOCIATES THAT WAS FOLLOWING ME

22   TOOK THE BAGS INSIDE THE STORE.

23        Q     WAS THIS AFTER HE STRUCK YOU IN THE FACE?

24        A     YES.

25        Q     DID HE MAKE ANY STATEMENTS ABOUT YOUR RACE?

26        A     NOT THAT I REMEMBER.

27        Q     DID HE SAY ANYTHING ABOUT YOU BEING MEXICAN?

28        A     I REMEMBER HIM SAYING SOMETHING, BUT I DON'T

```
1    REMEMBER EXACTLY WHAT IT WAS.

2         Q    DO YOU RECALL SPEAKING TO LAW ENFORCEMENT

3    OFFICERS ABOUT THIS CASE?

4         A    UH-UH.

5         THE COURT:  IS THAT A YES?

6         THE WITNESS:  YES, SIR.  SORRY.

7    BY MS. WYATT:

8         Q    DO YOU REMEMBER TELLING LAW ENFORCEMENT

9    OFFICERS THAT THE INDIVIDUAL STATED "I HATE MEXICANS

10   LIKE YOU AND HATE YOUR ETHNICITY," AFTER HE PUT UP HIS

11   FISTS?

12        A    YES, MA'AM.

13        Q    DID YOU EVER STRIKE THIS PERSON BACK?

14        A    NO, MA'AM.

15        Q    WAS THERE ANY BYSTANDERS IN THE PARKING LOT

16   THAT TRIED TO HELP YOU?

17        A    YES.  AFTER HE STRUCK ME IN THE FACE, AN

18   OLDER MALE CIVILIAN CAME TO TRY TO HELP ME.  I TOLD THE

19   OLDER MALE CIVILIAN LET'S JUST WALK AWAY.  AS WE WERE

20   WALKING AWAY, MR. KITILYA CAME BEHIND THE OLDER CIVILIAN

21   AND STRUCK HIM IN THE BACK MAKING HIM FALL TO THE

22   GROUND.  AS I WAS HELPING HIM UP, THERE WAS ANOTHER

23   FEMALE CIVILIAN WALKING ON THE SIDEWALK BY THE WELLS

24   FARGO.  MR. KITILYA HAD RAN BEHIND HER, JUMPED ON THE

25   FEMALE CIVILIAN, AND STRUCK HER AS WELL AND TOOK HER

26   PURSE, MADE ANOTHER RUN FOR IT, AND THEN THAT'S WHEN

27   WEST COVINA PD HAD GOT THERE AND STOPPED IT.

28        Q    SO AFTER -- SO THE PERSON YOU SAW STEELING
```

1     FROM WAL-MART WHO PUNCHED YOU NEAR THE WELLS FARGO

2     PARKING LOT, YOU ALSO OBSERVED HIM PUNCH AN OLDER MAN

3     AND AN OLDER WOMAN AFTER YOU?

4         A     YES.

5         Q     AND WHEN YOU SPOKE TO LAW ENFORCEMENT FROM

6     WEST COVINA POLICE DEPARTMENT, DID YOU GIVE THEM A

7     PHYSICAL DESCRIPTION OF WHO THE PERSON WAS WHO HAD HIT

8     YOU AND THE TWO OTHERS?

9         A     YES.

10         Q     DO YOU REMEMBER -- SO WHEN THE INDIVIDUAL,

11     WHO YOU CHASED OUT OF THE WAL-MART, WHEN HE PUNCHED YOU

12     IN THE FACE, WAS THIS PRIOR TO YOU GETTING THE BAGS BACK

13     FROM HIM?

14         A     YES.

15         MS. WYATT: OKAY. THANK YOU. NOTHING FURTHER.

16         THE COURT: ALL RIGHT. SO, MR. KITILYA, THIS IS

17     YOUR CHANCE. THIS IS CALLED CROSS-EXAMINATION. SO THIS

18     IS YOUR CHANCE TO ASK THIS WITNESS QUESTIONS, SIR.

19         MR. KITILYA: OKAY.

20

21                CROSS-EXAMINATION

22     BY MR. KITILYA:

23         Q     THE STATEMENTS THAT YOU MADE IN COURT, DOES

24     THAT COMPLETELY MATCH THE STATEMENT ON THE RECORD?

25         THE COURT: WHICH RECORD ARE YOU REFERRING TO?

26         MR. KITILYA: THE ARRESTING AGENCY, WEST COVINA

27     POLICE OFFICER BECAUSE --

28         THE COURT: SO ARE YOU ASKING US TODAY WHETHER HE

1    TOLD THE OFFICERS WHAT HE TOLD US TODAY.

2    BY MR. KITILYA:

3         Q     YEAH, IS THAT THE SAME EXACT STATEMENT?

4         A     YES, SIR.

5         Q     OKAY.  DO YOU SEE THE OFFICER IN THE PRESENT

6    ROOM NOW THAT ACTUALLY ARRESTED ME AND DETAINED ME AT

7    THE INCIDENT?

8         A     HONESTLY, I DON'T REMEMBER EXACTLY.  THERE

9    WAS A LOT OF OFFICERS THERE.

10        Q     YEAH.

11        A     I DON'T REMEMBER EXACTLY WHO -- WHICH ONE

12   ARRESTED YOU BECAUSE THERE WAS HONESTLY A LOT OF

13   OFFICERS THERE THAT DAY.

14        Q     DO YOU REMEMBER ME, THE ALLEGED SUSPECT,

15   ENTERING THE STORE WITH A BACKPACK AND PLACING THE ITEMS

16   INTO MY BACKPACK?

17        A     YOU DID NOT PLACE THE ITEMS IN YOUR

18   BACKPACK.  YOU PLACED THEM INTO WAL-MART BAGS.  THERE

19   WAS NOTHING IN YOUR BACKPACK FROM MY STORE.

20        MR. KITILYA:  OKAY.  NO FURTHER QUESTIONS.

21        THE COURT:  THANK YOU.  ANYTHING FURTHER,

22   MS. WYATT?

23        MS. WYATT:  JUST BRIEFLY.

24

25                      REDIRECT EXAMINATION

26   BY MS. WYATT:

27        Q     WHEN YOU SPOKE ON CROSS-EXAMINATION NOW, YOU

28   REFERRED TO THE DEFENDANT AS YOU PLACED BAGS IN YOUR

```
 1   ITEMS.  IS THE DEFENDANT THE PERSON WHO YOU SAW TAKING

 2   THE BAGS FROM WAL-MART WHO LATER PUNCHED YOU AND TWO

 3   OTHERS?

 4        A     LIKE I SAID, HE LOOKS A LITTLE BIT

 5   DIFFERENT.  I DON'T REMEMBER EXACTLY THE FACE OF -- IN

 6   THE INCIDENT.

 7        Q     WOULD IT HELP IF HE REMOVED HIS MASK?

 8        A     POSSIBLY.

 9   MS. WYATT:  YOUR HONOR?

10   THE COURT:  SIR, WITH THE ASSISTANCE OF DEPUTY

11   LOPEZ, REMOVE YOUR MASK FOR A MOMENT.  NO, ACTUALLY LET

12   DEPUTY LOPEZ DIRECT YOU HOW IT'S DONE.  TAKE A LOOK.

13   NOW, WE CAN PUT THE MASK ON.  ALL RIGHT.  WE CAN PUT IT

14   BACK ON.

15        GO AHEAD, MS. WYATT.  WHAT'S YOUR QUESTION?

16   BY MS. WYATT:

17        Q     DOES THE PERSON WHO WAS QUESTIONING YOU ON

18   CROSS-EXAMINATION APPEAR TO BE THE PERSON WHO YOU SAW

19   TAKE THE ITEMS FROM WAL-MART WHO LATER PUNCHED YOU AND

20   TWO OTHERS?

21        A     I'M ALMOST SURE IT WAS.

22        Q     HOW SURE ARE YOU?

23        A     LIKE 90.

24   MS. WYATT:  THANK YOU.  NOTHING FURTHER.

25   THE COURT:  ANY FURTHER QUESTIONS, MR. KITILYA?

26   MR. KITILYA:  FOR HIM OR --

27   THE COURT:  THIS WITNESS.

28   MR. KITILYA:  NO.
```

1       THE COURT:  SIR, YOU MAY STEP DOWN.  YOU'RE

2  EXCUSED FROM TESTIMONY.  YOUR NEXT WITNESS, MS. WYATT.

3       MS. WYATT:  THE PEOPLE CALL OFFICER GARCIA.

4       THE COURT:  ALL RIGHT.  SIR, PLEASE COME UP TO MY

5  RIGHT AND RAISE YOUR RIGHT HAND TO BE SWORN AS A

6  WITNESS.

7       THE CLERK:  PLEASE RAISE YOUR RIGHT HAND TO BE

8  SWORN.  DO YOU SOLEMNLY STATE THAT THE TESTIMONY YOU MAY

9  GIVE IN THE CAUSE NOW PENDING BEFORE THIS COURT SHALL BE

10  THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH?

11       THE WITNESS:  I DO, MA'AM.

12       THE CLERK:  PLEASE BE SEATED.  WOULD YOU PLEASE

13  STATE AND SPELL YOUR FIRST AND LAST NAME FOR THE RECORD?

14       THE WITNESS:  FIRST NAME JOSE J-O-S-E.  LAST NAME

15  GARCIA G-A-R-C-I-A.

16       THE CLERK:  THANK YOU.

17       MS. WYATT:  THANK YOU.

18                         **JOSE GARCIA,**

19       CALLED AS A WITNESS BY THE PEOPLE, WAS

20       SWORN AND TESTIFIED AS FOLLOWS:

21

22                    DIRECT EXAMINATION

23  BY MS. WYATT:

24       Q     WHAT IS YOUR CURRENT OCCUPATION AND

25  ASSIGNMENT?

26       A     I'M A POLICE OFFICER.  MY ASSIGNMENT IS

27  PATROL.

28       Q     HOW MANY YEARS HAVE YOU BEEN A SWORN LAW

1  ENFORCEMENT OFFICER FOR?

2        A     NINE YEARS.

3        Q     WERE YOU WORKING AS A LAW ENFORCEMENT

4  OFFICER ON SEPTEMBER 14TH OF 2022?

5        A     I WAS.

6        Q     ON THAT DATE AROUND 9:00 A.M. DID YOU ASSIST

7  WITH AN ALLEGED ROBBERY INVESTIGATION AT THE WAL-MART ON

8  EASTLAND CENTER DRIVE?

9        A     I DID.

10        Q     AND AS PART OF THAT INVESTIGATION, WHEN YOU

11  ARRIVED, WAS THERE A MALE SUBJECT BEING DETAINED?

12        A     THAT IS CORRECT.

13        THE COURT:  I'M SORRY?

14        THE WITNESS:  CORRECT.

15  BY MS. WYATT:

16        Q     AS PART OF YOUR INVESTIGATION, DID YOU SPEAK

17  WITH ALMA DELGADO AN ELDERLY WOMAN?

18        A     YES.

19        Q     WAS THAT NEAR THE WELLS FARGO AREA OF THE

20  SHOPPING CENTER?

21        A     YES.

22        Q     WHAT DID MS. DELGADO TELL YOU OCCURRED?

23        A     MS. DELGADO STATED THAT SHE HAD JUST BEEN

24  ROBBED AND HER PURSE WAS TAKEN.

25        Q     AND WAS THAT -- DID THAT OCCUR OUTSIDE OF

26  THE WELLS FARGO AREA?

27        A     YES.

28        Q     DID SHE SAY WHO ROBBED HER OR HOW IT WAS

1    DONE?

2         A     CORRECT.  SHE SAID THAT MALE SUBJECT THAT

3    WAS RUNNING HER WAY IN HER DIRECTION ASKED

4    HER -- DEMANDED MONEY AND THEN PULLED ON HER PURSE.

5         Q     DID SHE SAY -- DID SHE DESCRIBE THE FORCE

6    THAT WAS USED WHEN HE GRABBED HER PURSE?

7         A     YEAH, THE MALE SUBJECT GRABBED THE PURSE

8    USING BOTH HIS HANDS AND PULLED IT AWAY FROM HER.

9         Q     DID THIS CAUSE HER TO -- DID THIS MOVE HER

10   IN RESPONSE?  WAS SHE PHYSICALLY MOVED?

11        A     YES.  SHE LOST HER BALANCE AS A RESULT AND

12   FELL ON THE FLOOR.

13        Q     DID SHE DESCRIBE THE INDIVIDUAL AS A BLACK

14   MALE SUBJECT WHO WAS RUNNING WEST?

15        A     YES.

16        Q     AND DURING YOUR INVESTIGATION DID YOU

17   CONDUCT AN INFIELD IDENTIFICATION PROCEDURE WITH THE

18   PERSON WHO WAS DETAINED AND MS. DELGADO?

19        A     YES.

20        Q     DID MS. DELGADO IDENTIFY THE INDIVIDUAL WHO

21   WAS DETAINED AS THE PERSON WHO HAD ATTEMPTED TO ROB HER?

22        A     YES.

23        Q     DO YOU SEE THAT PERSON IN COURT TODAY?

24        A     YES, I DO.

25        Q     CAN YOU PLEASE DESCRIBE WHERE THEY'RE SEATED

26   IN THE COURTROOM AND WHAT THEY'RE WEARING?

27        THE COURT:  PLEASE POINT TO THE PERSON ALSO.

28        THE WITNESS:  THIS GUY HERE.  HE'S WEARING A BLUE

1   GOWN.

2        THE COURT:  THANK YOU.  FOR THE RECORD THE WITNESS

3   HAS IDENTIFIED THE DEFENDANT.

4   BY MS. WYATT:

5        Q     DID YOU OBSERVE ANY INJURIES ON ALMA

6   DELGADO?

7        A     YES.

8        Q     CAN YOU DESCRIBE THOSE?

9        A     SHE HAD AN ABRASION ON HER -- I WOULD HAVE

10  TO REFER TO MY REPORT.

11       Q     DO YOU HAVE A COPY OF YOUR REPORT ON THE

12  STAND?

13       A     YES.

14       Q     WOULD IT REFRESH YOUR RECOLLECTION TO REFER

15  TO YOUR REPORT?

16       A     YEAH.

17       THE COURT:  SO THE WAY YOU DO IT, SIR, IS READ IT

18  SILENTLY TO YOURSELF AND THEN LET THE ATTORNEY KNOW IF

19  YOUR MEMORY IS REFRESHED.

20       THE WITNESS:  THERE WAS AN ABRASION ON HER RIGHT

21  TRICEPS AREA.

22  BY MS. WYATT:

23       Q     IS THIS AFTER YOUR RECOLLECTION HAS BEEN

24  REFRESHED?

25       A     YES.

26       Q     THE ABRASION THAT YOU OBSERVED, WAS THAT

27  CONSISTENT WITH A PURSE BEING PULLED FROM THAT AREA?

28       A     YES.

```
 1        Q      ACCORDING TO MS. DELGADO WAS THE DEFENDANT
 2   ACTUALLY ABLE TO GRAB HER PURSE OFF OF HER BODY?
 3        A      YES.
 4        Q      AND WERE THERE ALLEGED VICTIMS AT THE SCENE
 5   WHEN YOU CONTACTED MS. DELGADO?
 6        A      THERE WAS, YEAH.
 7        Q      WAS ONE OF THOSE INDIVIDUALS CHARVEL GHOSN,
 8   WHO JUST WALKED OUT OF THE COURTROOM AS YOU ENTERED?
 9        A      I DON'T RECALL.
10        MS. WYATT:  THANK YOU.  NOTHING FURTHER.
11        THE COURT:  ALL RIGHT.  SO CROSS-EXAMINATION?
12   MEANING, MR. KITILYA, YOUR TURN, SIR.  YOUR OPPORTUNITY
13   TO ASK QUESTIONS OF THIS WITNESS.
14
15                     CROSS-EXAMINATION
16   BY MR. KITILYA:
17        Q      OKAY.  DO YOU -- OFFICER, DID YOU EVER
18   REVIEW ANY SURVEILLANCE VIDEO FROM THE WAL-MART?
19        A      I DID NOT.
20        Q      IS THE OFFICER IN THE COURT NOW THAT
21   ACTUALLY ARRESTED ME OR DETAINED ME DURING THIS ALLEGED
22   CRIME INCIDENT?
23        A      NO.
24        Q      OKAY.  WAS ANY MEDICAL ATTENTION CONTACTED
25   DURING THE INCIDENT AT THE TIME FOR AMBULANCE OR ANY
26   MEDICAL ATTENTION FOR ANY OF THE ALLEGED VICTIMS IN THIS
27   CASE?
28        A      NO.
```

1    MR. KITILYA:  NO MORE QUESTIONS.

2    THE COURT:  ALL RIGHT.  THANK YOU.

3         ANYTHING FURTHER, MS. WYATT?

4    MS. WYATT:  NOTHING FURTHER.

5    THE COURT:  I HAD ONE QUESTION, SIR.  MAYBE YOU

6  ALREADY ANSWERED THIS, BUT DID ALMA DELGADO IN ANY SORT

7  OF IDENTIFICATION PROCEDURE IDENTIFY THIS DEFENDANT AS

8  BEING THE PERSON?

9    THE WITNESS:  YES, SHE DID.

10   THE COURT:  ALL RIGHT.  THAT WAS IN THE FIELD?

11   THE WITNESS:  CORRECT.

12   THE COURT:  ALL RIGHT.  ANYTHING FURTHER,

13  MS. WYATT?

14   MS. WYATT:  NOTHING FURTHER FROM THIS WITNESS.

15   THE COURT:  ANYTHING FURTHER QUESTIONS,

16  MR. KITILYA, FOR THIS WITNESS?

17   MR. KITILYA:  YES.

18   THE COURT:  GO AHEAD.

19

20            FURTHER CROSS-EXAMINATION

21  BY MR. KITILYA:

22   Q    ME, THE ALLEGED SUSPECT IN THIS CASE, DO YOU

23  REMEMBER ME BEING DETAINED OR ANY PROPERTY OF THIS WOMAN

24  BEING ON ME AT THE TIME?

25   A    NO.

26   Q    IN MY POSSESSION?

27   A    NO.

28   MR. KITILYA:  NO MORE QUESTIONS.

1          THE COURT:  THANK YOU.  ANYTHING FURTHER,

2    MS. WYATT?

3          MS. WYATT:  NO.

4          THE COURT:  YOU MAY STEP DOWN.  YOU'RE EXCUSED

5    FROM TESTIMONY, SIR.  THANK YOU.  YOUR NEXT WITNESS IS

6    YOUR FINAL WITNESS?

7          MS. WYATT:  YES, YOUR HONOR.

8          THE COURT:  ALL RIGHT.  AND THAT IS?

9          MS. WYATT:  OFFICER GARCIA.

10          THE COURT:  ALL RIGHT.  SIR, PLEASE COME UP AND

11    RAISE YOUR --

12          MS. WYATT:  I'M SO SORRY.  OFFICER ABELLANEDA.

13    YOU'RE EXCUSED, OFFICER GARCIA.  YOU CAN WAIT OUTSIDE.

14          THE CLERK:  PLEASE RAISE YOUR RIGHT HAND TO BE

15    SWORN.

16              DO YOU SOLEMNLY STATE THAT THE TESTIMONY YOU

17    MAY GIVE IN THE CAUSE NOW PENDING BEFORE THIS COURT

18    SHALL BE THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE

19    TRUTH?

20          THE WITNESS:  I DO.

21          THE CLERK:  PLEASE BE SEATED.  WOULD YOU PLEASE

22    STATE AND SPELL YOUR FIRST AND LAST NAME FOR THE RECORD?

23          THE WITNESS:  FIRST NAME IS ANTHONY A-N-T-H-O-N-Y.

24    LAST NAME IS ABELLANEDA A-B-E-L-L-A-N-E-D-A.

25          THE CLERK:  THANK YOU.

26                   **ANTHONY ABELLANEDA,**

27          CALLED AS A WITNESS BY THE PEOPLE, WAS

28          SWORN AND TESTIFIED AS FOLLOWS:

1

2                          DIRECT EXAMINATION

3    BY MS. WYATT:

4         Q      WHAT IS YOUR CURRENT OCCUPATION AND

5    ASSIGNMENT?

6         A      POLICE OFFICER, PATROL.

7         Q      IS THAT FOR THE WEST COVINA POLICE

8    DEPARTMENT?

9         A      YES, MA'AM.

10        Q      HOW MANY YEARS HAVE YOU BEEN A SWORN LAW

11   ENFORCEMENT OFFICER FOR?

12        A      APPROXIMATELY THREE YEARS.

13        Q      HAVE YOU TAKEN AND SUCCESSFULLY COMPLETED

14   THE POLICE OFFICER STANDARD TRAINING REGARDING THE

15   INVESTIGATION OF CASES, TAKING OF REPORTS, AND

16   TESTIFYING AT PRELIMINARY HEARINGS?

17        A      YES, MA'AM.

18        THE COURT:  THAT'S THE POST CERTIFIED COURSE?

19        THE WITNESS:  YES, SIR.

20        THE COURT:  THANK YOU.

21   BY MS. WYATT:

22        Q      WERE YOU WORKING ON SEPTEMBER 14TH OF 2022

23   AS A LAW ENFORCEMENT OFFICER?

24        A      YES.

25        Q      AND AROUND 9:00 A.M. DID YOU ASSIST WITH AN

26   ALLEGED ROBBERY INVESTIGATION AT THE WAL-MART IN WEST

27   COVINA ON EASTLAND CENTER DIVE?

28        A      YES.

1    Q    AS PART OF YOUR INVESTIGATION DID YOU

2    INTERVIEW ALLEGED VICTIMS AND WITNESSES?

3    A    YES.

4    Q    DID YOU SPEAK WITH A WOMAN NAMED LORINDA

5    GOMEZ?

6    A    YES.

7    Q    AND IS MS. GOMEZ A WAL-MART EMPLOYEE?

8    A    YES.

9    Q    WHAT DID MS. GOMEZ SAY SHE OBSERVED?

10    A    MS. GOMEZ SAID SHE OBSERVED A MALE BLACK

11    INSIDE OF THE STORE, WHO SHE SAW TAKING ITEMS AND THEN

12    LOSS PREVENTION WAS FOLLOWING HIM.  SO SHE FOLLOWED LOSS

13    PREVENTION THROUGHOUT THE STORE.  THE SUBJECT EXITED THE

14    STORE AND A FEW MINUTES PASSED SO SHE WAS CONCERNED.

15         SO SHE WENT OUTSIDE THE STORE TOWARDS THE

16    WEST -- THE WEST AREA OF THEIR STORE OUTSIDE AND SHE

17    OBSERVED THEM ARGUING, AND THEN THEIR LOSS PREVENTION

18    UNIT GOT INTO A PHYSICAL ALTERCATION WITH THE SUBJECT

19    WHO HAD TAKEN THE ITEMS.

20    Q    WAS THE LOSS PREVENTION UNIT CHARVEL GHOSN?

21    A    YES.

22    Q    WAS THAT THE GENTLEMAN WHO TESTIFIED FIRST

23    IN THIS HEARING?

24    A    YES.

25    Q    DID SHE DESCRIBE IN DETAIL THE PHYSICAL

26    ALTERCATION SHE ALLEGEDLY OBSERVED?

27    A    SHE SAW THE SECURITY GUARD GET PUNCHED.  SHE

28    COULDN'T GO INTO TOO MUCH DETAILS AS TO THE PHYSICAL

1   ALTERCATION, BUT SHE DOES RECALL HIM GETTING PUNCHED.

2   SHE THEN OBSERVED AN ELDER MALE ASSIST THE SECURITY

3   GUARD, AND THEN ENGAGED IN A PHYSICAL ALTERCATION.

4        Q    DID SHE ALSO OBSERVE THE SAME SUSPECT GET

5   INTO A PHYSICAL ALTERCATION WITH AN ELDERLY FEMALE?

6        A    YES.

7        Q    DID SHE DESCRIBE THE SUSPECT AS PUNCHING THE

8   ELDERLY FEMALE AND THROWING HER TO THE GROUND?

9        A    YES.

10       Q    AND IN YOUR -- LATER IN YOUR INVESTIGATION

11  DID YOU CONDUCT AN INFIELD IDENTIFICATION PROCEDURE WITH

12  MS. GOMEZ AND AN INDIVIDUAL WHO WAS DETAINED?

13       A    I -- WITH MS. -- I BELIEVE MS. GOMEZ SAID

14  SHE SAW US TAKING INTO CUSTODY AND WE DIDN'T ACTUALLY DO

15  A FIELD ID WITH HER.

16       Q    WAS THE PERSON BEING TAKEN INTO CUSTODY IN

17  CLOSE DISTANCE TO WHERE MS. GOMEZ WAS?

18       A    YES.

19       Q    AND DO YOU SEE THE PERSON THAT WAS BEING

20  TAKEN INTO CUSTODY IN COURT TODAY?

21       A    YES.

22       Q    CAN YOU DESCRIBE WHERE THEY ARE IN THE

23  COURTROOM AND WHAT THEY'RE WEARING?

24       THE COURT:  PLEASE POINT TO THE PERSON.

25       THE WITNESS:  HE'S WEARING A BLUE GOWN.

26       THE COURT:  FOR THE RECORD THE WITNESS HAS

27  IDENTIFIED THE DEFENDANT.

28  ///

BY MS. WYATT:

Q       DID YOU ALSO SPEAK WITH AN ELDERLY MAN NAMED MARTY ROYBAL?

A       YES.

Q       WAS MARTY ROYBAL ALLEGEDLY INVOLVED IN THIS INCIDENT?

A       YES.

Q       WHAT DID HE SAY OCCURRED?

A       MARTY ADVISED HE HAD JUST GOT TO WAL-MART TO DO SHOPPING.  AS HE WAS GOING TO ENTER THE STORE, HE SAW A MALE RUNNING OUT OF THE STORE, FOLLOWED BY WHAT HE BELIEVED WAS SECURITY.  HE SAW THEM ENGAGE IN A PHYSICAL ALTERCATION AND BECAUSE OF THE OTHER MALE'S LARGE STATURE, HE FELT HE NEEDED TO INTERVENE AND HELP.

Q       ACCORDING TO MR. ROYBAL, HOW DID HE ATTEMPT TO HELP?

A       HE WAS GOING TO RUN TOWARDS HIS DIRECTION AND ATTEMPTED TO TACKLE HIM.

Q       WAS HE ABLE TO?

A       HE WAS NOT ABLE TO BECAUSE THE SUBJECT TURNED AROUND, FACED HIM.  SO HE -- IT PREVENTED HIM FROM ACTUALLY TACKLING HIM.

Q       ACCORDING TO MR. ROYBAL, DID THE SUSPECT PHYSICALLY HIT HIM IN ANY WAY?

A       YES.  HE PUNCHED HIM IN THE FACE.

Q       AND DID MR. ROYBAL TELL YOU WHETHER HE OBSERVED THE SUSPECT PHYSICALLY HIT ANYBODY ELSE?

A       CAN YOU REPEAT THAT?  I'M SORRY.

24

```
 1        Q     DID MR. ROYBAL TELL YOU WHETHER HE SAW THE
 2   SUSPECT PHYSICALLY HIT ANYBODY ELSE BESIDES HIMSELF?
 3        A     YES.  SO HE SAW THE SUBJECT RUN AWAY AND
 4   THEN HE ATTACKED A FEMALE.
 5        Q     AND DID YOU CONDUCT AN INFIELD
 6   IDENTIFICATION PROCEDURE WITH MARTY ROYBAL?
 7        A     YES.
 8        Q     AND WAS THAT WITH AN INDIVIDUAL SUSPECT IN
 9   THE CASE WHO WAS ALREADY DETAINED?
10        A     YES.
11        Q     AND DID MR. ROYBAL IDENTIFY THE DETAINED
12   INDIVIDUAL AS THE PERSON WHO WAS FIGHTING WITH LOSS
13   PREVENTION, THAT PUNCHED HIM, AND THEN WHO PUNCHED AN
14   ELDERLY FEMALE?
15        A     YES.
16        Q     DO YOU SEE THE PERSON THAT MR. ROYBAL
17   IDENTIFIED IN THE FIELD IN COURT TODAY?
18        A     YES.
19        Q     CAN YOU DESCRIBE WHERE THEY'RE LOCATED IN
20   THE COURTROOM AND WHAT THEY'RE WEARING?
21        THE COURT:  AGAIN, LET'S JUST POINT TO THE PERSON,
22   PLEASE.
23        THE WITNESS:  SEATED WEARING A BLUE GOWN.
24        THE COURT:  THANK YOU.  AGAIN, REIDENTIFYING THE
25   DEFENDANT.
26   BY MS. WYATT:
27        Q     GOING BACK TO YOUR CONVERSATION WITH
28   MR. ROYBAL, WHEN HE DESCRIBED THE PUNCH TO THE FACE BY
```

25

```
 1   THE DEFENDANT, DID HE TELL YOU WHAT PHYSICALLY HAPPENED
 2   TO HIM AFTER?
 3       A    YES.  SO WHEN HE WAS PUNCHED, HIS GLASSES
 4   FELL TO THE GROUND, AND THEN HE REMEMBERS REACHING DOWN
 5   FOR THE GLASSES.
 6       Q    DID YOU SEE ANY REDNESS OR INJURY TO
 7   MR. ROYBAL'S FACE?
 8       A    YES, THERE WAS REDNESS TO HIS FACE.
 9       Q    WAS THAT CONSISTENT WITH THE PUNCH HE
10   DESCRIBED?
11       A    YES.
12       MS. WYATT:  THANK YOU.  NOTHING FURTHER.
13       THE COURT:  ALL RIGHT.  CROSS-EXAMINATION?
14   MEANING YOUR OPPORTUNITY, MR. KITILYA, TO ASK THIS
15   WITNESS QUESTIONS, SIR.
16
17                   CROSS-EXAMINATION
18   BY MR. KITILYA:
19       Q    OKAY.  DO YOU REMEMBER SEEING ANY OF THIS
20   WITH YOUR OWN EYES AT THE ALLEGED INCIDENT AS AN
21   OFFICER?
22       A    YES.
23       Q    ALL OF THE COUNTS PRESENTED ON THE REPORT?
24   YOU REMEMBER SEEING THIS AS A WITNESS WITH YOUR PHYSICAL
25   EYES?
26       A    I WASN'T THERE PRESENT WHEN THE ALTERCATION
27   TOOK PLACE.  BUT AS AN OFFICER BEING THERE, I SAW WHAT I
28   SAW, YES.
```

1       Q     SO YOU DIDN'T -- DID YOU WITNESS ANY OF THE

2   COUNTS OCCUR, COUNT -- ANY OF THE COUNTS IN THIS CASE

3   OCCUR WITH YOUR PHYSICAL EYES?

4       A     NO.

5       Q     OKAY.  AT THE INCIDENT DO YOU RECALL ANY

6   MEDICAL ATTENTION BEING CONTACTED?  AMBULANCE?  MEDICAL

7   -- ANY MEDICAL ATTENTION FOR THESE ALLEGED VICTIMS?

8       A     NO.

9       Q     OKAY.  ARE YOU -- ARE YOU THE OFFICER WHO

10  CONDUCTED THE ARREST -- IS THAT OFFICER IN THE ROOM?

11      A     I WAS AN OFFICER THAT DETAINED, YES.

12      MR. KITILYA:  OKAY.  NO FURTHER QUESTIONS.

13      THE COURT:  THANK YOU.  ANYTHING FURTHER,

14  MS. WYATT?

15      MS. WYATT:  NOTHING FURTHER.  THE PEOPLE REST.

16      THE COURT:  SIR, YOU MAY STEP DOWN.  YOU'RE

17  EXCUSED FROM TESTIMONY.  THE PEOPLE HAVE RESTED.

18          WE NOW TURN TO YOUR CASE, WHICH MEANS,

19  MR. KITILYA, WOULD YOU LIKE TO PRESENT ANY EVIDENCE

20  WHATSOEVER?

21      MR. KITILYA:  BESIDES.

22      THE COURT:  YOU'RE GOING TO GET A CHANCE TO ARGUE

23  TO ME AND TRY TO CONVINCE ME, BUT DO YOU WISH TO PRESENT

24  ANY EVIDENCE?  MEANING, ANY TESTIMONY OF ANY WITNESSES

25  OR ANY PHYSICAL OR OTHER EXHIBITS?

26      MR. KITILYA:  I DON'T HAVE THE COPY OF THE REPORT

27  NO MORE THAT I WAS GIVEN BY THE COURT SO NO.

28      THE COURT:  OKAY.  ALL RIGHT.  SO YOU REST AS TO

27

1   YOUR CASE; IS THAT CORRECT?

2       MR. KITILYA:  I'M NOT PLEADING GUILTY.

3       THE COURT:  NO, YOU'RE NOT PLEADING GUILTY, BUT

4   YOU'RE NOT PUTTING ON ANY EVIDENCE AT THIS POINT; IS

5   THAT CORRECT?

6       MR. KITILYA:  NO.

7       THE COURT:  SO DEFENSE RESTS.  SO NOW I'LL HEAR

8   WHAT'S CALLED YOUR MOTION TO DISMISS FOR INSUFFICIENCY

9   OF THE EVIDENCE, WHICH MEANS IT'S YOUR OPPORTUNITY TO

10  SPEAK TO ME AND DESCRIBE THE EVIDENCE AND TRY TO

11  CONVINCE ME THE EVIDENCE THE PEOPLE HAVE PUT ON IS NOT

12  ENOUGH EVIDENCE TO SET IT FOR TRIAL.

13      MR. KITILYA:  OKAY.  EVERYTHING SAID HERE TODAY IN

14  COURT WAS PRETTY MUCH HEARSAY.

15      THE COURT:  OKAY.

16      MR. KITILYA:  NONE OF IT MATCHES THE REPORT THAT I

17  REVIEWED AND IT WAS GIVEN BY THE COURT.  THAT WOULD

18  BE -- YOU KNOW, IT WOULD BE REALLY PERJURY.  HEARSAY IS

19  INADMISSIBLE IN THE COURT OF LAW.  IT'S NOT RELEVANT.

20  IT'S A VIOLATION OF CALIFORNIA EVIDENCE CODE SECTION 3.

21  IT'S IRRELEVANT.  IT'S NOT EXCULPATORY EVIDENCE TO FIND

22  SOMEBODY GUILTY.

23          THE FIRST WITNESS OR THE ALLEGED SUSPECT,

24  COULD NOT COMPLETELY IDENTIFY ME.  THE FIRST OFFICER

25  THAT GOT UP MENTIONED THE ARRESTING OFFICER WAS NOT IN

26  THE ROOM AND HE WAS NOT THE ONE WHO CONDUCTED IT.  THE

27  SECOND OFFICER THAT GOT UP JUST NOW STATED HE'S THE ONE

28  WHO CONDUCTED THE ARREST.  IT DOESN'T MATTER.

1           TO THE BEST OF MY KNOWLEDGE, THE ARRESTING

2   OFFICER IS NOT IN THIS COURTROOM RIGHT NOW.  NONE OF

3   THESE OFFICERS CONDUCTED THE ARREST.  IT WAS NEVER SEEN

4   WITH ANYBODY'S PHYSICAL EYE THAT ANY OF THESE CRIMES

5   OCCURRED.  FROM WHAT I WAS TOLD ON THE RECORD AT FIRST,

6   THE CHARGES BEING PLACED ON THE ALLEGED SUSPECT AFTER

7   THE OFFICERS REVIEWED A VIDEO ON THE WAL-MART

8   SURVEILLANCE WITNESSING THESE ALLEGED CRIMES BY THE

9   ALLEGED SUSPECT OCCUR.

10          SO THEIR STATEMENTS DON'T MATCH THE RECORD,

11  THE ARREST REPORT.  IT'S ALL HEARSAY

12       THE COURT:  OKAY.  ALL RIGHT.

13       MR. KITILYA:  THERE WAS NO MEDICAL ATTENTION

14  NEEDED OR CONTACTED DURING THE INCIDENT.  THE ARRESTING

15  OFFICER DID NOT CATCH ME WITH ANYBODY'S BELONGINGS.  THE

16  FIRST ALLEGED WITNESS OR SUSPECT STATEMENT DIDN'T MATCH

17  THE REPORT BECAUSE ON THE REPORT IT STATES HE RAN INTO

18  THIS WOMAN AND SHE FELL TO THE GROUND.

19          NOW, WHEN HE COMES TO COURT, HE'S SAYING

20  "OH, I SEEN HIM TAKE THE PURSE."  OKAY.  THAT'S

21  AUTOMATICALLY VIOLATING THE COURT.  NOW, IT DOESN'T

22  MATCH.  IT'S INCONSISTENT.  ALL STATEMENTS -- ALL

23  STATEMENTS BY THE ALLEGED WITNESSES AND SUSPECTS DON'T

24  MATCH THE REPORT.  IT'S INCONSISTENT WITH WHETHER I

25  COMMITTED A CRIME OR NOT.

26       THE COURT:  ALL RIGHT.

27       MR. KITILYA:  IT'S IRRELEVANT.

28       THE COURT:  THANK YOU SO MUCH FOR EXPRESSING YOUR

1    CONCERNS ABOUT THE EVIDENCE.  I BELIEVE THERE IS

2    SUFFICIENT EVIDENCE TO AT LEAST SET THE MATTER FOR

3    TRIAL.  I'M NOT FINDING YOU GUILTY.  A JURY HAS TO FIND

4    YOU GUILTY.

5             SO THE MOTION TO DISMISS FOR INSUFFICIENCY

6    OF THE EVIDENCE IS DENIED.  IT APPEARING TO ME, BASED ON

7    THE EVIDENCE PRESENTED, THERE IS PROBABLE CAUSE TO

8    BELIEVE THE FOLLOWING OFFENSES HAVE OCCURRED AND THE

9    DEFENDANT IS GUILTY, THEREUPON, TO WIT:

10            COUNT 1, SECOND-DEGREE ROBBERY, VIOLATION OF

11   PENAL CODE SECTION 211 AS A FELONY; COUNT 2,

12   SECOND-DEGREE ROBBERY, VIOLATION OF PENAL CODE SECTION

13   211 AS A FELONY; COUNT 3, ASSAULT BY MEANS OR FORCE

14   LIKELY TO PRODUCE GREAT BODILY INJURY, VIOLATION OF

15   PENAL CODE SECTION 245(A)(4) AS A FELONY.

16            THEREFORE, THE DEFENDANT IS HELD TO ANSWER.

17   BAIL REMAINS IN THE AMOUNT PREVIOUSLY SET WHICH IS

18   $500,000.  THE DEFENDANT IS HELD TO ANSWER.  THE

19   ARRAIGNMENT DATE IS EXACTLY TWO WEEKS FROM TODAY.  THAT

20   IS FEBRUARY THE 23RD.  THAT GOES TO POMONA AT LEAST FOR

21   THE TIME BEING BECAUSE THIS IS A STATE PRISON, NOT A

22   COUNTY JAIL CASE.

23            FEBRUARY 23RD THE MATTER WILL BE IN

24   DEPARTMENT N, AS IN NANCY.  ALL PARTIES ORDERED THERE.

25   NOW, LET'S GO OFF THE RECORD.

26

27            (OFF THE RECORD.)

28

```
1          THE COURT:  BACK ON THE RECORD.

2              THE OTHER MATTER WILL TRAIL TO POMONA AND

3   FOLLOW THE CASE THERE.  28 OF 30 ON THAT DAY.  THANK

4   YOU.  THAT'LL BE THE ORDER.

5              SO YOUR NEXT CASE IS IN TWO WEEKS,

6   MR. KITILYA.

7        MR. KITILYA:  ON THE 30TH?

8        THE COURT:  ON THE 23RD.  BOTH WILL BE ON THE

9   23RD.

10

11            (OFF THE RECORD.)

12

13       THE COURT:  LET'S GO BACK ON THE RECORD ON THE

14  MATTER OF RAYMOND KITILYA, 3WC00025.

15              IS THERE A PEOPLE'S MOTION?

16       MS. WYATT:  YES, YOUR HONOR.  PEOPLE MOVE TO

17  DISMISS IN THE INTEREST OF JUSTICE.

18       THE COURT:  PER PENAL CODE SECTION 1385, THE

19  FUTURE DATE IS ADVANCED AND VACATED.  ON PEOPLE'S

20  MOTION, THAT CASE IS DISMISSED.

21

22            (AT 11:26 A.M. THE PROCEEDINGS WERE

23            CONCLUDED.)

24

25

26

27

28
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 5            HON. DAVID C. BROUGHAM, JUDGE

THE PEOPLE OF THE STATE OF CALIFORNIA,   )
                                         )
                            PLAINTIFF,   )   NO. KA131349
                                         )
             VS.                         )   REPORTER'S
                                         )   CERTIFICATE
01 RAYMOND KITILYA,                      )
                                         )
                            DEFENDANT.   )
_____)


        I, KRISTI PERRY, OFFICIAL REPORTER OF THE

SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT I DID

CORRECTLY REPORT THE PROCEEDINGS CONTAINED HEREIN AND

THAT THE FOREGOING PAGES 1 THROUGH 30, INCLUSIVE,

COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE

PROCEEDINGS AND TESTIMONY TAKEN IN THE MATTER OF THE

ABOVE-ENTITLED CAUSE ON FEBRUARY 9, 2023.


        DATED THIS 14TH DAY OF FEBRUARY, 2023.




_____
KRISTI PERRY, CSR NO. 14006
OFFICIAL COURT REPORTER

| SEX | DESCENT | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE | AGE | DATE DNA COLLECTED |
|---|---|---|---|---|---|---|---|---|
| M | BLK | BLK | BRO | 506 | 200 | 10-11-1989 | 33 | |

| VEH. LIC. No.  ST. | RPT DIST | | | | | AKA/NICKNAME | | |
| | 1975 | | | | | | | |

| BIRTHPLACE | CITIZENSHIP | ARR. AGY. / DETAIL | | | MONIKER | | AD CHG | LIVESCAN OPERATOR(S) |
|---|---|---|---|---|---|---|---|---|
| CA | US | 1975 | | | | | YES | |

| FILE No. | | DATE & TIME ARRESTED | | TIME BKD | | | |
|---|---|---|---|---|---|---|---|
| 226599 | | 09-14-2022   0908 | | 1040 | - | **DNA** COLLECTED | |

| LOCATION OF ARREST | | TOTAL BAIL | | XX NOT NEEDED |
|---|---|---|---|---|
| 2753 E EASTLAND CENTER DR | | 100000 | | |

| CHARGE | WARR./COMM No. |
|---|---|
| 211PC / F / 001 ROBBERY | |

| JAIL LOC. | ARRAIGNMENT DATE | TIME | COURT | PRISONER'S SIGNATURE WHEN BOOKED |
|---|---|---|---|---|
| 1975 | 09-16-2022 | 0830 | CIT | X REFUSED |

| SOC. SEC. No. | OBSERVABLE PHYSICAL ODDITIES | OCCUPATION |
|---|---|---|
| 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 | | UNKNOWN |

| EMPLOYER (FIRM OR PERSON'S NAME, CITY & PHONE No.) | SPECIAL MEDICAL PROBLEMS |
|---|---|
| UNEMPLOYED | NONE STATED |

| CLOTHING WORN | LOCATION OR DISPOSITION OF VEHICLE |
|---|---|
| BLK PANTS BLK HOODIE | |

| IN CASE OF EMERGENCY NOTIFY (NAME, RELATIONSHIP, ADDRESS, CITY & PHONE) |
|---|
| NONE |

| ARRESTING OFFICER | BOOKING EMPLOYEE | SEARCHING OFFICER | TRANSPORTING OFFICER |
|---|---|---|---|
| HERNANDEZ 472 | MARTINEZ J514 | HERNANDEZ 472 | HERNANDEZ 472 |

| CASH RETAINED | PROPERTY |
|---|---|
| | CLOTHING WORN |

PRISONER'S SIGNATURE FOR RECEIPT OF FOREGOING CASH & PROPERTY
REFUSED

| CASH DEPOSITED | PROPERTY |
|---|---|
| 0.00 | DUE RAG, ID CARD |
| | BIN 13 |

PRISONER'S SIGNATURE FOR RECEIPT OF REMAINING CASH & PROPERTY

20220914 10:59:58

| RIGHT FOUR IN | RIGHT THUMB IN | RIGHT THUMB OUT | RIGHT FOUR OUT |
|---|---|---|---|

West Covina Police Department
District Attorney's Office
4699/15/2022 12:31 PM

TELEPHONE CALLS

INTERVIEWS – Code: A = ATTY, B = BONDSMAN, D = DOCTOR, E = EMPLOYER, R = RELATIVE, W = WAIVED, O = OTHER

| NAME | CODE | PHONE# OR INTERVIEWER | DATE & TIME MADE | OFFICER HANDLING SERIAL# | PRISONER'S INTIIALS |
|------|------|----------------------|------------------|--------------------------|---------------------|
| BAIL DEVIATION (800) 773-5151 | O | (213) 351-0311 | | | |
| Records of all telephone calls are maintained by Little John Communications and Correctional Control Network. | | | 9-14-22 /1101 | J574 | |

REMARKS

X COMPLETED

| Misdemeanor hold: | REASON FOR RELEASE ___ EXPIRATION ___ FINE ___ CITATION ___ BAIL ___ OTHER |
|---|---|
| ____ NO IDENTIFICATION | RECEIPT # / DATE AND TIME |
| ____ WARRANT | |
| ____ ON GOING PROBLEM | RELEASED BY / DOCUMENT ANALYST |
| ____ NON-CITABLE MISDEMEANOR | |
| ____ OTHER: _____ | RELEASED TO (NAME, AGENCY & DETAIL) |
| APPROVED BY | |
| WATCH COMMANDER: | |

RECORD OF PROPERTY TRANSACTIONS                    CODE: A = ADD    W = WITHDRAW    I = INSPECT    E = REMOVE FOR EVIDENCE

| NAME OF PERSON ADDING, WITHDRAWING OR INSPECTING | OFFICER HANDLING SERIAL # | PRISONER'S SIGNATURE AUTHORIZING WITHDRAW | CODE | DESCRIPTION OF PROPERTY | DATE AND TIME |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| OFFICER MAKING FINAL RELEASE | DATE AND TIME | I DO HEREBY ACKNOWLEDGE RECEIPT OF ALL MY REMAINING PROPERTY |
|---|---|---|
| | | SIGNATURE |

| CA DMV IMAGES | BOOKING IMAGES |
|---|---|

West Covina Police Department
District Attorney's Office
4699/15/2022  12:24 AM

LIVE SCAN TRANSACTION AGENCY NOTIFICATION
* * * *

THE FOLLOWING INFORMATION IS IN RESPONSE TO YOUR LIVE SCAN TRANSMISSION
REGARDING SUBJECT/KITILYA,RAYMOND JUSTO, DOB/01121989,
BOOKING AGENCY/CA0197500, BOOKING NUMBER/6451738, MAIN NUMBER/33199238, SCN/L47P2570002.

YOUR SUBJECT HAS BEEN IDENTIFIED BY FINGERPRINTS AS NAM/KITILYA,RAYMOND
DOB/19890112 CII/A28418480.

*************************************************************************
THIS RECORD CONTAINS MORE INFORMATION THAN THE LEGACY DISPLAY CAN
PROVIDE.  FOR A COMPLETE COPY OF THE CRIMINAL HISTORY RECORD, YOU MAY
REQUEST A QUERY HISTORY TRANSCRIPT (QHT) OR CONTACT THE DOJ COMMAND
CENTER AT (916) 227-3244.
*************************************************************************
** DO NOT COLLECT DNA SAMPLE TYPED ANALYZED
** PALM PRINTS AVAILABLE
** III CALIFORNIA ONLY SOURCE RECORD
FBI/841067CD9
CII/A28418480
DOB/19890112    SEX/M    RAC/BLACK
HGT/507    WGT/200    EYE/BLK    HAI/BLK    POB/CA
NAM/01 KITILYA,RAYMOND
AKA/02 KITILYA,RAYMOND JUSTO
AKA/03 KITILYA,RAYMOND J
CDL/E1834378
SOC/614244992
INN/CDC-AL07956




* * * * * * * * * END OF DOJ MESSAGE * * * * * * * * * *

NTCN: TATM02445982
LTCN: L4722257105908C2CS
SCN: L47P2570002
TOT: CRM
BKG: 6451738
MAIN: 33199238
SID: 28418480
FBI: 841067CD9



Page 2 of 2

TO/pdwco-L01@lafis.org/

Sep 14 2022 12:12:19
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
LOS ANGELES COUNTY REGIONAL IDENTIFICATION SYSTEM NOTIFICATION
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
THE FOLLOWING INFORMATION IS RESTRICTED FOR OFFICIAL LAW
ENFORCEMENT USE ONLY
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
BOOKING AGENCY/CA0197500
IN RESPONSE TO YOUR LIVESCAN IDENTIFICATION REQUEST REGARDING
SUBJECT/KITILYA,RAYMOND, DOB/01121989, (LA COUNTY MAIN/33199238,
SID/A28418480)

YOUR SUBJECT RETURNED A "NO HIT" FROM THE COUNTY-WIDE WARRANT
SYSTEM (CWS) BY SEARCH OF MAIN OR SID - MANUAL SEARCH OF CWS
IS RECOMMENDED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

* * * * * * * * * * * END OF CWS MESSAGE * * * * * * * * * * *

NTCN: TATM02445982
LTCN: L4722257105908C2CS
SCN: L47P2570002
TOT: CRM
BKG: 6451738
MAIN: 33199238
SID: 28418480
FBI: 841067CD9

* * * * * * * * * * * END OF LACRIS MESSAGE * * * * * * * * * *

TO/pdwco-L01@lafis.org/

Sep 14 2022 12:12:39
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
LOS ANGELES COUNTY REGIONAL IDENTIFICATION SYSTEM NOTIFICATION
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
THE FOLLOWING INFORMATION IS RESTRICTED FOR OFFICIAL LAW
ENFORCEMENT USE ONLY
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
BOOKING AGENCY/CA0197500
IN RESPONSE TO YOUR LIVESCAN IDENTIFICATION REQUEST REGARDING
SUBJECT/KITILYA,RAYMOND, DOB/01121989, (LA COUNTY MAIN/33199238,
SID/28418480)

YOUR SUBJECT RETURNED A "NO HIT" FROM THE COUNTY-WIDE WARRANT
SYSTEM (CWS) BY SEARCH OF MAIN OR SID - MANUAL SEARCH OF CWS
IS RECOMMENDED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

* * * * * * * * * * * END OF CWS MESSAGE * * * * * * * * * * *

NTCN: TATM02445982
LTCN: L4722257105908C2CS
SCN:
TOT: CRM
BKG: 6451738
MAIN: 33199238
SID: 28418480
FBI: 841067CD9

* * * * * * * * * * * END OF LACRIS MESSAGE * * * * * * * * * *

TO/pdwco-L01@lafis.org/

Sep 14, 2022 12:41:01

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

LOS ANGELES COUNTY REGIONAL IDENTIFICATION SYSTEM NOTIFICATION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THE FOLLOWING INFORMATION IS RESTRICTED FOR OFFICIAL LAW
ENFORCEMENT USE ONLY

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

BOOKING AGENCY/CA0197500

IN RESPONSE TO YOUR LIVESCAN IDENTIFICATION REQUEST REGARDING
SUBJECT/KITILYA,RAYMOND, DOB/01121989, BOOKING NUMBER/6451738

YOUR SUBJECT HAS BEEN IDENTIFIED BY FINGERPRINTS IN THE LACRIS MBIS
DATABASE AS NAME/KITILYA, RAYMOND JUSTO, DOB/01121989, LA COUNTY MAIN/33199238,
SID/28418480, FBI/841067CD9

YOUR IDENTIFICATION REQUEST HAS BEEN FORWARDED TO CAL-DOJ FOR AN
ADDITIONAL IDENTIFICATION INQUIRY.  RESULTS OF THAT INQUIRY WILL BE
SENT TO YOU DIRECTLY FROM CAL-DOJ.

NAM/01 KITILYA,RAYMOND JUSTO
NAM/02 KITILYA,RAYMOND
DOB/01121989
CDL/E1834378
SSN/0614244992

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

NTCN: TATM02445982
LTCN: L4722257105908C2CS
SCN:
TOT: CRM
BKG: 6451738
MAIN: 33199238
SID: 28418480
FBI: 841067CD9

* * * * * * * * * END OF LACRIS MESSAGE * * * * * * * * * * *

```
TO/pdwco-L01@lafis.org/
Message received on Sep 14, 2022 13:00:04


6451738,L47P2570002,L47P2570002,2459837
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
Bureau of Criminal Identification and Information
P.O. Box 903417
Sacramento,  CA  94203-4170




DATE: 09/14/2022


Agency:
CA0197500




RE: FINGERPRINTS SUBMITTED TO THE FBI


A fingerprint search of the records contained in FBI files found a match
for the following subject.  An electronic RAP sheet was not returned.


NAME:              KITILYA,RAYMOND JUSTO
OCA:               6451738
FBI:               841067CD9
SID:               CA28418480
DATE SUBMITTED:    09/14/2022
SCN #:             L47P2570002


NTCN: TATM02445982
LTCN: L472257105908C2CS
SCN: L47P2570002
TOT: CRM
BKG: 6451738
MAIN: 33199238
SID: 28418480
FBI: 841067CD9


* * * * * * * * * END OF LACRIS MESSAGE * * * * * * * * * * * *
```

Bureau of Criminal Identification and Information
P.O.Box 903417
Sacramento, CA 94203-4170

6451738,L47P2570002,L47P2570002,2459837
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
Bureau of Criminal Identification and Information
P.O. Box 903417
Sacramento, CA 94203-4170

DATE: 09/14/2022

Agency:
CA0197500

RE: FINGERPRINTS SUBMITTED TO THE DEPARTMENT OF HOMELAND SECURITY

A fingerprint search of the records contained in Deparment of Homeland Security files
reflected no further information on the following subject:

| | |
|---|---|
| NAME: | KITILYA,RAYMOND JUSTO |
| OCA: | 6451738 |
| FBI: | |
| SID: | CA28418480 |
| CRI: | CA0197500 |
| DATE SUBMITTED: | 09/14/2022 |
| SCN #: | L47P2570002 |

This record is being sent for identification purposes only. It does not convey
the individual's immigration status and is not an immigration detainer.

Statement on Disclosure of Visa Records

According to the Immigration and Nationality Act, section 222(f): The records
of the Department of State and of diplomatic and consular offices of the United
States pertaining to the issuance or refusal of visas or permits to enter the
United States shall be considered confidential and shall be used only for the
formulation, amendment, administration, or enforcement of the immigration,
nationality, and other laws of the United States.

Page 1 of 2

The Case is provided for the purposes for which it is shared. Information in this record may not under any circumstances be disclosed to any entity other than the receiving agency, including the general public, without the express written consent of the Department of State (DOS). Any questions concerning the interpretation of DOS visa records or the parameters for disclosure of such records under INA section 222(f) must be addressed by the DOS. However, should access to DOS visa records generate inquiries by receiving agencies about a person's legal status in the United States, such inquiries should be directed to the Department of Homeland Security (DHS), which has jurisdiction over questions of legal status in the United States.

------ NO MATCH ------

NTCN: TATM02445982
LTCN: L4722257105908C2CS
SCN: L47P2570002
TOT: CRM
BKG: 6451738
MAIN: 33199238
SID: 28418480
FBI: 841067CD9
ARN:

* * * * * * * * * * END OF LACRIS MESSAGE * * * * * * * * * * * * *

West Covina Police Department
District Attorney's Office
4699/15/2022 12:37:24 PM

```
User: J514          Timestamp: 9/14/22 9:36                      Page 1 of 1


CL44CZI04IJ
CA0197500
THIS NCIC INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
INQUIRY ON NAM/KITILYA,RAYMOND JUSTO SEX/M RAC/B
 DOB/19890112 PUR/C
ATN/J514 DR226599
NAME                              FBI NO.          INQUIRY DATE
KITILYA,RAYMOND JUSTO             841067CD9        2022/09/14


SEX RACE BIRTH DATE   HEIGHT WEIGHT EYES HAIR PHOTO
M    B   1989/01/12   507    145    BLK  BLK  Y


BIRTH PLACE
CALIFORNIA

FINGERPRINT CLASS      PATTERN CLASS

ALIAS NAMES
KITILYA,RAYMOND                   KITILYA,RAYMOND J

SCARS-MARKS-
TATTOOS         SOCIAL SECURITY
SC HEAD         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
TAT RF ARM

IDENTIFICATION DATA UPDATED 2022/04/14

THE CRIMINAL HISTORY RECORD IS MAINTAINED AND AVAILABLE FROM THE
FOLLOWING:
 CALIFORNIA   - STATE ID/CA28418480

THE RECORD(S) CAN BE OBTAINED THROUGH THE INTERSTATE IDENTIFICATION
INDEX BY USING THE APPROPRIATE NCIC TRANSACTION.


END
```

```
User: J514        Timestamp: 9/14/22 9:36          Page 1 of 18
CL46CZI04IH
```

```
RE: QHY.CA0197500.28418480.J514 DR      DATE:20220914 TIME:09:36:46
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:J514 DR226599
**********************************************************************
THIS RECORD CONTAINS MORE INFORMATION THAN THE LEGACY DISPLAY CAN
PROVIDE.  FOR A COMPLETE COPY OF THE CRIMINAL HISTORY RECORD, YOU MAY
REQUEST A QUERY HISTORY TRANSCRIPT (QHT) OR CONTACT THE DOJ COMMAND
CENTER AT (916) 227-3244.
**********************************************************************

**********************************************************************
DO NOT COLLECT DNA. DNA SAMPLE HAS BEEN RECEIVED,
TYPED, AND UPLOADED INTO THE CAL-DNA DATA BANK.
FOR INFO (510) 620-3300 OR PC296.PC296@DOJ.CA.GOV.
**********************************************************************
** PALM PRINTS AVAILABLE AT DOJ FOR PALM PRINTS CONTACT
PALM.PRINT@DOJ.CA.GOV
III CALIFORNIA ONLY SOURCE RECORD
CII/A28418480
DOB/19890112      SEX/M  RAC/BLACK
HGT/507  WGT/200  EYE/BLK  HAI/BLK  POB/CA
NAM/01 KITILYA,RAYMOND
    02 KITILYA,RAYMOND JUSTO
    03 KITILYA,RAYMOND J

FBI/841067CD9
CDL/E1834378
SOC/614244992
INN/CDC-AL07956
SMT/SC HEAD; TAT RF ARM
MDS/CTZ-US
OCC/FREIGHT WORKER; STUDENT; UNEMPLOYED
* * * *

APPLICANT:              NAM:01
20070608  CAUD PD SAN BERNARDINO

CNT:01    #505844
  APPLICANT CLASSIFIED SCHOOL EMPLOYEE
    COM: SCN-290A1590003 ATI-I159KIR756

20110516
 DISPO:NO LONGER INTERESTED
* * * *

ARR/DET/CITE:           NAM:02  DOB:19890112
20090123  CASO SAN BERNARDINO

CNT:01    #0901343340-361273137
  350(A)(2) PC-MFG/SELL 1000+ COUNTERFEIT REG MK
    COM: ADR-20090123 (1515,N SIERRA WY 14, , ,SAN
        BERNARDINO,CA,92405)
    COM: PHOTO AVAILABLE
```

West Covina Police Department

District Attorney's Office

4699/15/2022 12:37:24 PM

```
User: J514           Timestamp: 9/14/22 9:36              Page 2 of 18
   COM: SCN-998C0230311
- - - -
COURT:                  NAM:02
20090521   CASC SAN BERDO CENTRAL

CNT:01     #MSB900643
  653W(A) PC-FAIL DISCLOSE ORIGIN OF RECRD/ETC
*DISPO:CONVICTED
   CONV STATUS:MISDEMEANOR
   SEN: 36 MONTHS PROBATION,FINE
* * * *

APPLICANT:              NAM:03
20100503   CASD SOCIAL SERVICES TLR, SACRAMENTO

CNT:01
   APPLICANT CALWORKS CDE
    COM: SCN-988D1230012 ATI-I123KIR061

20200922
 DISPO:NO LONGER INTERESTED
   COM: ACN-DST02619560A1157
* * * *

ARR/DET/CITE:           NAM:02  DOB:19890112
20110527   CASO LA INMATE RECEP CTR

CNT:01     #2754702-33199238
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C157351744
   COM: ADR-20110527 (580,MONTEREY AVE, ,W,POMONA,CA,91769 )  TIME
        AT ADDRESS-(6 MONTHS)
   COM: PHOTO AVAILABLE
   COM: SCN-M15E1470011
* * * *

ARR/DET/CITE:           NAM:01  DOB:19890112
20110616   CASO SAN BERNARDINO

CNT:01     #11-1218221-361273137
  484(A)/490.5 PC-THEFT/PETTY THEFT MERCHANDISE
   COM: ADR-20110616 (TRANSIENT,TRANSIENT, , ,TRANSIENT, , ,)
   COM: SCN-998E1670192
- - - -
COURT:                  NAM:01
20111114   CASC RANCHO CUCAMONGA

CNT:01     #MWV1102578
  484(A) PC-THEFT
*DISPO:CONVICTED
   CONV STATUS:MISDEMEANOR
   SEN: 36 MONTHS PROBATION,45 DAYS JAIL,
        FINE
```

West Covina Police Department
District Attorney's Office
469945/2022 12:37:24 PM

```
User: J514          Timestamp: 9/14/22 9:36              Page 3 of 18
CNT:02
  SEE COMMENT FOR CHARGE
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE
   COM: :CHRG 484(A)-490,5A PC


20111114
 DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
   COM: CONVICTION CERTIFIED BY STEPHEN NASH,TRESSA
        KENTNER,CASCRANCHO CUCAMONGA
   COM: DCN-P1108003321136000076
* * * *


ARR/DET/CITE:            NAM:02  DOB:19890112
20110724  CASO LA INMATE RECEP CTR


CNT:01    #2820193-33199238
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #0977236198
   COM: ADR-20110724 (51863,BENITO ST, , ,MONTCLAIR,CA, )   TIME
       AT ADDRESS-(1 MONTHS)
   COM: PHOTO AVAILABLE
   COM: SCN-M11E2050002
* * * *


ARR/DET/CITE:            NAM:01  DOB:19890112
20110728  CASO SAN BERNARDINO


CNT:01    #1107343506-361273137
   -WARRANT
  587C PC-EVADE RAILROAD FARE
   WARRANT  #MSB1101462


CNT:02
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #MSB1101462


CNT:03
   -WARRANT
  587C PC-EVADE RAILROAD FARE
   WARRANT  #MWV1102492
   COM: PHOTO AVAILABLE
   COM: SCN-998E2100004
* * * *


ARR/DET/CITE:            NAM:02  DOB:19890112
20111101  CASO SAN BERNARDINO


CNT:01    #1111340064-361273137
   -WARRANT
  587C PC-EVADE RAILROAD FARE
   WARRANT  #MSB1101462


CNT:02-03
```

```
User: J514          Timestamp: 9/14/22 9:36              Page 4 of 18
    -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
    WARRANT  #MSB1101462


CNT:04
    -WARRANT
  587C PC-EVADE RAILROAD FARE
    WARRANT  #MWV1102492


CNT:05
    -WARRANT
  484(A)/490.5 PC-THEFT/PETTY THEFT MERCHANDISE
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
    WARRANT  #MWV1102578


CNT:06
    -WARRANT
  242 PC-BATTERY ON PERSON
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
    WARRANT  #MWV1103387


CNT:07
    -WARRANT
  490.5(A) PC-PETTY THEFT RETAIL MERCHANDISE/ETC
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
    WARRANT  #MWV1103387
    COM: ADR-20111101 ( ,TRANSIENT, , ,SAN BERNARDINO,CA,92404)
    COM: PHOTO AVAILABLE
    COM: SCN-998E3050188
* * * *


ARR/DET/CITE:          NAM:02   DOB:19890112
20111218  CASO SAN BERNARDINO


CNT:01     #1112341927-361273137
  459 PC-BURGLARY
    COM: ADR-20111218 ( ,TRANSIENT, , ,SAN BERNARDINO,CA,92404)
    COM: PHOTO AVAILABLE
    COM: SCN-998E3520199
- - - -
COURT:                 NAM:01
20120227  CACU COURT UNKNOWN


CNT:01    #FWV1200439
  459 PC-BURGLARY
*DISPO:CONVICTED


20170119
 DISPO:REDUCED TO MISDEMEANOR
    COM: PURS TO 1170.18 PC
* * * *


ARR/DET/CITE:          NAM:02  DOB:19890112
20111221  CASO SAN BERNARDINO
```

```
User: J514          Timestamp: 9/14/22 9:36          Page 5 of 18
CNT:01     #1112342144-361273137
   459 PC-BURGLARY
   COM: PHOTO AVAILABLE
   COM: SCN-998E3550107
- - - -
COURT:                    NAM:02
20120103  CASC RANCHO CUCAMONGA

CNT:01     #FWV1103252
   459 PC-BURGLARY
*DISPO:CONVICTED
   CONV STATUS:MISDEMEANOR
   SEN: 24 MONTHS PROBATION,186 DAYS JAIL,
        FINE

CNT:02
   496(A) PC-RECEIVE/ETC KNOWN STOLEN PROPERTY
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE

20120103
 DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYSTEM
   COM: CONVICTION CERTIFIED BY STEPHEN NASH,TRESSA
        KENTNER,CASCRANCHO CUCAMONGA
   COM: DCN-P1114000091236000326
* * * *

ARR/DET/CITE:          NAM:02  DOB:19890112
20120606  CAPD POMONA

CNT:01     #3184032-33199238
   211 PC-ROBBERY

CNT:02
   -WARRANT
   853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #12405A1942

CNT:03
   -WARRANT
   853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C162118744

CNT:04
   -WARRANT
   853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #1059059198

CNT:05
   -WARRANT
   853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C162100744

CNT:06
   -WARRANT
   853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
```

West Covina Police Department

District Attorney's Office

4699/15/2022 12:37:24 PM

```
User: J514          Timestamp: 9/14/22 9:36              Page 6 of 18
   WARRANT   #1072573198


CNT:07
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT   #C164258744
   COM: ADR-20120606 (TRANSIENT,TRANS, , ,TRANS,CA, ,)
   COM: PHOTO AVAILABLE
   COM: SCN-L34F1580017
- - - -
COURT:                  NAM:01
20120611  CASC POMONA

CNT:01     #POMKA09820001
  459 PC-BURGLARY
 DISPO:DISMISSED/FOJ/PLEA TO OTHER CHARGE


CNT:02
  242 PC-BATTERY
 DISPO:DISMISSED/FOJ/PLEA TO OTHER CHARGE


CNT:03
  211 PC-ROBBERY
*DISPO:CONVICTED
   CONV STATUS:FELONY
   SEN: 2 YEARS PRISON


20120616
 DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
   COM: CONVICTION CERTIFIED BY JOHN A  CLARKE,EXECUTIVE
        OFFICER CLERK,CASC POMONA
   COM: DCN-P1003001701219000340
* * * *

CUSTODY:CDC           NAM:02
20120629  CASD CORR DELANO

CNT:01     #AL7956
  212.5(C) PC-ROBBERY:SECOND DEGREE
   SEN FROM: LOS ANGELES CO  CRT #KA09820001
   SEN: 2 YEARS PRISON


CNT:02     #AL7956 CDC ADD COMMT
  459 PC-BURGLARY:SECOND DEGREE
   SEN FROM: SAN BERNARDINO CO  CRT #FWV1200439
   SEN: 16 MONTHS PRISON
   COM: CONCURRENT PER CASDCORR CORCORAN, NOTIFIED ON
        06/25/2014
   COM: SCN-914F1910003
* * * *

ARR/DET/CITE:         NAM:02  DOB:19890112
20140211  CASO SAN BERNARDINO

CNT:01     #1402341166-361273137
```

```
   -WARRANT
  459 PC-BURGLARY
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
   WARRANT  #FWV1200439
   COM: PHOTO AVAILABLE
   COM: SCN-998H0420168
* * * *

ARR/DET/CITE:          NAM:02  DOB:19890112
20141014  CAPD CLAREMONT

CNT:01     #4122914-33199238
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C149990744

CNT:02
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C146662744

CNT:03
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C162109744

CNT:04
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #1054602198

CNT:05
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C162100744

CNT:06
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C162118744

CNT:07
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C164258744

CNT:08
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #Y720569190

CNT:09
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #1059059198
```

West Covina Police Department
District Attorney's Office
4699/15/2024 12:37:24 PM

```
CNT:10
    -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
    WARRANT   #1072573198
    COM: ADR-20141014 (814,4TH ST, , ,LOS ANGELES,CA,90013)
    COM: PHOTO AVAILABLE
    COM: SCN-L10H2870001
* * * *

ARR/DET/CITE:          NAM:01  DOB:19890112
20141114  CAPD MONTCLAIR

CNT:01    #141700221-361273137
  459.5 PC-SHOPLIFTING
    COM: ADR-20141114 (580,MONTEREY, ,W,POMONA,CA,91769)
    COM: PHOTO AVAILABLE
    COM: SCN-998H3180121
- - - -
COURT:                NAM:01
20190204  CASC ONTARIO

CNT:01    #MWV1501489
  459.5 PC-SHOPLIFTING
 DISPO:PROC SUSP/COMM MENTALLY INCOMP 1370 PC

CNT:02
  242 PC-BATTERY
 DISPO:PROC SUSP/COMM MENTALLY INCOMP 1370 PC
    COM: DCN-P0504480671936000899
* * * *

ARR/DET/CITE:          NAM:02  DOB:19890112
20141129  CASO SAN BERNARDINO

CNT:01    #1411371072-361273137
  3056 PC-VIOLATION OF PAROLE:FELONY
    COM: ADR-20141129 ( ,TRANSIENT, , ,ADELANTO,CA,92301)
    COM: PHOTO AVAILABLE
    COM: SCN-998H3330049
* * * *

ARR/DET/CITE:          NAM:02  DOB:19890112
20141211  CASO SAN BERNARDINO

CNT:01    #1412341084-361273137
  211 PC-ROBBERY

CNT:02
  245(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY

CNT:03
  3056 PC-VIOLATION OF PAROLE:FELONY
    COM: ADR-20141211 (580,N MONTEREY ST, , ,POMONA,CA,91768)
    COM: PHOTO AVAILABLE
```

West Covina Police Department
District Attorney's Office
4/19/15/2023 12:37:24 PM

    COM: SCN-998H3450233
- - - -
COURT:                    NAM:01
20150127  CASC ONTARIO

CNT:01    #FWV1405155
  245(A)(4) PC-ADW WITH FORCE:POSSIBLE GBI
*DISPO:CONVICTED
   CONV STATUS:FELONY
   SEN: 48 MONTHS PRISON,CONSECUTIVE

CNT:02
  211 PC-ROBBERY:SECOND DEGREE
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE

 DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
   COM: CONVICTION CERTIFIED BY CHRISTINA M VOLKERS,STEPHEN H
        NASH,CASCONTARIO
   COM: DCN-P1472000281536000148
* * * *

CUSTODY:CDC              NAM:02
20150212  CASD CORR DELANO

CNT:01    #AL7956
  VIOLATION OF PAROLE

CNT:02
  245(A)(4) PC-ADW WITH FORCE:POSSIBLE GBI
   SEN FROM: SAN BERNARDINO CO  CRT #FWV1405155
   SEN: 4 YEARS PRISON
   COM: SCN-915I0480012
* * * *

ARR/DET/CITE:            NAM:01
20150608  CASD CORR VACAVILLE

CNT:01    #AL7956
   -IN PRISON ARR
  314 PC-INDECENT EXPOSURE
20150728
 DISPO:PROS REJ-OTHER
   COM: HANDLE ADMINISTRATIVELY
* * * *

ARR/DET/CITE:            NAM:03
20150810  CASD CORR VACAVILLE

CNT:01    #AL7956
   -IN PRISON ARR
  4501.5 PC-BATTERY BY PRISONER
20150914
 DISPO:PROS REJ-LACK OF SUFFICIENT EVIDENCE
* * * *

West Covina Police Department
District Attorney's Office
Wed 9/15/2022 12:37:24 PM
4699

```
User: J514        Timestamp: 9/14/22 9:36           Page 10 of 18
ARR/DET/CITE:              NAM:01
20150821  CASD CORR SAN LUIS OBISPO


CNT:01     #AL7956
   -IN PRISON ARR
 314 PC-INDECENT EXPOSURE
20151002
 DISPO:PROS REJ-LACK OF SUFFICIENT EVIDENCE
* * * *


ARR/DET/CITE:              NAM:02  DOB:19890112
20160218  CASP SALINAS VALLEY


CNT:01     #AL7956
   -IN PRISON ARR
 314 PC-INDECENT EXPOSURE
20160427
 DISPO:PROS REJ-OTHER
   COM: HANDLE ADMINISTRATIVELY
* * * *


ARR/DET/CITE:              NAM:02  DOB:19890112
20160304  CASP SALINAS VALLEY


CNT:01     #AL7956
   -IN PRISON ARR
 314 PC-INDECENT EXPOSURE
20160427
 DISPO:PROS REJ-OTHER
   COM: HANDLE ADMINISTRATIVELY
* * * *


ARR/DET/CITE:              NAM:01
20160917  CASP SALINAS VALLEY


CNT:01     #AL7956
   -IN PRISON ARR
 314.1 PC-INDECENT EXPOSURE W/PRIOR
20161118
 DISPO:PROS REJ-OTHER
   COM: HANDLE ADMINISTRATIVELY
* * * *


ARR/DET/CITE:              NAM:01
20171007  CASD CORR VACAVILLE


CNT:01     #AL7956
   -IN PRISON ARR
 314 PC-INDECENT EXPOSURE
20180111
 DISPO:PROS REJ-OTHER
   COM: HANDLE ADMINISTRATIVELY PER CDC 115 RULES VIOL
* * * *


ARR/DET/CITE:              NAM:01
```

West Covina Police Department

District Attorney's Office

4699/15/2022 12:37:24 PM

```
User: J514        Timestamp: 9/14/22 9:36              Page 11 of 18
20171024   CASD CORR VACAVILLE

CNT:01     #AL7956
   -IN PRISON ARR
  314 PC-INDECENT EXPOSURE
20171205
 DISPO:PROS REJ-OTHER
   COM: HANDLE ADMINISTRATIVELY PER CDC 115 RULES VIOL
* * * *

ARR/DET/CITE:            NAM:02
20171120   CASP SALINAS VALLEY

CNT:01     #AL7956
   -IN PRISON ARR
  314.1 PC-INDECENT EXPOSURE
20180130
 DISPO:PROS REJ-OTHER
   COM: HANDLE ADMINISTRATIVELY
* * * *

ARR/DET/CITE:            NAM:02
20171129   CASP SALINAS VALLEY

CNT:01     #AL7956
   -IN PRISON ARR
  314.1 PC-INDECENT EXPOSURE
20180202
 DISPO:PROS REL-DET ONLY-OTHER
   COM: HANDLE ADMIN
* * * *

ARR/DET/CITE:            NAM:01  DOB:19890112
20181019   CASO LA INMATE RECEP CTR

CNT:01     #5452345-33199238
  3056 PC-VIOLATION OF PAROLE:FELONY
   COM: ADR-20181019 (TRANSIENT,TRANSIENT, , ,PONONA,CA, ,)
   COM: PHOTO AVAILABLE
   COM: SCN-M14L2920007
* * * *

ARR/DET/CITE:            NAM:02  DOB:19890112
20181118   CASO SAN BERNARDINO

CNT:01     #1811342084-361273137
  314.1 PC-INDECENT EXPOSURE

CNT:02
  3056 PC-VIOLATION OF PAROLE:FELONY
   COM: PHOTO AVAILABLE
   COM: SCN-998L3220140
- - - -
COURT:                   NAM:01
20181129   CASC ONTARIO
```

West Covina Police Department
District Attorney's Office
9/15/2022 12:37:24 PM

CNT:01    #MWV18028110
  SEE COMMENT FOR CHARGE
 DISPO:PROC SUSP/COMM MENTALLY INCOMP 1370 PC
   COM: CHRG 314(1) PC FIRST DEGREE
   COM: DCN-P2352073411836007772
* * * *

ARR/DET/CITE:            NAM:02  DOB:19890112
20190520  CASO SAN BERNARDINO

CNT:01    #1905342275-361273137
  314.1 PC-INDECENT EXPOSURE

CNT:02
  3056 PC-VIOLATION OF PAROLE:FELONY
   COM: PHOTO AVAILABLE
   COM: SCN-998M1400062
- - - -
COURT:              NAM:01
20200218  CASC ONTARIO

CNT:01    #MWV19021978
  SEE COMMENT FOR CHARGE
 DISPO:PROC SUSP/COMM MENTALLY INCOMP 1370 PC
   COM: CHRG 314(1) PC FIRST DEGREE
   COM: DCN-P2349580982036000919

20220330
 DISPO:REOPEN COMM INSANE/MENTAL INCOMP 1370 PC
* * * *

ARR/DET/CITE:            NAM:02  DOB:19890112
20191204  CAPD POMONA

CNT:01    #5814544-33199238
  484(A) PC-THEFT
   ARR BY:CAPD LA VERNE

CNT:02
   -WARRANT
  3056 PC-VIOLATION OF PAROLE:FELONY
   WARRANT  #REV9PH0766201

CNT:03
   -WARRANT
  3000.08 PC-VIOLATION OF PAROLE
   WARRANT  #REV9PH0766201

CNT:04
   -WARRANT
  853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #105460219800

CNT:05

West Covina Police Department
District Attorney's Office
4/09/15/2022 12:37:24 PM

```
User: J514         Timestamp: 9/14/22 9:36              Page 13 of 18
   -WARRANT
 853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C16211874440


CNT:06
   -WARRANT
 853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C16425874440


CNT:07
   -WARRANT
 853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #107257319800


CNT:08
   -WARRANT
 853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C16210074440


CNT:09
   -WARRANT
 853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C14999074440


CNT:10
   -WARRANT
 853.7 PC-FAIL TO APPEAR AFTER WRITTEN PROMISE
   WARRANT  #C16210974440
   COM: ADR-20191204 (813,FOURTH PL,,,E,LOS ANGELES,CA,90013)
   COM: PHOTO AVAILABLE
   COM: SCN-L34M3380008
- - - -
COURT:                    NAM:01
20220420  CASC POMONA

CNT:01      #POM0PC0041601
 459.5 PC-SHOPLIFTING
*DISPO:CONVICTED
   CONV STATUS:MISDEMEANOR
   SEN: 1 YEARS PROBATION,13 DAYS JAIL,
        RESTN,IMP SEN SS


CNT:02
 148(A)(1) PC-OBSTRUCT/ETC PUBLIC OFFICER/ETC
*DISPO:CONVICTED
   CONV STATUS:MISDEMEANOR
   SEN: 1 YEARS PROBATION,13 DAYS JAIL,
        IMP SEN SS


20220420
 DISPO:CONDITION OF PROB-FIREARM RESTRICTION

 DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
   COM: CONVICTION CERTIFIED BY SHERRI R  CARTER,EXECUTIVE
        OFFICER CLERK,CASCPOMONA
```

```
User: J514        Timestamp: 9/14/22 9:36            Page 14 of 18
   COM: DCN-P2322011152219000715
* * * *

ARR/DET/CITE:          NAM:02  DOB:19890112
20200131  CAPD POMONA

CNT:01    #5862592-33199238
   -WARRANT
  3000.08 PC-VIOLATION OF PAROLE
   WARRANT  #REV0PH0065401

CNT:02
   -WARRANT
  314.1 PC-INDECENT EXPOSURE
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
   WARRANT  #MWV19021978
   COM: ADR-20200131 (813,4TH ST, ,E,LOS ANGELES,CA,90013)
   COM: PHOTO AVAILABLE
   COM: SCN-L34N0310006
* * * *

ARR/DET/CITE:          NAM:02  DOB:19890112
20200206  CASO SAN BERNARDINO

CNT:01    #2002340624-361273137
   -WARRANT
  314.1 PC-INDECENT EXPOSURE
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
   WARRANT  #MWV19021978

CNT:02
   -WARRANT
  3056 PC-VIOLATION OF PAROLE-FELONY
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
   WARRANT  #AL7956
   COM: ADR-20200206  TRANSIENT, , ,POMONA,CA,91766)
   COM: PHOTO AVAILABLE
   COM: SCN-998N0380004
* * * *

ARR/DET/CITE:          NAM:02  DOB:19890112
20200819  CASO SAN BERNARDINO

CNT:01    #2008341695-361273137
  594(B)(1) PC-VANDALISM

CNT:02
  148.9(A) PC-FALSE ID TO SPECIFIC PEACE OFICERS

CNT:03
  148(A)(1) PC-OBSTRUCT/ETC PUBLIC OFFICER/ETC

CNT:04
   -WARRANT
  314.1 PC-INDECENT EXPOSURE
```

West Covina Police Department

District Attorney's Office

09/15/2022 2:37:24 PM

```
User: J514          Timestamp: 9/14/22 9:36          Page 15 of 18
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
   WARRANT   #MWV19021978


CNT:05
  3056 PC-VIOLATION OF PAROLE:FELONY
   COM: ADR-20200819 (813,E 4TH PL, , ,LOS ANGELES,CA,90013)
   COM: PHOTO AVAILABLE
   COM: SCN-998N2330035
- - - -
COURT:                NAM:01
20200901   CASC ONTARIO

CNT:01    #FWV20002909
  594(A) PC-VANDALISM
 DISPO:PROC SUSP/COMM MENTALLY INCOMP 1370 PC

CNT:02
  148(A)(1) PC-OBSTRUCT/ETC PUBLIC OFFICER/ETC
 DISPO:PROC SUSP/COMM MENTALLY INCOMP 1370 PC

CNT:03
  148.9(A) PC-FALSE ID TO SPECIFIC PEACE OFICERS
 DISPO:PROC SUSP/COMM MENTALLY INCOMP 1370 PC
   COM: DCN-P2351052942036010761

20220330
 DISPO:REOPEN COMM INSANE/MENTAL INCOMP 1370 PC
* * * *

MENTAL HLTH CUS/SUPV NAM:01
20211117   CAHO ATASCADERO STATE

CNT:01    #AT073540-4
  1370 PC-MENTALLY INCOMPETENT
   COM: SCN-UK4O3210004

20220302
 DISPO:DISCHARGED
* * * *

CUSTODY:JAIL          NAM:02
20220406   CASO SAN BERNARDINO

CNT:01    #2008341695-361273137
   -1170(H)PC SENT  -WARRANT
  594(A)(2) PC-VANDALISM:DAMAGE PROPERTY
   SEN: 16 MONTHS JAIL
   COM: ADR-20220406 (813,E 4TH PL, , ,LOS ANGELES,CA,90013)
   COM: PHOTO AVAILABLE
   COM: SCN-998P1030176
* * * *

ARR/DET/CITE:         NAM:01  DOB:19890112
20220414   CASO LA INMATE RECEP CTR
```

CNT:01     #6359775-33199238
   -WARRANT
   459.5 PC-SHOPLIFTING
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
   ARR BY:CARA OTHER LOS ANGELES CO
   WARRANT   #0PC0041601
   COM: ADR-20220414 (123,TRANSIENT, , ,TRANSIENT,CA, ,)
   COM: PHOTO AVAILABLE
   COM: SCN-M18P1040001
* * * *


CUSTODY:JAIL          NAM:02
20220414  CASO LA INMATE RECEP CTR
**ENTRY NOT SUBSTANTIATED BY FINGERPRINTS


CNT:01     #6359775
   459.5 PC-SHOPLIFTING
   SEN: DAYS JAIL
****************************************************************************
**                                                                        **
**  THE ENTRIES PROVIDED BELOW ARE BASED UPON AN ARREST OR COURT          **
**  DISPOSITION REPORT.  THE SUBJECT OF THE ENTRY HAS BEEN IDENTIFIED     *
**  WITH THIS RECORD BASED UPON SOFT CRITERIA CONSISTING OF A NAME        **
**  OR NUMBER MATCH.  POSITIVE IDENTIFICATION HAS NOT BEEN MADE           **
**  BECAUSE FINGERPRINTS WERE NOT RECEIVED FOR THE ENTRIES.  USE OF       **
**  THIS INFORMATION IS THE RECEIVERS RESPONSIBILITY.                     **
**                                                                        **
****************************************************************************
* * * *


ARR/DET/CITE:         NAM:01
20041019  CAPD SAN BERNARDINO


CNT:01     #46430 04104108
   NO ARREST RECEIVED


CNT:02
   THREATEN SCHOOL/PUBLIC OFFICER/EMPLOYEE
   COM: CHRG 71 (1) PC
- - - -
COURT:              NAM:01
20050307  CAJV SAN BERNARDINO JUV


CNT:01     #108584
   71 PC-THREATEN SCHOOL/PUBLIC OFFICER/EMPLOYEE
 DISPO:DISMISSED


CNT:02
   241.6 PC-ASSAULT ON SCHOOL EMPLOYEE
 DISPO:WARDSHIP
   COM: MISD, PROB, OTHER PROGM, FINE, RSTN

 DISPO:CONDITION OF PROB-FIREARM RESTRICTION
* * * *

```
User: J514        Timestamp: 9/14/22 9:36          Page 17 of 18
ARR/DET/CITE:              NAM:02
20110626  CAPD UPLAND

CNT:01    #11177012
  NO ARREST RECEIVED

CNT:02
  490.5(A) PC-PETTY THEFT RETAIL MERCHANDISE/ETC
- - - -
COURT:                    NAM:02
20111114  CASC RANCHO CUCAMONGA

CNT:01    #MWV1103387
  490.5(A) PC-PETTY THEFT RETAIL MERCHANDISE/ETC
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE

CNT:02
  242 PC-BATTERY
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE
   COM:DCN-P1108003321136000199

20220716
 DISPO:ARREST RELIEF GRANTED PER 851.93 PC
* * * *

ARR/DET/CITE:              NAM:02
20111018  CAPD UPLAND

CNT:01    #11291017
  NO ARREST RECEIVED

CNT:02
  SEE COMMENT FOR CHARGE
   COM: CHRG 484(A)-490,5A PC
- - - -
COURT:                    NAM:02
20111114  CASC RANCHO CUCAMONGA

CNT:01    #MWV1104197
  SEE COMMENT FOR CHARGE
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE
   COM: :CHRG 484(A)-490,5A PC
   COM:DCN-P1108003321136000211
* * * *

ARR/DET/CITE:              NAM:01
20141104  CAPD POMONA

CNT:01    #4144097
  NO ARREST RECEIVED

CNT:02
  647(F) PC-DISORDERLY CONDUCT:INTOX DRUG/ALCOH
20141104
 DISPO:849(B)(2) PC-RELEASED/INTOXICATION ONLY
```

```
User: J514          Timestamp: 9/14/22 9:36               Page 18 of 18
   COM:DCN-P0620003151419000630
* * * *

ARR/DET/CITE:           NAM:03
20180203   CARA OTHER S L OBISPO CO

CNT:01     #18020055
  NO ARREST RECEIVED

CNT:02
  314.1 PC-INDECENT EXPOSURE
20180424
 DISPO:PROS REL-DET ONLY-OTHER
   COM:DCN-P2346421151840000044
* * * *

ARR/DET/CITE:           NAM:03
20180402   CARA OTHER S L OBISPO CO

CNT:01     #18040136
  NO ARREST RECEIVED

CNT:02
  314.1 PC-INDECENT EXPOSURE
20180424
 DISPO:PROS REL-DET ONLY-OTHER
   COM:DCN-P2346421151840000041
* * * *

ARR/DET/CITE:           NAM:01
20200712   CASO LA TEMPLE

CNT:01     #0
  NO ARREST RECEIVED

CNT:02
  484(A) PC-THEFT
- - - -
COURT:                 NAM:01
20220425   CASC ALHAMBRA

CNT:01     #ALH1AM0020301
  484(A) PC-THEFT
*DISPO:CONVICTED
   CONV STATUS:MISDEMEANOR
   SEN: 6 MONTHS PROBATION,24 DAYS JAIL,
        RESTN,IMP SEN SS

 DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
   COM: CONVICTION CERTIFIED BY SHERRI R  CARTER,EXECUTIVE
        OFFICER CLERK,CASCALHAMBRA
   COM:DCN-P2322341222219000016
      *    *    *    END OF MESSAGE    *    *    *
```

West Covina Police Department

District Attorney's Office

4699/15/2022 12:37:24 PM

```
User: J514          Timestamp: 9/14/22 9:35                    Page 1 of 1


CL45CZI04IH
RE:QHA.CA0197500.NAM/KITILYA,RAYM       DATE:20220914 TIME:09:35:57
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:J514 DR226599


RECORD #              NAM                DOB    S R HGT EYE HAI TYP    Match
A28418480 KITILYA,RAYMOND JUSTO       19890112 M B 507 BLK BLK
290113698 KITILYA,RAYMOND JUSTO       19891012 M B 507 XXX BLK DSP


***************************************************
*****  DSP:  NON-FINGERPRINT SUPPORTED RECORD *****
***************************************************
   *   *   *   *   *   *   END OF MESSAGE   *   *   *   *   *   *   *
```

West Covina Police Department
District Attorney's Office
4699/15/2022 12:37:24 PM

User: J514          Timestamp: 9/14/22 9:33                    Page 1 of 1

CL40CZI04IN

DATE:09-14-22*TIME:09:33*

MATCHED ON:*L/N*F/N* MI* BD

DMV RECORD FOR LAW ENFORCEMENT USE ONLY

DL/NO:E1834378*B/D:01-12-1989*NAME:KITILYA RAYMOND JUSTO*
MAIL ADDR AS OF 08-23-19:813 E 4TH PL LOS ANGELES 90013*
OTH/ADDR AS OF 09-01-11:580 W MONTEREY AVE GEN DELIVERY POMONA *
AKA:KITILYA RAYMOND*
AKA:KITRYA RAYMOND JUSTO*

IDENTIFYING INFORMATION:

SEX:MALE*HAIR:BLACK*EYES:BLK*HT:5-06*WT:180*

ID CARD MLD:09-02-19*EXPIRES:01-12-25*BATES:LIS*

LIC/ISS:05-15-08*EXPIRES:01-12-13*RBMS*CLASS:C NON-COMMERCIAL*
ENDORSEMENTS:NONE*
ORIGINAL DL ISSUE DATE:05-15-08*

LATEST APP:


DL TYPE:ID CARD*ISS/DATE: 08-23-19*OFFICE: POM*

LICENSE STATUS:
  EXPIRED*

DEPARTMENTAL ACTIONS:

NONE

CONVICTIONS:
NONE

FAILURES TO APPEAR:
NONE

ACCIDENTS:
NONE

END

```
User: J514          Timestamp: 9/14/22 9:33                    Page 1 of 1


CL42CZI04IQ

RE: CA0197500.FQA.NAM/KITILYA,RAYMOND J.DOB/19890112.RTE/J514 DR226599
DATE: 2022-09-14 TIME: 09:33:21


MENTAL HEALTH FIREARMS PROHIBITION SYSTEM
**********************************************************************
          ACCESS TO THIS DATABASE FOR ANY PURPOSE OTHER
          THAN A CRIMINAL INVESTIGATION INVOLVING THE
          ACQUISITION, CARRYING, OR POSSESSION OF
          FIREARMS IS UNAUTHORIZED AND PROHIBITED BY LAW

               NAME SEARCH REVEALS:
*** POSSIBLE MATCH ON THE FOLLOWING MENTAL HEALTH FIREARMS PROHIBITED
SUBJECTS ***
**********************************************************************
RECORD NUM       NAM                          DOB        S X HGT TYP
1862104900729    KITILYA,RAYMOND              19890112   M B 507 S
1862104900727    KITILYA,RAYMOND              19890112   M B 507 S
1861909900979    KITILYA,RAYMOND              19890112   M B 506 S
1861909900977    KITILYA,RAYMOND              19890112   M B 506 S
* * * RETURNED 4 OF 4 MATCHED RECORDS * * *
**********************************************************************
INITIATE A FQP INQUIRY BY RECORD NUMBER FOR ADDITIONAL INFORMATION
          DO NOT ARREST BASED SOLELY ON THIS RESPONSE

          *    *    *    END OF MESSAGE    *    *    *
```

Match

```
User: J514          Timestamp: 9/14/22 9:33                    Page 1 of 1

CL3ZCZI04IR
CA0197500   RE: QVC.CA0197500.NAM/KITILYA,RAYMOND J.RAC/B.SEX/M.D
NO MATCH NAM FIELD
NO SUPERVISED RELEASE RECORDS

CHECKING NCIC
********* END OF SUPERVISED RELEASE FILE MESSAGE *********
```

```
CL3WCZI04IB
8YYX.CA0197500
RE: QRR.CA0197500.NAM/KITILYA,RAYMOND J.SEX/M.DOB/19890112.R
NO MATCH NAM FIELD
NO RESTRAINING ORDERS
********** END OF CARPOS MESSAGE **********
```

```
User: J514         Timestamp: 9/14/22 9:33                Page 1 of 1

CL41CZI04IM
MPS INQUIRY
MISSING PERSON
DATE:2022-09-14   TIME:09:33:21
RE:QM.CA0197500.KITILYA,RAYMOND J.M.DOB/198

*** NO MATCH ON NAM FIELD ***
*** CHECKING NCIC ***
**********  END OF MPS MESSAGE  **********
```

West Covina Police Department
District Attorney's Office
4699/15/2022 12:37:24 PM

CL3WCZI04IJ
CA0197500

NO NCIC WANT NAM/KITILYA,RAYM0ND J D0B/19890112 RAC/B SEX/M
***MESSAGE KEY QWA SEARCHES ALL NCIC PERSONS FILES WITHOUT LIMITATIONS.



```
User: J514          Timestamp: 9/14/22 9:33              Page 1 of 1

CL3WCZI04IW
CA0197500  RE: QW.CA0197500.NAM/KITILYA,RAYMO
NO MATCH NAM FIELD
NO WANTS
INQUIRY MADE TO RESTRAINING ORDER SYSTEM
CHECKING NCIC
********** END OF WPS MESSAGE **********
```

```
User: J514          Timestamp: 9/14/22 9:33                Page 1 of 1

CL3YCZI04IX
CA0197500 RE: QSA.CA0197500.KITILYA,RAYMOND J.M.RAC/B.DOB/19890112
NAME FIELD SEARCH REVEALS:
** NO HITS ON SEX/ARSON REGISTRATION **
******************** END OF CSAR MESSAGE ********************
```

User: J514          Timestamp: 9/14/22 9:33                Page 1 of 1

JC3XCZI0ISTPSCTJ* *1IW *INFO* -  KITILYA RAYMOND J    NO HIT





